**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:     (310) 819-3470

*Counsel for Proposed Lead Plaintiff Oklahoma Firefighters Pension and Retirement System and Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GLAZING EMPLOYERS AND GLAZIERS' UNION LOCAL #27 PENSION AND RETIREMENT FUND, on behalf of itself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>IRHYTHM TECHNOLOGIES, INC., QUENTIN BLACKFORD, BRICE BOBZIEN, and DOUGLAS DEVINE,<br><br>  Defendants. | Case No. 3:24-cv-00706-JSC<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION OF OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: May 16, 2024<br>Time: 10:00 a.m.<br>Dept.: Courtroom 8, 19th Floor<br>Judge: Hon. Jacqueline Scott Corley |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

NOTICE OF MOTION AND MOTION ............................................................................... 1

STATEMENT OF ISSUES .................................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 2

I. PRELIMINARY STATEMENT ................................................................................. 2

II. SUMMARY OF THE ACTION .................................................................................. 4

III. ARGUMENT ................................................................................................................ 7

    A. Oklahoma Firefighters Is The Most Adequate Plaintiff ................................................................................................ 7

        1. Oklahoma Firefighters' Motion Is Timely ....................................... 7

        2. Oklahoma Firefighters Has The Largest Financial Interest In The Relief Sought By The Class ................................................................................................ 8

        3. Oklahoma Firefighters Satisfies The Requirements Of Rule 23 ................................................................................................ 8

    B. The Court Should Approve Oklahoma Firefighters' Selection of Lead Counsel ........................................................................ 10

IV. CONCLUSION ........................................................................................................... 12

**TABLE OF AUTHORITIES**

**CASES** PAGE(S)

*Ali v. Intel Corp.*,
  2018 WL 2412111 (N.D. Cal. May 29, 2018) ........................................................................... 8

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ............................................................................................. 7, 10

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
  2013 WL 2368059 (N.D. Cal. May 29, 2013) ........................................................................ 9

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) ................................................................................................ 11

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018) .............................................................................. 8, 9

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
  2021 WL 1540996 (N.D. Cal. Apr. 20, 2021) ...................................................................... 12

*Shenwick v. Twitter, Inc.*,
  2016 WL 10672428 (N.D. Cal. Dec. 22, 2016) .................................................................... 10

**STATUTES**

15 U.S.C. § 78u-4 *et seq.* ................................................................................................. *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4) ......................................................................................................... 9

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995) .................... 10

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at 10:00 a.m. on May 16, 2024, or on a date and at a time set by the Court, before the Honorable Jacqueline Scott Corley at the United States District Court for the Northern District of California, located at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 8, 19th Floor, San Francisco, California, Oklahoma Firefighters Pension and Retirement System ("Oklahoma Firefighters") will respectfully move this Court for the entry of an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) appointing Oklahoma Firefighters as Lead Plaintiff in the above-captioned securities class action; (2) approving Oklahoma Firefighters' selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the Class; and (3) granting any such further relief as the Court may deem just and proper.

This Motion is made on the grounds that Oklahoma Firefighters believes it is the "most adequate plaintiff" under the PSLRA and is therefore entitled to be appointed Lead Plaintiff. Specifically, Oklahoma Firefighters believes that it has the "largest financial interest" in the relief sought by the Class in this action by virtue of, among other things, the substantial losses that it incurred on its investments in the common stock of iRhythm Technologies, Inc. ("iRhythm" or the "Company") between January 11, 2022, and May 30, 2023, inclusive (the "Class Period"). Oklahoma Firefighters also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because its claims are typical of other Class members' claims and because it will fairly and adequately represent the interests of the Class.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Jonathan D. Uslaner filed herewith (the "Uslaner Decl."), the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, Oklahoma Firefighters respectfully requests that the Court: (1) appoint it as Lead Plaintiff in this action pursuant to the PSLRA; (2) approve its selection of Bernstein

Litowitz to serve as Lead Counsel for the Class; and (3) grant any such further relief as the Court may deem just and proper.

**STATEMENT OF ISSUES**

1. Whether Oklahoma Firefighters is the "most adequate plaintiff" pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i).

2. Whether to approve Oklahoma Firefighters' selection of counsel, Bernstein Litowitz, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    PRELIMINARY STATEMENT**

On February 6, 2024, Glazing Employers and Glaziers' Union Local #27 Pension and Retirement Fund ("Glaziers' Union Local #27"), through its counsel, Bernstein Litowitz, filed the above-captioned securities class action on behalf of investors that purchased or otherwise acquired iRhythm common stock during the Class Period. This action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against iRhythm and certain of the Company's current and former senior executives (collectively, "Defendants"). Specifically, the action alleges that, throughout the Class Period, Defendants made material misrepresentations to investors concerning the purported capabilities of iRhythm's wireless wearable heart monitoring device, the Zio AT, to provide "real-time" notifications of arrhythmic events to high-risk patients, and its potential for significant growth in the market. iRhythm investors, including Oklahoma Firefighters, incurred significant losses when a series of disclosures revealed that the Company's Zio AT device lacked the capabilities and regulatory approval required to provide real-time heart monitoring for high-risk patients that Defendants had claimed.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a presumption that the "most adequate plaintiff" is the movant that has the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that it meets the typicality and adequacy requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Oklahoma Firefighters is

the "most adequate plaintiff" by virtue of, among other things, the approximately $582,000 in losses it incurred on its purchases of 25,185 shares of iRhythm common stock during the Class Period.[1]

In addition to asserting a substantial financial interest, Oklahoma Firefighters satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the Class, and it will fairly and adequately represent the interests of the Class. Indeed, Oklahoma Firefighters—a public pension fund that oversees more than $3.5 billion in assets—is the paradigmatic investor that Congress intended to serve as lead plaintiff under the PSLRA because it is a sophisticated institutional investor with a substantial financial interest in the litigation. The appointment of Oklahoma Firefighters would fulfill this critical legislative purpose. Further, Oklahoma Firefighters has extensive experience supervising the work of outside counsel in securities litigation, including proposed Lead Counsel, Bernstein Litowitz. Based on its prior experience serving as a lead plaintiff in other securities class actions, Oklahoma Firefighters fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action. Accordingly, Oklahoma Firefighters has both the incentive and ability to supervise and monitor counsel.

Oklahoma Firefighters has also demonstrated its adequacy through its selection of Bernstein Litowitz to serve as Lead Counsel for the Class. Bernstein Litowitz is a nationally recognized securities litigation firm that has recovered more than $40 billion for defrauded investors, and is eminently qualified to prosecute this case. Accordingly, the Court should approve Oklahoma Firefighters' selection of Bernstein Litowitz as Lead Counsel.

Based on Oklahoma Firefighters' significant financial interest in the outcome of this action, and its ability to oversee counsel, Oklahoma Firefighters respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its Motion.

---

[1] Oklahoma Firefighters' PSLRA-required Certification is provided as Exhibit A to the Uslaner Decl. In addition, a chart providing calculations of Oklahoma Firefighters' losses is provided as Exhibit B to the Uslaner Decl. All internal citations and quotations are omitted unless otherwise noted.

## II. SUMMARY OF THE ACTION

iRhythm is a digital healthcare company that develops and manufactures heart monitoring devices designed to diagnose abnormalities in the timing or pattern of a patient's heartbeat, known as arrhythmias. One of the Company's two main products is the Zio AT, a wireless wearable heart monitor patch with a transmittal device that reports arrhythmic events to iRhythm's monitoring labs, which then notifies the patient's prescribing physician of the arrhythmic event. The Zio AT, which the Company developed in 2017, offers the full benefits of iRhythm's legacy heart monitoring device, the Zio XT. The Zio XT provides patients with cardiac monitoring for up to 14 days, but is intended for non-critical patients, as it does not provide real-time reporting.

The Zio AT, however, purportedly offers "the addition of real-time data transmission and notification of actionable events." The Company claimed that this functionality would allow physicians to diagnose high-risk arrhythmic events in "near real-time." Given its purported capabilities to provide real-time notifications of arrhythmic events, iRhythm marketed the device to patients at high-risk for arrythmias. The purported "real-time" monitoring capabilities of the Zio AT would enable iRhythm to charge customers a significant premium for the device relative to devices that do not provide real-time notifications and are intended for non-critical patients, like the Company's legacy product, the Zio XT. Indeed, in 2022, iRhythm reported that it billed the Zio AT at an average rate of $1,150 per device, whereas the Company billed the Zio XT at an average rate of just $250 per device. Accordingly, iRhythm portrayed the Zio AT as a significant driver of the Company's future revenue growth.

The action alleges that, throughout the Class Period, Defendants made material misrepresentations to investors concerning the purported capabilities of iRhythm's Zio AT heart monitoring device and its potential for significant growth in the market. Specifically, throughout the Class Period, Defendants represented to investors that the Zio AT is a real-time heart monitoring device intended for use by high-risk patients. Defendants also repeatedly touted the potential growth for the Zio AT as an innovative product that was poised to capture a significant share of the market for real-time heart monitoring, which investors viewed favorably given the premium selling price associated with devices approved for high-risk patients. These

misrepresentations caused shares of iRhythm common stock to trade at artificially inflated prices throughout the Class Period.

In truth, iRhythm's Zio AT device had not been approved by the U.S. Food and Drug Administration (the "FDA") for use by high-risk patients and, as such, the Company failed to comply with the FDA's labeling regulations and prohibitions against the promotion of products for uncleared, unapproved, or off-label uses. Moreover, the Zio AT suffered from critical flaws, including significant transmission limitations, which prevented the device from providing real-time alerts. As a result, Defendants' statements concerning iRhythm's business and prospects lacked a reasonable factual basis.

The truth was revealed through a series of disclosures beginning on November 1, 2022, after the market closed, when iRhythm reduced its guidance for the fourth quarter and full year 2022 due, in part, to a decrease in "Zio AT utilization" that will "persist[] into the fourth quarter." The Company explained that it reduced its revenue outlook for 2022, in part, because it had "voluntarily issued a Customer Advisory Notice to [its] Zio AT customers" and "ha[s] seen reduced growth with Zio AT within the fourth quarter-to-date." While iRhythm did not expand upon the reasons for the Customer Advisory Notice, the Company significantly reduced its forecast for Zio AT revenue growth in the fourth quarter to approximately 20%, more than half the over 40% growth during the first nine months of 2022. As a result of these disclosures, the price of iRhythm stock declined by $19.67, or 15.5%, over the next two trading days, from a closing price of $126.77 per share on November 1, 2022, to a closing price of $107.10 per share on November 3, 2022.

On November 4, 2022, after the market closed, the Company revealed additional details regarding the Customer Advisory Notice. Specifically, iRhythm disclosed that it initiated the Customer Advisory Notice on September 28, 2022, following issues raised by the FDA during an inspection that culminated in the FDA issuing a Form 483 inspection observation report, which is when an FDA investigator observes conditions that constitute violations of the Food, Drug, and Cosmetic Act and related federal statutes. The Customer Advisory Notice warned patients of a "labeling correction" related to "the [Zio AT]'s maximum transmission limits during wear," as

well as other critical issues that prevent the device from working as advertised. As a result of these disclosures, the price of iRhythm stock declined by $2.43 per share, or approximately 2.4%, from a closing price of $102.87 per share on November 4, 2022, to a closing price of $100.44 per share on November 7, 2022. However, iRhythm sought to assuage investors' concerns and continued to tout the Zio AT's growth prospects.

Then, on May 4, 2023, after the market closed, iRhythm revealed that a month earlier, on April 4, 2023, the Company received a subpoena from the Civil Division of the U.S. Department of Justice (the "DOJ"), requesting the production of documents related to certain of iRhythm's products and services. While the Company did not provide additional details about the scope of the DOJ's requests, analysts inferred that the DOJ inquiry was likely related to the Zio AT. As a result of these disclosures, the price of iRhythm stock declined by $9.25 per share, or 6.9%, from a closing price of $134.04 per share on May 4, 2023, to a closing price of $124.79 per share on May 5, 2023.

Weeks later, on May 30, 2023, after the market closed, iRhythm disclosed that it had received a warning letter from the FDA (the "Warning Letter"), which addressed a series of deficiencies tied to the capabilities and iRhythm's marketing of the Zio AT as well as the Company's violations of FDA regulations. The FDA noted that the Zio AT is only approved for "long-term monitoring of arrhythmia events for non-critical care patients where real-time monitoring is not needed." As a result, the FDA concluded that iRhythm had falsely marketed the Zio AT as approved for use by high-risk patients that require real-time cardiac monitoring. The Warning Letter further revealed that, since 2017, iRhythm knew that the Zio AT suffered from critical flaws, yet never disclosed those issues to patients, physicians, or the FDA. Indeed, the FDA found that significant transmission limitations prevented the Zio AT from functioning as a heart monitor intended for high-risk patients, stating that "[w]hen the transmission limit is exceeded" the Zio AT "is not remotely capable of delivering near-real time monitoring for high-risk patients." The Warning Letter also highlighted that iRhythm failed to report to the FDA certain adverse events related to the Zio AT in violation of FDA regulations. As a result of these disclosures, the price of iRhythm stock declined by $7.41 per share, or approximately 6.1%, from

a closing price of $121.68 per share on May 30, 2023, to a closing price of $114.27 per share on May 31, 2023.

## III. ARGUMENT

### A. Oklahoma Firefighters Is The Most Adequate Plaintiff

Oklahoma Firefighters respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) ("The [PSLRA] provides a simple . . . process for identifying the lead plaintiff pursuant to these criteria."). As set forth below, Oklahoma Firefighters believes it is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

#### 1. Oklahoma Firefighters' Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). On February 6, 2024, Glaziers' Union Local #27 filed the above-captioned securities class action in this District, asserting claims for violations of Sections 10(b) and 20(a) of the Exchange Act against Defendants. That same day, counsel for Glaziers' Union Local #27, Bernstein Litowitz, published a notice on *Business Wire* alerting investors to the pendency of the action and informing them of the 60-day deadline to seek appointment as Lead Plaintiff, which is April 8, 2024.[2] *See* ECF No. 9-1. Accordingly, Oklahoma Firefighters' motion is timely.

---

[2] The expiration of the 60-day deadline fell on Saturday, April 6, 2024. Accordingly, the appropriate deadline to seek appointment as Lead Plaintiff was extended until the next business day, which is Monday, April 8, 2024.

### 2. Oklahoma Firefighters Has The Largest Financial Interest In The Relief Sought By The Class

Oklahoma Firefighters should be appointed Lead Plaintiff because it has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Oklahoma Firefighters incurred losses of approximately $582,000 on its Class Period purchases of 25,185 shares of iRhythm common stock. *See* Uslaner Decl., Exs. A & B. To the best of Oklahoma Firefighters' knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation. Accordingly, Oklahoma Firefighters has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3. Oklahoma Firefighters Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as lead plaintiff, a movant "need only make a prima facie showing of its typicality and adequacy." *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018). As detailed below, Oklahoma Firefighters satisfies these requirements.

Oklahoma Firefighters' claims are typical of the claims of other Class members. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* at 1061; *see also Ali v. Intel Corp.*, 2018 WL 2412111, at *3 (N.D. Cal. May 29, 2018) (typicality satisfied where proposed lead plaintiff's "claims arise out of the same events and are based on the same legal theories as the claims of other class members"). Oklahoma Firefighters and all other Class members suffered the same injuries, their claims arise from the same course of events, and their legal arguments to prove Defendants' liability are nearly identical. Like all other Class members, Oklahoma Firefighters (1) purchased iRhythm common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was harmed

when the truth was revealed. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when proposed lead plaintiff "purchased [company's] common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and alleged[ly] suffered damages as a result"). Accordingly, Oklahoma Firefighters satisfies Rule 23's typicality requirement.

Oklahoma Firefighters likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The test for adequacy is whether the class representative and [its] counsel have any conflicts of interest with other class members and whether the class representative and [its] counsel will prosecute the action vigorously on behalf of the class." *Super Micro Comput.*, 317 F. Supp. 3d at 1061. Oklahoma Firefighters satisfies these elements because its substantial financial stake in the litigation provides it with the incentive to vigorously represent the Class's claims. Oklahoma Firefighters' interests are aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Oklahoma Firefighters and other members of the Class.

Further, Oklahoma Firefighters has extensive experience serving as a lead plaintiff in securities class actions and supervising the work of outside counsel, including proposed Lead Counsel, Bernstein Litowitz. Based on this prior experience, Oklahoma Firefighters fully understands the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel, and has submitted a sworn Certification attesting to its willingness, commitment, and ability to fulfill those duties. *See* Uslaner Decl., Ex. A. Oklahoma Firefighters has repeatedly demonstrated its ability and expertise in serving as an extraordinarily qualified and effective advocate on behalf of investors in securities class actions, including by prosecuting numerous securities class actions as a lead plaintiff, which have resulted in substantial recoveries for investors. *See, e.g., Wyatt v. El Paso Corp.*, No. 02-cv-2717 (S.D. Tex.) (recovering $285 million with Bernstein Litowitz as co-lead counsel); *In re Novo Nordisk Sec. Litig.*, No. 17-cv-209 (D.N.J.) (recovering $100 million with Bernstein Litowitz as co-lead counsel);

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
CASE NO. 3:24-cv-00706-JSC                                                                                 9

*Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, No. 08-cv-6324 (D. Minn.) (recovering $85 million with Bernstein Litowitz as co-lead counsel); *Logan v. ProPetro Holding Corp.*, No. 19-cv-217 (W.D. Tex.) (recovering $30 million with Bernstein Litowitz as co-lead counsel); *In re Tower Grp. Int'l, Ltd. Sec. Litig.*, No. 13-cv-5852 (S.D.N.Y.) (recovering $20.5 million with Bernstein Litowitz as co-lead counsel).

In addition, Oklahoma Firefighters—a public pension fund that manages more than $3.5 billion in assets for the benefit of its members and their beneficiaries—is precisely the type of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA. *See Shenwick v. Twitter, Inc.*, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016) ("Congress intended that the lead plaintiff provision would encourage institutional investors to take a more active role in securities class action lawsuits."); H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because such investors are more apt to effectively manage complex securities litigation. *See* H.R. Conf. Rep. No. 104-369, at *34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34. Oklahoma Firefighters is well suited to fulfill this Congressional intent.

Oklahoma Firefighters has further demonstrated its adequacy through its selection of Bernstein Litowitz to serve as Lead Counsel to represent the Class in this action. As discussed below, Bernstein Litowitz is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated its ability to conduct complex securities class action litigation effectively. Accordingly, Oklahoma Firefighters satisfies Rule 23's adequacy requirement.

### B. The Court Should Approve Oklahoma Firefighters' Selection of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Cavanaugh*, 306 F.3d at 733 n.11 ("Congress gave the lead plaintiff, and not the court, the power to select a lawyer for

the class."). The lead plaintiff's choice of counsel should not be disturbed unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

Oklahoma Firefighters has selected Bernstein Litowitz to serve as Lead Counsel for the Class. As detailed in its firm résumé, Bernstein Litowitz is among the preeminent securities class action law firms in the country and has extensive experience serving as lead counsel in securities class actions, including in this District. *See* Uslaner Decl., Ex. C (Bernstein Litowitz's Firm Résumé). For example, Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling over $6 billion—one of the largest recoveries in securities class action history—were obtained for the class. Bernstein Litowitz also secured a $2.425 billion recovery for the class in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), a $1.06 billion recovery for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), and a $1 billion recovery for the class in *In re Wells Fargo & Company Securities Litigation*, No. 20-cv-4494 (S.D.N.Y.).

Significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re McKesson HBOC, Inc. Securities Litigation*, No. 99-cv-20743 (N.D. Cal.) (recovering $1.05 billion for investors, the largest recovery ever in a securities class action in this District); *Hefler v. Wells Fargo & Company*, No. 16-cv-5479 (N.D. Cal.) (recovering $480 million for investors); *In re 3Com Corp. Securities Litigation*, No. 97-cv-21083 (N.D. Cal.) (recovering $259 million for investors); *In re Maxim Integrated Products, Inc. Securities Litigation*, No. 08-cv-832 (N.D. Cal.) (recovering $173 million for investors); *In re Wells Fargo Mortgage-Backed Certificates Litigation*, No. 09-cv-1376 (N.D. Cal.) (recovering $125 million for investors); *In re RH, Inc. Securities Litigation*, No. 17-cv-554 (N.D. Cal.) (recovering $50 million for investors); and *In re Clarent Corp. Securities Litigation*, No. 01-cv-3361 (N.D. Cal.) (conducting a four-week trial and obtaining a favorable

1  jury verdict finding the CEO and former auditor of the defendant company liable, leading to a
2  recovery of millions of dollars for investors).[3]
3  Thus, the Court may be assured that by granting this Motion, the Class will receive the
4  highest caliber of legal representation. Accordingly, the Court should approve Oklahoma
5  Firefighters' selection of Bernstein Litowitz as Lead Counsel for the Class.

## IV. CONCLUSION

For the reasons discussed above, Oklahoma Firefighters respectfully requests that the Court: (1) appoint it as Lead Plaintiff; (2) approve its selection of Bernstein Litowitz as Lead Counsel for the Class; and (3) grant any such further relief as the Court may deem just and proper.

Dated: April 8, 2024                          Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**

*/s/ Jonathan D. Uslaner*
JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel:   (310) 819-3470

-and-

AVI JOSEFSON
(avi@blbglaw.com)
KATHERINE M. SINDERSON
(katiem@blbglaw.com)
SCOTT R. FOGLIETTA

---

[3] Bernstein Litowitz brings to the Court's attention an order issued by a different court in this District, in an unrelated action against Symantec Corporation, in which Bernstein Litowitz served as lead counsel. *See SEB Inv. Mgmt. AB v. Symantec Corp.*, 2021 WL 1540996, at *1 (N.D. Cal. Apr. 20, 2021) (Uslaner Decl., Ex. D). In *Symantec*, counsel for an unsuccessful lead plaintiff movant raised questions about Bernstein Litowitz's hiring of a former employee of the lead plaintiff. Following discovery and extensive briefing, the *Symantec* court allowed Bernstein Litowitz to continue as class counsel, but directed Bernstein Litowitz to bring the order to the attention of any court when seeking appointment as class counsel. *See id.* at *1-2. Oklahoma Firefighters is aware of the order, and affirms its selection of Bernstein Litowitz as proposed Lead Counsel. Importantly, the *Symantec* court granted final approval of a $70 million settlement achieved by Bernstein Litowitz. In addition, courts throughout the country have repeatedly appointed Bernstein Litowitz as lead or class counsel in securities class actions after being apprised of the *Symantec* order. *See* Uslaner Decl., Ex. E (collecting cases).

(scott.foglietta@blbglaw.com)
1251 Avenue of the Americas
New York, NY 10020
Tel:    (212) 554-1400
Fax:    (212) 554-1444

*Counsel for Proposed Lead Plaintiff Oklahoma Firefighters Pension and Retirement System and Proposed Lead Counsel for the Class*