UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLAZING EMPLOYERS AND GLAZIERS UNION LOCAL #27 PENSION AND RETIREMENT FUND,<br><br>Plaintiff,<br><br>v.<br><br>IRHYTHM TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No.  24-cv-00706-JSC<br><br>**ORDER RE: MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Re: Dkt. No. 15 |

Plaintiff Glazing Employers and Glaziers' Union Local #27 Pension and Retirement Fund brings this putative securities class action against Defendant iRhythm Technologies, Inc. (iRhythm) for making materially false and misleading statements and omissions to artificially inflate the price of iRhythm stock in violation of the Securities Exchange Act.  (Dkt. No. 1.)[1] Before the Court is Oklahoma Firefighters Pension and Retirement System's unopposed motion for appointment as lead plaintiff and approval of its selection of lead counsel.  (Dkt. No. 15.) Having carefully considered the briefing, the Court concludes oral argument is unnecessary, *see* Civ. L. R. 7-1(b), and GRANTS the unopposed motion.  The Oklahoma Firefighters Pension and Retirement System has demonstrated the largest financial interest in the litigation and made a *prima facie* showing it is an adequate class representative.

## DISCUSSION

Plaintiff alleges two claims against iRhythm under §§ 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5.  (Dkt. No. 1 ¶¶ 10, 67-77.)  Oklahoma Firefighters Pension and Retirement System (Oklahoma Firefighters) seek appointment as lead

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

plaintiff pursuant to § 78u-4(a)(3)(B)(i) and approval of their selection of counsel pursuant to § 78u-4(a)(3)(B)(v).

### I. Appointment as Lead Plaintiff

The Court must appoint "as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The Exchange Act presumes "the most adequate plaintiff" is the individual who (1) "has either filed the complaint or made a motion in response to a notice"; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I). This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—" (1) "will not fairly and adequately protect the interests of the class; or" (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

Oklahoma Firefighters filed a timely "motion in response to a notice" for appointment as lead plaintiff, thereby satisfying the first element of the § 78u-4(a)(3)(B)(iii)(I) presumption. (Dkt. No. 15.) No competing motions were filed. (Dkt. No. 21.)

The second element of the presumption is to be the plaintiff "who has the greatest financial stake in the outcome of the case." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). Oklahoma Firefighters incurred losses amounting to $581,886.76 on its purchases of 25,185 shares of iRhythm common stock from January 11, 2022, to May 30, 2023. (Dkt. Nos. 1 ¶ 1, 15-2, 15-3.) No other party has come forward to assert a larger stake. So, Oklahoma Firefighters has satisfied the second element by showing the greatest financial stake in the outcome of this case.

The final element of the presumption is to "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure," which demands "a prima facie showing of adequacy and typicality." *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021). "Courts determine whether a plaintiff will adequately represent a class by answering two questions: (1) do the movant and its 'counsel have any conflicts of interest with other class members' and (2) will the movant and its 'counsel

prosecute the action vigorously on behalf of the class?'" *Id.* at 899-900 (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)). "At this step, the process is not adversarial, so the Rule 23 determination should be based on only the movant's pleadings and declarations." *Id.* at 899. Oklahoma Firefighters's "pleadings and declarations" establish Oklahoma Firefighters's "interests are aligned with those of the other Class members and are not antagonistic in any way" and "its substantial financial stake in the litigation provides it with the incentive to vigorously represent the Class's claims." (Dkt. No. 15 at 12.) So, Oklahoma Firefighters has fulfilled Rule 23's adequacy requirement.

As to Rule 23's typicality requirement, "[t]he test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1061 (N.D. Cal. 2018). According to Oklahoma Firefighters, "[l]ike all other Class members, Oklahoma Firefighters (1) purchased iRhythm common stock during the Class Period, (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was harmed when the truth was revealed." (Dkt. No. 15 at 11-12.) Because "Oklahoma Firefighters and all other Class members suffered the same injuries, their claims arise from the same course of events, and their legal arguments to prove Defendants' liability are nearly identical", Oklahoma Firefighters has fulfilled Rule 23's typicality requirement. (*Id.*); *see Ali v. Intel Corp.*, No. 18-CV-00507-YGR, 2018 WL 2412111, at *3 (N.D. Cal. May 29, 2018) (finding typicality satisfied when "claims arise out of the same events and are based on the same legal theories as the claims of other class members."); *see also City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality when, "like all other members of the purported class, the Retirement System purchased Align common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and alleged[ly] suffered damages as a result."). So, Oklahoma Firefighters has satisfied the presumption's third element.

Because Oklahoma Firefighters satisfies all three elements of § 78u-4(a)(3)(B)(iii)(I)'s

3

presumption and no other party has presented proof to show otherwise, Oklahoma Firefighters is presumed the most adequate plaintiff. Accordingly, the Court APPOINTS Oklahoma Firefighters as class representative.

## II. Approval of Selection of Counsel

Oklahoma Firefighters selected Bernstein Litowitz to serve as lead counsel for the class. (Dkt. Nos. 15 at 14, 15-4.) "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009). Accordingly, the Court APPOINTS Bernstein Litowitz as lead counsel. Lead counsel shall have the following responsibilities and duties on behalf of lead plaintiff and the putative class:

(a) preparing and filing all pleadings;

(b) briefing and arguing any and all motions;

(c) conducting any and all discovery proceedings including depositions;

(d) settlement negotiations;

(e) pretrial discovery proceedings and the preparation for trial and the trial of this matter; and

(f) the supervision of all other matters concerning the prosecution or resolution of the consolidated action.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Oklahoma Firefighters's motion for appointment of lead plaintiff and approval of its selection of lead counsel. The parties shall meet and confer as required by Docket No. 14.

This Order disposes of Docket No. 15.

**IT IS SO ORDERED.**

Dated: May 15, 2024

JACQUELINE SCOTT CORLEY
United States District Judge