QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
Kristin Tahler (Bar No. 261908)
kristintahler@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Christopher Porter (*pro hac vice* to be filed)
chrisporter@quinnemanuel.com
700 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: (713) 221-7000

Jesse Bernstein (*pro hac vice* to be filed)
Brenna Nelinson (*pro hac vice* to be filed)
Amy Shehan (*pro hac vice* to be filed)
jessebernstein@quinnemanuel.com
brennanelinson@quinnemanuel.com
amyshehan@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GLAZING EMPLOYERS AND GLAZIERS' UNION LOCAL #27 PENSION AND RETIREMENT FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IRHYTHM TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 3:24-cv-706-JSC<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: April 10, 2025<br>Time: 10:00 a.m.<br>Location: Courtroom 8, 19th Floor<br>Before: Hon. Jacqueline Scott Corley |

Defendants iRhythm Technologies, Inc. ("iRhythm"), Quentin Blackford, Brice Bobzien, Douglas Devine, Chad Patterson, Mark Day, and Mintu Turakhia (collectively, "Defendants") respectfully request that the Court take judicial notice of the exhibits identified below and the Wayback Machine link in footnote 3 of Defendants' Motion to Dismiss ("Motion"). All exhibits are attached to the Declaration of Kristin Tahler filed concurrently herewith.

The Court should take judicial notice of and consider the contents of Exhibits A through T described below and the Wayback Machine link in footnote 3 of the Motion because each may be properly considered by the Court, and each provides the Court with important context to assess whether Plaintiff has adequately alleged a securities fraud claim. In resolving a Rule 12(b)(6) motion to dismiss in a securities fraud action, "courts must consider the complaint in its entirety," including (1) "documents incorporated into the complaint by reference," and (2) "matters of which a court may take judicial notice." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)); *see also Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017). Consideration of these documents is appropriate on a motion to dismiss. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1230 (C.D. Cal. 2015) (at motion to dismiss phase, "[t]he court is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint' or proper subjects of judicial notice" (quoting *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998))). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). As detailed below, these exhibits and the link in footnote 3 of the Motion either have been incorporated by reference into Plaintiff's Second Amended Complaint (the "SAC," Dkt. 43) or are otherwise proper subjects of judicial notice under Federal Rule of Evidence 201.

***Documents Incorporated by Reference:*** The Court may consider the contents of Exhibits B, C, E, F, G, H, I, L, M, O, P, Q, S, and T because each of these documents is incorporated by reference in the SAC. The Court may "consider evidence on which the complaint 'necessarily relies' if: (1) the complaint

refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

The SAC relies on the contents of these exhibits, and Plaintiff references these documents extensively to plead its securities fraud claims. *First*, Plaintiff expressly relies on several of iRhythm's SEC filings, including: (1) iRhythm's May 30, 2023 Form 8-K (Ex. I), ¶ 137[1]; (2) iRhythm's 2022 Form 10-K (Ex. E), ¶¶ 59, 192, 211; (3) iRhythm's 2021 Q3 Form 10-Q (Ex. L), ¶¶ 179, 203, 213;[2] (4) iRhythm's 2022 Form 10-Qs (Exs. G, M, P), ¶¶ 129, 183-84, 190, 205, 216; and (5) iRhythm's 2023 Q1 Form 10-Q (Ex. H), ¶ 134. *Second*, Plaintiff extensively relies on several other documents to plead its claims:

- iRhythm's September 1, 2022 response (Ex. B) to the August 12, 2022 Form 483 Observations issued by the U.S. Food and Drug Administration ("FDA") to iRhythm. *E.g.*, ¶¶ 10, 108-11, 158, 160, 166.
- iRhythm's Customer Advisory Notice issued on September 28, 2022 (Ex. F). *E.g.*, ¶¶ 11-12, 112-13, 124-25, 129.
- The Zio AT's labeling (which includes the Clinical Reference Manual and Important Information Pamphlet) (Exs. Q, S, and T). *E.g.*, ¶¶ 15, 71, 103, 115.
- iRhythm's website and a chart published on iRhythm's website during part of the Class Period (Ex. O). *E.g.*, ¶¶ 58, 167-68, 208.
- Plaintiff also relies on iRhythm's 510(k) clearance for the Zio AT (Ex. C). *E.g.*, ¶¶ 51, 53, 212.

The above documents are relied on by Plaintiff, are central to Plaintiff's claims, and their authenticity is not in question.

The contents of the above exhibits, which are incorporated by reference into the SAC, can properly be considered in resolving Defendants' motions to dismiss. *See, e.g.*, *Bhangal v. Hawaiian Elec. Indus.,*

---

[1] References to "¶ _" are to the SAC, Dkt. 43.

[2] The SAC erroneously refers to iRhythm's November 5, 2021 SEC filing as its "quarterly report on Form 10-Q for the third quarter of 2022," ¶¶ 179, 203, 213, instead of 2021.

*Inc.*, 2024 WL 4505465, at *6 (N.D. Cal. Oct. 15, 2024) (Corley, J.) (considering documents incorporated by reference in complaint); *Norfolk Cnty. Ret. Sys. v. Solazyme, Inc.*, 2016 WL 7475555, at *1 n.1 (N.D. Cal. Dec. 29, 2016) (same); *see also Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 WL 3727318, at *10 (N.D. Cal. Aug. 30, 2017) (SEC filings referenced in the complaint "are proper subjects of judicial notice"); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.").

***Documents Filed with the SEC:***  The Court may also take judicial notice of the contents of Exhibits D, E, G, H, I, L, M, and P for the additional reason that these are documents filed with the SEC, specifically Forms 8-K, 10-K, and 10-Q filed with the SEC by iRhythm.  Courts routinely take judicial notice of these types of SEC filings and consider their contents on motions to dismiss.  *See, e.g.*, *Bhangal*, 2024 WL 4505465, at *6 (taking judicial notice of SEC filings because "courts routinely take judicial notice of SEC filings in securities cases" (quotation marks omitted)); *Norfolk Cnty.*, 2016 WL 7475555, at *1 n.1 (taking judicial notice of SEC filings); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of SEC filings is "proper"); *In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed."); *Yahoo!*, 2017 WL 3727318, at *10 ("SEC filings and documents on government websites are proper subjects of judicial notice.").

***iRhythm's Website:***  In addition to Exhibit O being incorporated by reference, *see supra* at 2, the Court may also take judicial notice of Exhibit O (which is an snapshot of content from iRhythm's website as displayed on August 10, 2022, during the Class Period) and of the Wayback Machine link in footnote 3 of the Motion (which is the "Common Questions" page from iRhythm's website as displayed on November 30, 2021, during the Class Period).  *See, e.g.*, *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("websites and their contents may be judicially noticed"); *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be

accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Parziale v. HP, Inc.*, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) ("[D]istrict courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine[.]"). Defendants cite Exhibit O and the Wayback Machine link in the Motion's footnote 3 to demonstrate what information was available to the market during the Class Period. This is a proper purpose for which the Court may take judicial notice of the website. *See DoorDash, Inc. v. City & Cnty. of S.F.*, 2022 WL 867254, at *6 (N.D. Cal. Mar. 23, 2022) ("information on publicly accessible websites can be subject to judicial notice to show what information was in the public realm and not for the truth of the statements"); *Bhangal*, 2024 WL 4505465, at *6 (taking judicial notice of "screenshots of HEI and HECO's corporate pages").

*Earnings Call/Conference Transcripts:* The earnings call transcripts cited by Defendants (Exs. A and J), as well as the transcript from the June 25, 2019 BMO Capital Markets Prescription for Success Healthcare Conference (Ex. K), are proper subjects of judicial notice. *See, e.g.*, *Sneed v. AcelRx Pharm., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) ("transcripts of earnings calls . . . are proper subjects of judicial notice"); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1058 (N.D. Cal. 2012) (similar).

*Letters from FDA:* In addition to Exhibit C being incorporated by reference, *see supra* at 2, the Court may also take judicial notice of Exhibit C (i.e., FDA's 510(k) clearance of the Zio AT) and of Exhibit N (i.e., FDA's November 15, 2023 letter to iRhythm regarding the Zio AT's 510(k) clearance). *See Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 879 (N.D. Cal. 2013) ("[C]ourts have specifically held that the FDA's approval letters for medical devices are subject to judicial notice."); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (affirming judicial notice of FDA 510(k) clearance letter).

*FDA Website:* The Court may also take judicial notice of Exhibit R, which is the FDA's webpage for Outpatient Cardiac Telemetry. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (courts may take judicial notice of information made publicly available by government entities); *Eidemann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) ("Documents published on government-run websites are proper for judicial notice given their reliability."); *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) ("The Court may take judicial notice of

materials available on government agency websites.").

For the foregoing reasons, Defendants respectfully request that their motion for judicial notice and consideration of Exhibits A through T and the Wayback Machine link in footnote 3 of the Motion be granted.

*Exhibits Incorporated by Reference and/or Subject to Judicial Notice*:

| Ex. | Document | Basis for Consideration |
|---|---|---|
| A | iRhythm Q4 2019 Earnings Call | Judicial Notice of Earnings Call Transcript |
| B | iRhythm September 1, 2022 Response to the 2022 Form 483 | Incorporated by Reference (*e.g.*, ¶¶ 10, 108-11, 158, 160, 166) |
| C | iRhythm's June 2, 2017 510(k) Clearance for the Zio AT | Incorporated by Reference (*e.g.*, ¶¶ 51, 53, 212) and Judicial Notice of 510(k) Clearance |
| D | iRhythm 2020 10-K | Judicial Notice of SEC Filing |
| E | iRhythm 2022 10-K | Incorporated by Reference (*e.g.*, ¶¶ 59, 192, 211) and Judicial Notice of SEC Filing |
| F | September 28, 2022 Customer Advisory Notice | Incorporated by Reference (*e.g.*, ¶¶ 11-12, 112-13, 124-25, 129) |
| G | iRhythm 2022 Q3 10-Q | Incorporated by Reference (*e.g.*, ¶¶ 129, 190) and Judicial Notice of SEC Filing |
| H | iRhythm 2023 Q1 10-Q | Incorporated by Reference (*e.g.*, ¶ 134) and Judicial Notice of SEC Filing |
| I | iRhythm May 30, 2023 8-K | Incorporated by Reference (*e.g.*, ¶ 137) and Judicial Notice of SEC Filing |
| J | iRhythm Q1 2019 Earnings Call | Judicial Notice of Earnings Call Transcript |
| K | Transcript of June 25, 2019 BMO Capital Markets Prescription for Success Healthcare Conference | Judicial Notice of Conference Transcript |
| L | iRhythm 2021 Q3 10-Q | Incorporated by Reference (*e.g.*, ¶¶ 179, 203, 213) and Judicial Notice of SEC Filing |
| M | iRhythm 2022 Q1 10-Q | Incorporated by Reference (*e.g.*, ¶¶ 183, 205, 216) and Judicial Notice of SEC Filing |
| N | FDA's November 15, 2023 Letter | Judicial Notice of FDA Letter |

| O | August 10, 2022 iRhythm Website | Incorporated by Reference (*e.g.*, ¶¶ 58, 167-68, 208) and Judicial Notice of Website |
| P | iRhythm 2022 Q2 10-Q | Incorporated by Reference (*e.g.*, ¶ 184) and Judicial Notice of SEC Filing |
| Q | Zio AT Clinical Reference Manual, dated April 11, 2018 | Incorporated by Reference (*e.g.*, ¶¶ 15, 71, 103, 115) |
| R | FDA Webpage on Outpatient Cardiac Telemetry | Judicial Notice of Government Website |
| S | Zio AT Clinical Reference Manual, dated April 20, 2020 | Incorporated by Reference (*e.g.*, ¶¶ 15, 71, 103, 115) |
| T | Zio AT Important Information Pamphlet, dated November 15, 2019 | Incorporated by Reference (*e.g.*, ¶¶ 15, 71, 103, 115) |
| Fn. 3 | November 30, 2021 iRhythm Website Page Entitled "Common Questions": https://web.archive.org/web/20211130051701/https://www.irhythmtech.com/patients/myzio/zio-at | Judicial Notice of Website |

DATED: December 10, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Kristin Tahler*

Kristin Tahler (Bar No. 261908)
kristintahler@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Christopher Porter (*pro hac vice* to be filed)
chrisporter@quinnemanuel.com
700 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: (713) 221-7000

Jesse Bernstein (*pro hac vice* to be filed)
Brenna Nelinson (*pro hac vice* to be filed)
Amy Shehan (*pro hac vice* to be filed)
jessebernstein@quinnemanuel.com
brennanelinson@quinnemanuel.com
amyshehan@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

*Attorneys for Defendants*

Case No. 3:24-cv-706-JSC
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE