QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
Kristin Tahler (Bar No. 261908)
kristintahler@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Christopher Porter (*pro hac vice*)
chrisporter@quinnemanuel.com
700 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: (713) 221-7000

Jesse Bernstein (*pro hac vice*)
Brenna Nelinson (*pro hac vice*)
Amy Shehan (*pro hac vice*)
jessebernstein@quinnemanuel.com
brennanelinson@quinnemanuel.com
amyshehan@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

GLAZING EMPLOYERS AND GLAZIERS'
UNION LOCAL #27 PENSION AND
RETIREMENT FUND, on behalf of itself and all
others similarly situated,

Plaintiff,

v.

IRHYTHM TECHNOLOGIES, INC., and
QUENTIN BLACKFORD,

Defendants.

Case No. 3:24-cv-706-JSC

**DEFENDANTS' ANSWER TO LEAD
PLAINTIFF'S SECOND AMENDED
CLASS ACTION COMPLAINT AND
DEFENDANTS' AFFIRMATIVE
DEFENSES**

Assigned to: Honorable Jacqueline Scott
Corley

Defendants iRhythm Technologies, Inc. ("iRhythm") and Quentin Blackford ("Blackford" and together with iRhythm, "Defendants"), by and through their undersigned counsel, hereby answer the Second Amended Class Action Complaint (ECF No. 43) (the "Complaint") brought by Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Plaintiff").

## GENERAL DENIAL

The Court's Order dated June 3, 2025 (ECF No. 77) (the "MTD Order") granted in part and denied in part Defendants' Motion to Dismiss, dismissing Plaintiff's Section 10(b) claims against Brice Bobzien ("Bobzien"), Douglas Devine ("Devine"), Chad Patterson ("Patterson"), Mark Day ("Day"), and Mintu Turakhia ("Turakhia") in full and against Blackford and iRhythm as to several categories of statements. No response is necessary to the allegations in the Complaint that have been dismissed.

To the extent that paragraphs in the Complaint are grouped under headings and subheadings (which are also listed in the Complaint's table of contents), Defendants respond generally that the headings and subheadings do not constitute factual averments requiring a response.  To the extent that a response is deemed necessary, Defendants deny each and every heading and subheading in the Complaint.

Except as explicitly admitted herein, Defendants deny each and every allegation of the Complaint, including, without limitation, any allegation in the unnumbered paragraphs, headings, subheadings, footnotes, or the prayer for relief.

Defendants further answer the numbered paragraphs of the Complaint as follows.

## SPECIFIC RESPONSES TO THE PARAGRAPHS IN THE COMPLAINT

1.    Paragraph 1 contains Plaintiff's legal argument and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 1, except Defendants (1) admit that the FDA issued a Warning Letter to iRhythm on May 25, 2023 and refer to that document for its contents, (2) admit that the FDA issued a Form 483 to iRhythm on July 31, 2024 and refer to that document for its contents, and (3) admit that on May 4, 2023 iRhythm disclosed that it received a subpoena for the

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

production of documents from the United States Department of Justice and refer to iRhythm's public disclosures regarding that investigation for their contents. Defendants deny that the allegations in Paragraph 1 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 2.

2.     The first sentence of Paragraph 2 contains Plaintiff's legal argument and does not require a response. To the extent a response is required, Defendants deny the first sentence in Paragraph 2. The Court's MTD Order dismissed Plaintiff's claims pertaining to Patterson. Thus, a response to the last sentence of Paragraph 2 is not required. To the extent a response is required, Defendants admit that iRhythm held its 2022 Analyst & Investor Day on September 21, 2022 and refer to the transcript of that conference for Patterson's statements. Defendants otherwise deny that the remaining allegations in Paragraph 2 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 2.

3.     Defendants admit that iRhythm commercially launched the Zio AT in October 2019. Defendants otherwise deny that the allegations in Paragraph 3 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 3.

4.     Defendants deny that the allegations in Paragraph 4 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 4.

5.     Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 5 about what is (or is not) important to unidentified investors and market analysts. Defendants admit, based on publicly available information, that iRhythm's stock price closed at $168.01 per share on April 4, 2022. Defendants further admit, based on publicly available information, that iRhythm's stock price closed at $104.96 on November 5, 2021. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 5 pertaining to statements from Morgan Stanley and J.P. Morgan. Defendants otherwise deny the allegations in Paragraph 5.

6.    Defendants deny the allegations in Paragraph 6.

7.    Defendants admit, based on publicly available information, that the FDA issued a Warning Letter to iRhythm on May 25, 2023 and refer to that document for its contents. Defendants otherwise deny that the allegations in Paragraph 7 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 7.

8.    Defendants deny that the allegations in Paragraph 8 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 8.

9.    Defendants admit that the FDA conducted an inspection of an iRhythm facility from July 25, 2022 to August 12, 2022. Defendants further admit that the FDA issued a Form 483 to iRhythm on August 12, 2022 and refer to that document for its contents. Defendants otherwise deny the allegations in Paragraph 9.

10.    Defendants admit that Blackford, on behalf of iRhythm, signed iRhythm's September 1, 2022 response to the FDA's August 12, 2022 Form 483 and refer to that response for its contents. Defendants otherwise deny that the allegations in Paragraph 10 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 10.

11.    Defendants admit that iRhythm issued a press release on November 1, 2022 and refer to that press release for its contents. Defendants further admit, based on publicly available information, that iRhythm's stock price closed at $126.77 per share on November 1, 2022, closed at $121.17 per share on November 2, 2022, and closed at $107.10 per share on November 3, 2022. Defendants otherwise deny that the allegations in Paragraph 11 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 11.

12.    Defendants admit that iRhythm filed its Form 10-Q for the third quarter of 2022 with the SEC on November 4, 2022 and refer to that document for its contents. Defendants further admit, based on publicly available information, that iRhythm's stock price closed at $102.87 per share on November 4,

2022 and closed at $100.44 per share on November 7, 2022.  Defendants otherwise deny the allegations in Paragraph 12.

13.     Defendants admit that iRhythm filed its Form 10-Q for the first quarter of 2023 with the SEC on May 4, 2023 and refer to that document for its contents.  Defendants further admit that iRhythm received a subpoena duces tecum from the DOJ on April 4, 2023 and refer to that subpoena for its contents. Defendants further admit, based on publicly available information, that iRhythm's stock price closed at $134.04 on May 4, 2023 and closed at $124.79 on May 5, 2023.  Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 13 pertaining to unidentified analysts. Defendants otherwise deny the allegations in Paragraph 13.

14.     Defendants admit that iRhythm filed a Form 8-K with the SEC on May 30, 2023 and refer to that document for its contents.  Defendants further admit that the FDA issued a Warning Letter to iRhythm on May 25, 2023 and refer to that document for its contents.  Defendants otherwise deny the allegations in Paragraph 14.

15.     Defendants admit that the FDA issued a Warning Letter to iRhythm on May 25, 2023 and refer to that document for its contents.  Defendants deny that the allegations in Paragraph 15 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 15.

16.     Defendants admit that the FDA issued a Warning Letter to iRhythm on May 25, 2023 and refer to that document for its contents.  Defendants deny that the allegations in Paragraph 16 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 16.

17.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 17 pertaining to reports of unidentified analysts.  Defendants admit, based on publicly available information, that Truist published an analyst report on May 30, 2023 and refer to that report for its

contents.  Defendants further admit, based on publicly available information, that iRhythm's stock price closed at $121.68 on May 30, 2023 and closed at $114.27 on May 31, 2023.  Defendants otherwise deny the allegations in Paragraph 17.

18.    Defendants admit, based on publicly available information, that the DOJ filed a motion to enforce its subpoena on July 1, 2024 and refer to that motion for its contents.  Defendants further admit, based on publicly available information, that iRhythm's stock price closed at $106.45 per share on July 1, 2024 and closed at $98.61 per share on July 2, 2024.  Defendants otherwise deny that the allegations in Paragraph 18 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 18.

19.    Defendants admit that the FDA issued a Form 483 to iRhythm on July 31, 2024 and refer to that document for its contents.  Defendants admit that iRhythm filed its Form 10-Q for the second quarter of 2024 with the SEC on August 1, 2024 and refer to that document for its contents.  Defendants deny that the remaining allegations in Paragraph 19 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 19.

20.    Defendants deny the allegations in Paragraph 20.

21.    Defendants admit, based on publicly available information, that William Blair published an analyst report on August 2, 2024 and refer to that report for its contents.  Defendants further admit, based on publicly available information, that J.P. Morgan published an analyst report on August 1, 2024 and refer to that report for its contents.  Defendants further admit, based on publicly available information, that iRhythm's stock price closed at $84.22 per share on August 1, 2024 and closed at $73.88 per share on August 2, 2024.  Defendants otherwise deny the allegations in Paragraph 21.

22.    Defendants lack knowledge or information sufficient to admit or deny the allegations pertaining to an August 9, 2024 The Capitol Forum article.  Defendants further admit, based on publicly

available information, that iRhythm's stock price closed at $70.99 per share on August 9, 2024 and closed at $64.64 per share on August 12, 2024.  Defendants otherwise deny the allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

## II.    JURISDICTION AND VENUE

24.     Defendants deny the allegations in Paragraph 24, except admit that Plaintiff purports to bring this action pursuant to the statutes and rules cited therein.  Defendants further state that to the extent Paragraph 24 asserts legal conclusions, no response is required.

25.     Defendants deny the allegations in Paragraph 25 and, to the extent Paragraph 25 asserts legal conclusions, no response is required.

26.     Defendants admit that iRhythm's headquarters are located in this District.  Defendants deny the allegations in Paragraph 26 and, to the extent Paragraph 26 asserts legal conclusions, no response is required.

27.     Defendants deny the allegations in Paragraph 27 and, to the extent Paragraph 27 asserts legal conclusions, no response is required.

## III.   PARTIES

### A.    Lead Plaintiff

28.     Defendants admit, based on publicly available information, that the Court appointed Oklahoma Firefighters Pension and Retirement System as Lead Plaintiff in this action and that Plaintiff's certification filed with the Court on April 8, 2024 (ECF No. 15-2) purports to list transactions in iRhythm securities between January 12, 2022 and May 23, 2023.  Defendants deny that Plaintiff purchased iRhythm common stock "at inflated prices due to the misrepresentations alleged in this Complaint" and that Plaintiff "suffered substantial losses" as a result of its investments in iRhythm common stock during the Class Period."  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 28.  To the extent Paragraph 28 asserts legal conclusions, no response is required.

### B.    Defendants

29.    Defendants admit the allegations in Paragraph 29.

30.    Defendants admit that Blackford became Chief Executive Officer of iRhythm and a Director of iRhythm on October 4, 2021.  Defendants further admit that Blackford has worked in the medical device industry for over 25 years.  Defendants further admit that Blackford served as Chief Financial Officer and Chief Operating Officer at Dexcom, Inc. from 2017 to 2021.  Defendants further admit that Blackford was employed by NuVasive Inc. from February 2009 to August 2017 and that Blackford held numerous titles during his tenure at NuVasive Inc.  Defendants further admit Blackford was employed at Zimmer Biomet, Inc. from 1999 to 2009 and that Blackford held numerous titles during his tenure at Zimmer Biomet, Inc.  Defendants deny that the remaining allegations in Paragraph 30 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 30.

31.    Defendants admit that Blackford worked at NuVasive Inc. from February 2009 to August 2017 but deny that Blackford was Executive Vice President of Finance and Investor Relations of NuVasive Inc. in March 2013.  Defendants admit, based on publicly available information, that the DOJ brought a *qui tam* lawsuit against NuVasive.  Defendants otherwise deny that the allegations in Paragraph 31 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 31.

32.    Defendants admit, based on publicly available information, that iRhythm filed a Proxy Statement with the SEC on April 14, 2022 and refer to that document for Blackford's base salary rate in 2021, Blackford's eligibility to earn a target bonus of 100% of his base salary starting in 2022, Blackford's one-time signing bonus amount, and Blackford's equity awards in 2021.  Defendants further admit that iRhythm's April 14, 2022 Proxy Statement stated, "[f]or purposes of the 2021 Annual Bonus Plan, the Compensation Committee also reserved the right to adjust the corporate performance measures based on

final 2021 regional Medicare reimbursement adjustments, if any, for the year, whether positive or negative." Defendants deny that the remaining allegations in Paragraph 32 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 32.

33.    The Court's MTD Order dismissed Plaintiff's claims pertaining to Bobzien.  Thus, a response to Paragraph 33 is not required.  To the extent a response is required, Defendants admit Bobzien served as iRhythm's Chief Financial Officer from August 2022 to August 2024.  Defendants further admit that Bobzien held various roles at Dexcom, Inc. from 2018 to 2022, at NuVasive, Inc. from 2013 to 2017, and at Zimmer Biomet, Inc. from 2005 to 2010.  Defendants deny that the remaining allegations in Paragraph 33 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 33.

34.    The Court's MTD Order dismissed Plaintiff's claims pertaining to Bobzien.  Thus, a response to Paragraph 34 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that iRhythm filed a Proxy Statement with the SEC on April 12, 2023 and refer to that document for Bobzien's base salary rate in 2022, Bobzien's eligibility to earn a target bonus of 60% of his base salary in 2022, and Bobzien's equity awards in 2022.  Defendants deny that the remaining allegations in Paragraph 34 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 34.

35.    The Court's MTD Order dismissed Plaintiff's claims pertaining to Devine.  Thus, a response to Paragraph 35 is not required.  To the extent a response is required, Defendants admit that Devine served as iRhythm's Chief Financial Officer from June 22, 2020 to August 8, 2022 and as iRhythm's Chief Operating Officer from December 1, 2021 to March 10, 2023.  Defendants further admit that, beginning June 1, 2021, Devine served as iRhythm's Interim Chief Executive Officer after Mike Coyle resigned.  Defendants further admit that Devine served as Interim Chief Executive Officer until Blackford joined iRhythm on October 4, 2021.  Defendants further admit, based on publicly available

information, that on March 10, 2023, iRhythm announced that Devine resigned from his position as Chief Operating Officer.  Defendants otherwise deny the allegations in Paragraph 35.

36.    The Court's MTD Order dismissed Plaintiff's claims pertaining to Devine.  Thus, a response to Paragraph 36 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that iRhythm filed a Proxy Statement with the SEC on April 30, 2021 and refer to that document for Devine's base salary in 2020, Devine's eligibility to earn a target bonus of 60% of his base salary in 2020, Devine's one-time signing bonus amount, and Devine's equity awards in 2020.  Defendants deny that the remaining allegations in Paragraph 36 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 36.

37.    The Court's MTD Order dismissed Plaintiff's claims pertaining to Day.  Thus, a response to Paragraph 37 is not required.  To the extent a response is required, Defendants admit that Day served as iRhythm's Chief Technology Officer from March 2022 to April 2024 and as iRhythm's Executive Vice President of Research & Development from May 2012 to March 2022.  Defendants deny that "[s]ince joining iRhythm in 2007, [Day] has held other leadership roles in Research & Development and Systems Development."  Defendants further admit that Day previously worked in Medtronic's Cardiac Rhythm Disease Management division from August 2004 to May 2007.  Defendants further admit that Day holds a PhD in Computation and Flow Physics from Stanford University.  Defendants otherwise deny the allegations in Paragraph 37.

38.    The Court's MTD Order dismissed Plaintiff's claims pertaining to Day.  Thus, a response to Paragraph 38 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that iRhythm filed a Proxy Statement with the SEC on April 14, 2022 and refer to that document for Day's base salary in 2021, Day's eligibility to earn a target bonus of 40% of his base salary in 2020 and 2021, and Day's equity awards in 2021.  Defendants deny that the remaining allegations

in Paragraph 38 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 38.

39.    The Court's MTD Order dismissed Plaintiff's claims pertaining to Patterson.  Thus, a response to Paragraph 39 is not required.  To the extent a response is required, Defendants admit that Patterson has served as iRhythm's Chief Commercial Officer since July 2022.  Defendants further admit that Patterson previously worked as the Executive Vice President of Global Marketing at Dexcom, Inc. from January 2021 to July 2022.  Defendants further admit that Blackford and Bobzien also worked at Dexcom, Inc., as set forth above in Paragraphs 30 and 33.  Defendants otherwise deny the allegations in Paragraph 39.

40.    The Court's MTD Order dismissed Plaintiff's claims pertaining to Patterson.  Thus, a response to Paragraph 40 is not required.  To the extent a response is required, Defendants admit, based on publicly available information, that iRhythm filed a Proxy Statement with the SEC on April 12, 2023 and refer to that document for Patterson's base salary in 2022, Patterson's eligibility to earn a target bonus of 60% of his base salary in 2022, and Patterson's equity awards in 2022.  Defendants further admit, based on publicly available information, that iRhythm filed a Proxy Statement with the SEC on April 11, 2024 and refer to that document for Patterson's eligibility to earn a target bonus of 70% of his base salary in 2023.  Defendants deny that the remaining allegations in Paragraph 40 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 40.

41.    The Court's MTD Order dismissed Plaintiff's claims pertaining to Turakhia.  Thus, a response to Paragraph 41 is not required.  To the extent a response is required, Defendants admit that Turakhia served as iRhythm's Chief Medical Officer and Chief Scientific Officer from June 2022 to March 2023, at which point Turakhia's title changed to Chief Medical and Scientific Officer and Executive Vice President of Product Innovation.  Defendants further admit that Turakhia received his M.D. from the University of California, San Francisco and that Turakhia received his M.S. in Clinical Research &

Biostatistics from the University of California, San Francisco. Defendants otherwise deny the allegations in Paragraph 41.

42.    The Court's MTD Order dismissed Plaintiff's claims pertaining to Turakhia. Thus, a response to Paragraph 42 is not required. To the extent a response is required, Defendants admit, based on publicly available information, that iRhythm filed a Proxy Statement with the SEC on April 12, 2023 and refer to that document for Turakhia's base salary in 2022, Turakhia's one-time signing bonus amount, and Turakhia's eligibility to earn a target bonus of 50% of his base salary in 2022. Defendants further admit, based on publicly available information, that iRhythm filed a Proxy Statement with the SEC on April 11, 2024 and refer to that document for Turakhia's eligibility to earn a target bonus of 60% of his base salary in 2023 and Turakhia's equity awards in 2023. Defendants deny that the remaining allegations in Paragraph 42 accurately and/or completely depict the subject matter contained therein and therefore deny the remaining allegations in Paragraph 42.

## IV.    SUMMARY OF THE FRAUD

### A.    The Original Zio XT And The Purportedly Advanced Zio AT

43.    Defendants admit the allegations in Paragraph 43.

44.    Defendants deny that the allegations in Paragraph 44 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 44.

45.    The Court's MTD Order dismissed Plaintiff's claims pertaining to MCT. Thus, a response to Paragraph 45 is not required. To the extent a response is required, Defendants deny the allegations in Paragraph 45.

46.    Defendants admit the allegations in Paragraph 46.

47.    Defendants admit, based on publicly available information, that Dougherty & Company LLC published an analyst report on December 1, 2017, that J.P. Morgan published an analyst report on August 2, 2017, and that Morgan Stanley published an analyst report on August 3, 2017, and Defendants refer to those reports for their contents. Defendants deny the remaining allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48, except admit, based on publicly available information, that RBC published an analyst report on December 4, 2017 (not December 3, 2017) and refer to that report for its contents.

49. Defendants deny the allegations in Paragraph 49, except admit, based on publicly available information, that Stanford Medicine Children's Health published a piece titled "Diagnosing Your Child's Arrhythmia" on its website and refer to that webpage for its contents.

50. Defendants deny the allegations in Paragraph 50, except admit, based on publicly available information, that Stanford Medicine Children's Health published a piece titled "Diagnosing Your Child's Arrhythmia" on its website and refer to that webpage for its contents.

**B.    Regulatory Oversight Concerning The Zio AT**

51. Defendants admit that iRhythm submitted a Section 510(k) premarket notification of intent to market the Zio AT to the FDA. Defendants otherwise deny that the allegations in Paragraph 51 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 51.

52. Defendants admit iRhythm received 82% of its revenue in 2021 through third-party payors. Defendants otherwise lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 52.

53. Defendants admit the allegations in Paragraph 53.

**C.    Throughout The Class Period, The Company Trumpets The Zio AT's "Real-Time" "Accurate" Notifications For "High-Risk" Patients As A Supposed MCT**

54. The Court's MTD Order dismissed Plaintiff's claims pertaining to allegations before July 25, 2022. Thus, to the extent the allegations in Paragraph 54 refer to events prior to July 25, 2022, a response is not required. To the extent a response is required, Defendants deny the allegations in Paragraph 54. Defendants otherwise deny that the allegations in Paragraph 54 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 54.

55.    The Court's MTD Order dismissed Plaintiff's claims pertaining to allegations before July 25, 2022.  Thus, to the extent the allegations in Paragraph 55 refer to events prior to July 25, 2022, a response is not required.  To the extent a response is required, Defendants deny the allegations in Paragraph 55.  Defendants otherwise deny that the allegations in Paragraph 55 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 55.

56.    Defendants admit that Blackford spoke at iRhythm's 2022 Analyst & Investor Day on September 21, 2022 and refer to the transcript of that conference for its contents.  Defendants further admit that Blackford spoke with Nasdaq's *Behind the Bell* on November 14, 2022 and refer to the video of that discussion for its contents.  Defendants otherwise deny that the allegations in Paragraph 56 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 56.

57.    Defendants admit that iRhythm filed its 2021 Form 10-K on February 28, 2022 and refer to that document for its contents.  Defendants further admit that iRhythm gave an investor presentation on August 11, 2022 and refer to that presentation for its contents.  The Court's MTD Order dismissed Plaintiff's claims pertaining to allegations before July 25, 2022.  Thus, to the extent the allegations in Paragraph 57 refer to events prior to July 25, 2022, a response is not required.  To the extent a response is required, Defendants admit that iRhythm gave an investor presentation on June 8, 2022 and refer to that presentation for its contents.  Defendants otherwise deny the remaining allegations in Paragraph 57.

58.    Defendants deny that the allegations in Paragraph 58 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 58.

59.    Defendants admit Blackford spoke at the January 10, 2023 JP Morgan Healthcare Conference and refer to the transcript of that conference for his statements.  Defendants further admit iRhythm filed its 2022 Form 10-K on February 23, 2023 and refer to that document for its contents.

Defendants otherwise deny that the allegations in Paragraph 59 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 59.

60.    The Court's MTD Order dismissed Plaintiff's claims pertaining to MCT.  Thus, to the extent the allegations in Paragraph 60 refer to MCT, a response is not required.  To the extent a response is required, Defendants deny that the allegations in Paragraph 60 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 60.

61.    The Court's MTD Order dismissed Plaintiff's claims pertaining to MCT.  Thus, to the extent the allegations in Paragraph 61 refer to MCT, a response is not required.  To the extent a response is required, Defendants deny that the allegations in Paragraph 61 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 61.

62.    Defendants deny that the allegations in Paragraph 62 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 62.

63.    Defendants admit, based on publicly available information, that J.P. Morgan published an analyst report on April 4, 2022 and refer to that report for its contents.  Defendants further admit, based on publicly available information, that BTIG published an analyst report on January 12, 2022 and refer to that report for its contents.  Defendants deny the remaining allegations in Paragraph 63.

64.    The Court's MTD Order dismissed Plaintiff's claims pertaining to MCT.  Thus, a response to Paragraph 64 is not required.  To the extent a response is required, Defendants deny the allegations in Paragraph 64.  Defendants lack knowledge or information sufficient to admit or deny the allegations pertaining to the Morgan Stanley report.  Defendants deny the remaining allegations in Paragraph 64.

65.    Defendants admit that iRhythm filed its 2021 Form 10-K with the SEC on February 28, 2022 and refer to that document for its contents.  Defendants deny the remaining allegations in Paragraph 65.

66.    Defendants admit that Blackford spoke on iRhythm's February 23, 2023 earnings call and May 2, 2024 earnings call and refer to the transcripts of those earnings calls for their contents. Defendants deny the remaining allegations in Paragraph 66.

**D.    In Reality, The Zio AT Did Not Provide "Near Real-Time" Warnings, Was Not Appropriate For "High-Risk" Patients, Was Not Appropriately Marketed As An MCT, And Was Not Accurate**

67.    Defendants deny that the allegations in Paragraph 67 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 67.

68.    Defendants admit that the FDA issued a Warning Letter to iRhythm on May 25, 2023 and refer to that document for its contents. Defendants otherwise deny that the allegations in Paragraph 68 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 68.

69.    Defendants deny that the allegations in Paragraph 69 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 69.

70.    Defendants admit that the FDA issued a Warning Letter to iRhythm on May 25, 2023 and refer to that document for its contents. Defendants otherwise deny that the allegations in Paragraph 70 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 70.

71.    Defendants admit that the FDA issued a Warning Letter to iRhythm on May 25, 2023 and refer to that document for its contents. Defendants otherwise deny that the allegations in Paragraph 71 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 71.

72.    Defendants deny the allegations in Paragraph 72.

73.    Defendants admit that the FDA issued a Form 483 issued to iRhythm on August 12, 2022 and refer to that document for its contents. Defendants otherwise deny that the allegations in Paragraph

73 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 73.

74.    Defendants deny that the allegations in Paragraph 74 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 74.

75.    Defendants lack knowledge or information sufficient to admit or deny the allegations pertaining to FE 3.  Defendants otherwise deny the allegations in Paragraph 75.

76.    Defendants lack knowledge or information sufficient to admit or deny the allegations pertaining to FE 3.  Defendants otherwise deny the allegations in Paragraph 76.

77.    Defendants admit that the FDA issued a Form 483 to iRhythm on July 31, 2024 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 77 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 77.

78.    Defendants deny that the allegations in Paragraph 78 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 78.

79.    Defendants admit, based on publicly available information, that Cleveland Clinic has a webpage on ventricular tachycardia and refer to that webpage for its contents.  Defendants otherwise deny that the allegations in Paragraph 79 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 79.

80.    Defendants lack knowledge or information sufficient to admit or deny the allegations pertaining to an August 9, 2024 The Capitol Forum article titled "iRhythm: Recent FDA Inspection Reports Obtained by Capitol Forum Detail Significant Problems with Company's Technicians and Operations; Company Received Over 4,000 Complaints Regarding Technicians Misreading Data Yet Did Nothing."  Defendants otherwise deny the allegations in Paragraph 80.

81.     Defendants lack knowledge or information sufficient to admit or deny the allegations pertaining to an August 9, 2024 The Capitol Forum article titled "iRhythm: Recent FDA Inspection Reports Obtained by Capitol Forum Detail Significant Problems with Company's Technicians and Operations; Company Received Over 4,000 Complaints Regarding Technicians Misreading Data Yet Did Nothing."  Defendants otherwise deny the allegations in Paragraph 81.

82.     Defendants lack knowledge or information sufficient to admit or deny the allegations pertaining to an August 9, 2024 The Capitol Forum article titled "iRhythm: Recent FDA Inspection Reports Obtained by Capitol Forum Detail Significant Problems with Company's Technicians and Operations; Company Received Over 4,000 Complaints Regarding Technicians Misreading Data Yet Did Nothing."  Defendants otherwise deny the allegations in Paragraph 82.

83.     Defendants lack knowledge or information sufficient to admit or deny the allegations pertaining to an August 9, 2024 The Capitol Forum article titled "iRhythm: Recent FDA Inspection Reports Obtained by Capitol Forum Detail Significant Problems with Company's Technicians and Operations; Company Received Over 4,000 Complaints Regarding Technicians Misreading Data Yet Did Nothing."  Defendants otherwise deny the allegations in Paragraph 83.

84.     Defendants lack knowledge or information sufficient to admit or deny the allegations pertaining to an August 9, 2024 The Capitol Forum article titled "iRhythm: Recent FDA Inspection Reports Obtained by Capitol Forum Detail Significant Problems with Company's Technicians and Operations; Company Received Over 4,000 Complaints Regarding Technicians Misreading Data Yet Did Nothing."  Defendants otherwise deny the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

**E.    Since Well Before The Class Period, Defendants Were Aware Of The Zio AT's "Essential" Limitations And The "Negative Trend" And "Critical Customer Complaints" Concerning These Limitations**

**1.    Defendants Knew That The Zio AT Failed To Transmit Significant Arrhythmias And Patient Deaths**

87.    Defendants deny the allegations in Paragraph 87.

88.    Defendants admit that the FDA issued a Warning Letter to iRhythm on May 25, 2023 and refer to that document for its contents. Defendants otherwise deny that the allegations in Paragraph 88 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 88.

89.    Defendants admit that the FDA issued a Form 483 to iRhythm on August 12, 2022 and refer to that document for its contents. Defendants otherwise deny that the allegations in Paragraph 89 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 89.

90.    The Court's MTD Order dismissed allegations that predate July 25, 2022. Thus, no response is required to Paragraph 90. To the extent a response is required, Defendants deny that the allegations in Paragraph 90 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 90.

91.    Defendants deny that the allegations in Paragraph 91 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 91.

92.    Defendants deny that the allegations in Paragraph 92 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 92.

93.    The Court's MTD Order dismissed allegations that predate July 25, 2022. Thus, no response is required to Paragraph 93. To the extent a response is required, Defendants deny that the allegations in Paragraph 93 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 93.

94.     The Court's MTD Order dismissed allegations that predate July 25, 2022.  Thus, no response is required to Paragraph 94.  To the extent a response is required, Defendants deny that the allegations in Paragraph 94 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 94.

95.     Defendants deny that the allegations in Paragraph 95 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 95.

> **2.     The Executive Defendants Were On Notice Of This Trend Of "Critical Customer Complaints" Regarding The Transmission And Registration Limitations With The Zio AT**

96.     The Court's MTD Order dismissed Plaintiff's claims pertaining to Devine.  Thus, a response to the allegations in Paragraph 96 pertaining to Devine is not required.  To the extent a response to the allegations in Paragraph 96 pertaining to Devine is required, Defendants deny those allegations. Defendants deny that Blackford served on iRhythm's Compliance Committee.  Defendants admit that iRhythm filed quarterly reports with the SEC and refer to those documents for their contents.  Defendants otherwise deny that the allegations in Paragraph 96 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

98.     Defendants refer to 21 C.F.R. § 820.198(a), 21 C.F.R. § 820.198(a)(1), and the FDA's "Guidance for Industry" for their contents.  Defendants otherwise deny the allegations in Paragraph 98.

99.     Defendants refer to 21 C.F.R. § 820.100(a)(6)–(7) and 21 C.F.R. § 803.50 for their contents.  Defendants otherwise deny the allegations in Paragraph 99.

100.     Defendants admit that iRhythm had a Code of Conduct in 2022 and refer to that document for its contents.  Defendants admit that iRhythm published a 2022 Environmental, Social, and Governance Report and refer to that report for its contents.  Defendants otherwise deny that the allegations in Paragraph 100 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 100.

101.    The Court's MTD Order dismissed Plaintiff's claims pertaining to Devine.    Thus, a response to Paragraph 101 is not required.    To the extent a response is required, Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

### 3.    The FDA Privately Warning iRhythm During The Class Period That iRhythm Was Improperly Marketing The Zio AT As A "Near Real-Time" Device For "High-Risk" Patients

103.    Defendants admit that the FDA conducted a twelve-day inspection of iRhythm's facility in Cypress, California in July and August 2022.    Defendants admit that the FDA issued a Form 483 to iRhythm on August 12, 2022 and refer to that document for its contents.    Defendants otherwise deny that the allegations in Paragraph 103 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 103.

104.    Defendants deny that the allegations in Paragraph 104 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 104.

105.    Defendants admit that the FDA issued a Form 483 to iRhythm on August 12, 2022 and refer to that document for its contents.    Defendants otherwise deny that the allegations in Paragraph 105 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 105.

106.    Defendants admit that the FDA issued a Form 483 to iRhythm on August 12, 2022 and refer to that document for its contents.    Defendants otherwise deny that the allegations in Paragraph 106 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 106.

107.    Defendants admit that the FDA issued a Form 483 to iRhythm on August 12, 2022 and refer to that document for its contents.    Defendants otherwise deny that the allegations in Paragraph 107 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 107.

1

2

        **4.**      **The Company Privately Responded To The Form 483 Admitting That The Transmission Limit Posed A "Hazardous Situation," While Continuing To Make False Statements**

3

108.     Defendants admit that iRhythm responded to the FDA's August 12, 2022 Form 483 on

4

5

September 1, 2022, that Blackford signed that response, and that iRhythm's response copied Patrick

Murphy, Mazi Kiani, and lawyers from Reed Smith LLP.

6

7

109.     Defendants admit iRhythm responded to the FDA's August 12, 2022 Form 483 on

8

September 1, 2022 and refer to that document for its contents.  Defendants deny that the allegations in

9

Paragraph 109 accurately and/or completely depict the subject matter contained therein and therefore deny

10

the allegations in Paragraph 109.

11

110.     Defendants admit iRhythm responded to the FDA's August 12, 2022 Form 483 on

12

September 1, 2022 and refer to that document for its contents.  Defendants deny that the allegations in

13

14

Paragraph 110 accurately and/or completely depict the subject matter contained therein and therefore deny

15

the allegations in Paragraph 110.

16

111.     Defendants admit iRhythm responded to the FDA's August 12, 2022 Form 483 on

17

September 1, 2022 and refer to that document for its contents.  Defendants deny that the allegations in

18

Paragraph 111 accurately and/or completely depict the subject matter contained therein and therefore deny

19

the allegations in Paragraph 111.

20

112.     Defendants admit that iRhythm distributed a Customer Advisory Notice on September 28,

21

22

2022 and refer to that document for its contents.  Defendants otherwise deny that the allegations in

23

Paragraph 112 accurately and/or completely depict the subject matter contained therein and therefore deny

24

the allegations in Paragraph 112.

25

113.     Defendants lack knowledge or information sufficient to admit or deny the allegations

26

pertaining to an April 4, 2024 The Capitol Forum article.  Defendants otherwise deny the allegations in

27

Paragraph 113.

28

114.    Defendants admit that iRhythm held its 2022 Analyst & Investor Day on September 21, 2022 and refer to the transcript for its contents.  Defendants otherwise deny the allegations in Paragraph 114.

**F.    The FDA Issued The Warning Letter To iRhythm**

115.    Defendants admit that the FDA issued a Warning Letter to iRhythm on May 25, 2023 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 115 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 115.

116.    Defendants admit that the FDA issued a Warning Letter to iRhythm on May 25, 2023 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 116 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 116.

**G.    Early In The Class Period, Defendants Were Aware Of Numerous Complaints Concerning Technicians' Routine Misreading Of Zio AT Data And iRhythm Sought To Sweep The Complaints Under The Rug**

117.    Defendants admit that the FDA issued a Form 483 to iRhythm on July 31, 2024 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 117 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 117.

118.    Defendants admit that the FDA issued a Form 483 to iRhythm on July 31, 2024 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 118 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 118.

119.    Defendants admit that the FDA issued a Form 483 to iRhythm on July 31, 2024 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 119

accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 119.

120.    Defendants admit that the FDA issued a Form 483 to iRhythm on July 31, 2024 and refer to that document for its contents.  Defendants otherwise deny the allegations in Paragraph 120.

121.    Defendants deny the allegations in Paragraph 121.

**H.    The Truth Is Revealed**

122.    Paragraph 122 contains Plaintiff's legal argument and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 122.

**1.    November 1, 2022: iRhythm Disclosed Downgraded Revenue Guidance Due To A "Customer Advisory Notice" Issued In Connection With The Zio AT**

123.    Defendants admit that iRhythm issued a press release on November 1, 2022 and refer to that document for its contents.  Defendants otherwise deny the allegations in Paragraph 123.

124.    Defendants admit that iRhythm held a conference call with analysts and investors on November 1, 2022 and refer to the transcript of that conference call for its contents.  Defendants otherwise deny the allegations in Paragraph 124.

125.    Defendants lack knowledge or information sufficient to admit or deny the allegations pertaining to the unidentified reports from William Blair and Oppenheimer.  Defendants otherwise deny the allegations in Paragraph 125.

126.    Defendants admit that iRhythm held its 2022 Analyst & Investor Day on September 21, 2022 and refer to the transcript of that conference call for its contents.  Defendants admit the FDA issued a Form 483 to iRhythm on August 12, 2022 and refer to that document for its contents.  Defendants otherwise deny the allegations in Paragraph 126.

127.    Defendants admit, based on publicly available information, that iRhythm's stock price closed at $126.77 on November 1, 2022 and closed at $121.17 on November 2, 2022.  Defendants further

admit, based on publicly available information, that iRhythm's stock price closed at $107.10 on November 3, 2022.  Defendants otherwise deny the allegations in Paragraph 127.

128.    Defendants admit that iRhythm held a conference call with analysts and investors on November 1, 2022 and refer to the transcript of that conference call for its contents.  Defendants otherwise deny the allegations in Paragraph 128.

### 2.    November 4, 2022: iRhythm Discloses FDA "Labeling Correction"

129.    Defendants admit that iRhythm filed its Form 10-Q for the third quarter of 2022 with the SEC on November 4, 2022 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 129 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 129.

130.    Defendants admit, based on publicly available information, that iRhythm's stock price closed at $102.87 on November 4, 2022 and closed at $100.44 on November 7, 2022.  Defendants otherwise deny the allegations in Paragraph 130.

131.    Defendants admit that iRhythm filed its Form 10-Q for the third quarter of 2022 with the SEC on November 4, 2022 and refer to that document for its contents.  Defendants otherwise deny the allegations in Paragraph 131.

132.    Defendants admit that iRhythm issued a press release on February 23, 2023 and refer to that document for its contents.  Defendants further admit that iRhythm held an earnings call with investors and analysts on February 23, 2023 and refer to the transcript of that conference call for its contents.  Defendants otherwise deny the allegations in Paragraph 132.

133.    The Court's MTD Order dismissed Plaintiff's claims pertaining to Devine.  Therefore, no response to Paragraph 133 is required.  To the extent a response is required, Defendants admit the allegations in Paragraph 133.

### 3.    May 4, 2023: iRhythm Disclosed DOJ Subpoena

134.    Defendants admit that iRhythm filed its Form 10-Q for the first quarter of 2023 with the SEC on May 4, 2023 and refer to that document for its contents.  Defendants further admit that iRhythm received a subpoena duces tecum from the DOJ on April 4, 2023 and refer to that subpoena for its contents. Defendants otherwise deny that the allegations in Paragraph 134 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 134.

135.    Defendants admit, based on publicly available information, that BTIG published an analyst report on May 4, 2023 and refer to that report for its contents.  Defendants further admit, based on publicly available information, that William Blair published an analyst report on May 5, 2023 and refer to that report for its contents.  Defendants further admit, based on publicly available information, that J.P. Morgan published an analyst report on May 5, 2023 and refer to that report for its contents.  Defendants otherwise deny the allegations in Paragraph 135.

136.    Defendants admit, based on publicly available information, that iRhythm's stock price closed at $134.04 on May 4, 2023 and closed at $124.79 on May 5, 2023.  Defendants otherwise deny the allegations in Paragraph 136.

### 4.    May 30, 2023: iRhythm Discloses The Warning Letter

137.    Defendants admit that iRhythm filed a Form 8-K with the SEC on May 30, 2023 and refer to that document for its contents.  Defendants further admit, based on publicly available information, that Oppenheimer & Co., Inc. published an analyst report on June 1, 2023 and refer to that report for its contents.  Defendants further admit the FDA issued a Warning Letter to iRhythm on May 25, 2023 and refer to that document for its contents.  Defendants otherwise deny the allegations in Paragraph 137.

138.    Defendants admit, based on publicly available information, that J.P. Morgan published an analyst report on June 2, 2023 and refer to that report for its contents.  Defendants further admit, based on publicly available information, that Truist published an analyst report on May 30, 2023 and refer to that report for its contents.  Defendants otherwise deny the allegations in Paragraph 138.

139.    Defendants admit, based on publicly available information, that iRhythm's stock price closed at $121.68 per share on May 30, 2023 and closed at $114.27 per share on May 31, 2023. Defendants further admit, based on publicly available information, that iRhythm's stock price closed at $105.66 per share on June 2, 2023. Defendants otherwise deny the allegations in Paragraph 139.

140.    Defendants lack knowledge or information sufficient to admit or deny the allegations pertaining to the unidentified "articles" published by The Capitol Forum in "April and May of 2024." Defendants otherwise deny the allegations in Paragraph 140.

### 5.    July 1, 2024: The DOJ Files Suit To Enforce Its Subpoena, Revealing The Tie To The Zio AT And The Seriousness Of The Investigation

141.    Defendants admit that the DOJ filed a motion to enforce its subpoena on July 1, 2024 and refer to that motion for its contents. Defendants further admit that the motion is before Judge Martínez-Olguín in the U.S. District Court for the Northern District of California. Defendants otherwise deny that the allegations in Paragraph 141 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 141.

142.    Defendants admit that the DOJ filed a motion to enforce its subpoena on July 1, 2024 and refer to that motion for its contents. Defendants otherwise deny that the allegations in Paragraph 142 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 142.

143.    Defendants admit, based on publicly available information, that iRhythm's stock price closed at $107.64 per share on June 28, 2024 and closed at $96.76 per share on July 3, 2024. Defendants otherwise deny the allegations in Paragraph 143.

144.    Defendants admit that iRhythm held an earnings call on August 1, 2024 and refer to the transcript of that call for its contents. Defendants otherwise deny that the allegations in Paragraph 144 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 144.

145.    Defendants admit that iRhythm moved to seal documents associated with the DOJ's motion to enforce its subpoena and refer to the briefing on those motions to seal for their contents.  Defendants otherwise deny the allegations in Paragraph 145.

**6.    August 1, 2024: iRhythm Discloses Its Receipt Of Form 483s Regarding Inspections Of Cypress And San Francisco Facilities**

146.    Defendants admit that iRhythm filed its Form 10-Q for the second quarter of 2024 with the SEC on August 1, 2024 and refer to that document for its contents.  Defendants otherwise deny the allegations in Paragraph 146.

147.    The Court's MTD Order dismissed Plaintiff's claims pertaining to Bobzien.  Thus, a response to Paragraph 147 is not required.  To the extent a response is required, Defendants admit that iRhythm filed a Form 8-K with the SEC on August 1, 2024 and refer to that document for its contents.

148.    Defendants admit that iRhythm held an earnings call on August 1, 2024 and refer to the transcript of that call for its contents.  Defendants otherwise deny the allegations in Paragraph 148.

149.    Defendants admit that iRhythm held an earnings call on August 1, 2024 and refer to the transcript of that call for its contents.  Defendants otherwise deny the allegations in Paragraph 149.

150.    Defendants admit, based on publicly available information, that William Blair published an analyst report on August 2, 2024 and refer to that report for its contents.  Defendants further admit, based on publicly available information, that J.P. Morgan published an analyst report on August 1, 2024 and refer to that report for its contents.  Defendants otherwise deny the allegations in Paragraph 150.

151.    Defendants admit that iRhythm's stock price closed at $84.22 per share on August 1, 2024 and closed at $73.88 per share on August 2, 2024.  Defendants otherwise deny the allegations in Paragraph 151.

1

2

       **7.**     **August 9, 2024: Capitol Forum Reveals The Substance Of The Latest Form 483 Reports, Including 4,000 Patient Complaints Regarding The Devices' Accuracy**

3

152.    Defendants lack knowledge or information sufficient to admit or deny the allegations

4

pertaining to an August 9, 2024 The Capitol Forum article titled "iRhythm: Recent FDA Inspection

5

Reports Obtained by Capitol Forum Detail Significant Problems with Company's Technicians and

6

Operations; Company Received Over 4,000 Complaints Regarding Technicians Misreading Data Yet Did

7

Nothing." Defendants otherwise deny the allegations in Paragraph 152.

8

9

153.    Defendants admit, based on publicly available information, that iRhythm's stock price

10

closed at $70.99 per share on August 9, 2024 and closed at $64.64 per share on August 12, 2024.

11

Defendants otherwise deny the allegations in Paragraph 153.

12

## V.    POST-CLASS PERIOD DEVELOPMENTS

13

154.    Defendants lack knowledge or information sufficient to admit or deny the allegations

14

pertaining an August 13, 2024 The Capitol Forum article. Defendants otherwise deny the allegations in

15

Paragraph 154.

16

17

155.    Defendants admit, based on publicly available information, that Wells Fargo published an

18

analyst report on August 15, 2024 and refer to that report for its contents. Defendants otherwise deny the

19

allegations in Paragraph 155.

20

156.    Defendants admit, based on publicly available information, that CFRA published an

21

analyst report on September 16, 2024 and refer to that report for its contents. Defendants otherwise deny

22

the allegations in Paragraph 156.

23

## VI.    ADDITIONAL SCIENTER ALLEGATIONS

24

157.    Paragraph 157 contains Plaintiff's legal argument and does not require a response. To the

25

extent a response is required, Defendants deny the allegations in Paragraph 157.

26

27

158.    Defendants admit that the FDA issued a Form 483 to iRhythm on August 12, 2022 and

28

refer to that document for its contents. Defendants further admit the FDA issued a Warning Letter to

iRhythm on May 25, 2023 and refer to that document for its contents. Defendants further admit that iRhythm responded to the FDA's August 12, 2022 Form 483 on September 1, 2022 and refer to that response for its contents. Defendants otherwise deny the allegations in Paragraph 158.

159.    Defendants deny the allegations in Paragraph 159.

160.    Defendants deny the allegations in Paragraph 160.

161.    Defendants admit that the FDA conducted an inspection of iRhythm's facility in Cypress, California in July and August 2022. Defendants further admit that the FDA issued a Form 483 to iRhythm on August 12, 2022 and refer to that document for its contents. Defendants otherwise deny the allegations in Paragraph 161.

162.    Defendants admit that iRhythm submitted "SEC filings" and refer to those documents for their contents. Defendants lack knowledge or information sufficient to admit or deny the allegations pertaining to an unidentified (by date or title) William Blair analyst report. Defendants lack knowledge or information sufficient to admit or deny the allegations pertaining to FE 2. The remaining allegations in Paragraph 162 contain Plaintiff's legal argument and do not require a response. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 162.

163.    Defendants refer to 21 C.F.R. §§ 820.198(a), 820.100, 820.100(a)(1)–(7), 803.50; iRhythm's Code of Conduct dated April 15, 2022; and iRhythm's 2022 Environmental, Social, and Governance Report for their contents. Defendants otherwise deny the allegations in Paragraph 163.

164.    Defendants deny the allegations in Paragraph 164.

165.    The Court's MTD Order dismissed Plaintiff's claims pertaining to MCT. Thus, a response to Paragraph 165 is not required. To the extent a response is required, Defendants deny the allegations in Paragraph 165.

166.     Defendants admit that iRhythm responded to the FDA's August 12, 2022 Form 483 on September 1, 2022 and refer to that response for its contents.  Defendants otherwise deny the allegations in Paragraph 166.

167.     Defendants admit that the FDA issued a Form 483 to iRhythm on August 12, 2022 and refer to that document for its contents.  Defendants further admit that iRhythm's website addresses the Zio AT and refer to that website for its contents.  Defendants otherwise deny the allegations in Paragraph 167.

168.     Defendants admit that the FDA issued a Form 483 to iRhythm on August 12, 2022 and refer to that document for its contents.  Defendants further admit that iRhythm responded to the FDA's August 12, 2022 Form 483 on September 1, 2022 and refer to that response for its contents.  Defendants otherwise deny the allegations in Paragraph 168.

169.     Defendants admit that the FDA issued a Form 483 to iRhythm on July 31, 2024 and refer to that document for its contents.  The remaining allegations in Paragraph 169 contain Plaintiff's legal argument and do not require a response.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 169.

170.     Defendants lack knowledge or information sufficient to admit or deny the allegations pertaining an August 9, 2024 The Capitol Forum article.  Defendants otherwise deny the allegations in Paragraph 170.

171.     Defendants admit that the FDA issued a Form 483 to iRhythm on July 31, 2024 and refer to that document for its contents.  Defendants otherwise deny the allegations in Paragraph 171.

172.     The Court's MTD Order dismissed Plaintiff's claims pertaining to MCT.  Thus, a response to Paragraph 172 is not required.  To the extent a response is required, Defendants respond as follows.  Defendants lack knowledge or information sufficient to admit or deny the allegations pertaining to an unidentified The Capitol Forum piece.  Defendants lack knowledge or information sufficient to admit or

deny the allegations pertaining to FE 2.  Defendants admit that iRhythm filed its Form 10-Q for the second quarter of 2023 with the SEC on August 4, 2023 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 172 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 172.

173.     Defendants deny the allegations in Paragraph 173.

174.     Defendants admit, based on publicly available information, that NuVasive faced a *qui tam* lawsuit in *United States ex rel. Kevin Ryan v. NuVasive, Inc.*, Case No. 12-cv-2683 (D. Md.) and refer to that docket for its contents.  Defendants further admit that the DOJ and NuVasive finalized a settlement to resolve the *qui tam* lawsuit.  Defendants otherwise deny the allegations in Paragraph 174.

175.     Paragraph 175 contains Plaintiff's legal argument and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 175.

176.     Paragraph 176 contains Plaintiff's legal argument and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 176.

177.     The Court's MTD Order dismissed Plaintiff's claims pertaining to Day.  Thus, a response to Paragraph 177 is not required.  To the extent a response is required, Defendants deny the allegations in Paragraph 177, except admit the following: (1) Day served as iRhythm's Executive Vice President of Research & Development from May 2012 to March 2022 and as iRhythm's Chief Technology Officer from March 2022 to April 2024; (2) Day spoke at iRhythm's 2022 Analyst & Investor Day on September 21, 2022, and Defendants refer to the transcript for his statements; (3) iRhythm filed its 2021 Form 10-K with the SEC on February 28, 2022, and Defendants refer to that document for its contents; and (4) the DOJ has filed documents in *United States of America v. iRhythm Technologies, Inc.*, Case No. 3:24-cv-03967-AMO (N.D. Cal.) and refer to those documents for their contents.

1

**VII.    DEFENDANTS' MATERIALLY FALSE & MISLEADING STATEMENTS**

2       178.    Paragraph 178 contains Plaintiff's legal argument and does not require a response.  To the

3    extent a response is required, Defendants deny the allegations in Paragraph 178.

4       **A.    False Statements Concerning The Zio AT's "Near Real-Time" Notifications And**

5       **"Timely Transmission" Of Arrhythmia Data "During The Wear Period"**

6       179.    The Court's MTD Order dismissed allegations that predate July 25, 2022.  Thus, no

7    response is required to Paragraph 179.  To the extent a response is required, admit that iRhythm filed its

8    Form 10-Q for the third quarter of 2021 (not 2022) with the SEC on November 5, 2021 and refer to that

9    document for its contents.  Defendants otherwise deny that the allegations in Paragraph 179 accurately

10   and/or completely depict the subject matter contained therein and therefore deny the allegations in

11   Paragraph 179.

12      180.    The Court's MTD Order dismissed allegations that predate July 25, 2022.  Thus, no

13   response is required to Paragraph 180.  To the extent a response is required, admit that iRhythm filed its

14   2021 Form 10-K with the SEC on February 28, 2022 and refer to that document for its contents.

15   Defendants otherwise deny that the allegations in Paragraph 180 accurately and/or completely depict the

16   subject matter contained therein and therefore deny the allegations in Paragraph 180.

17      181.    The Court's MTD Order dismissed allegations that predate July 25, 2022.  Thus, no

18   response is required to Paragraph 181.  To the extent a response is required, Defendants admit that

19   iRhythm filed its 2021 Form 10-K with the SEC on February 28, 2022 and refer to that document for its

20   contents.  Defendants otherwise deny that the allegations in Paragraph 181 accurately and/or completely

21   depict the subject matter contained therein and therefore deny the allegations in Paragraph 181.

22      182.    The Court's MTD Order dismissed allegations that predate July 25, 2022.  Thus, no

23   response is required to Paragraph 182.  To the extent a response is required, Defendants admit that

24   iRhythm filed its 2021 Form 10-K with the SEC on February 28, 2022 and refer to that document for its

25

26

27

28

contents.  Defendants otherwise deny that the allegations in Paragraph 182 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 182.

183.    The Court's MTD Order dismissed allegations that predate July 25, 2022.  Thus, no response is required to Paragraph 183.  To the extent a response is required, Defendants admit that iRhythm filed its Form 10-Q for the first quarter of 2022 with the SEC on May 6, 2022 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 182 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 182.

184.    Defendants admit that iRhythm filed its Form 10-Q for the second quarter of 2022 with the SEC on August 5, 2022 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 184 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 184.

185.    The Court's MTD Order dismissed allegations pertaining to Day.  Thus, no response is required to Paragraph 185.  To the extent a response is required, Defendants admit that Day spoke at the August 11, 2022 Canaccord Growth Conference and refer to the transcript for his statements.  Defendants otherwise deny that the allegations in Paragraph 185 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 185.

186.    Defendants admit that iRhythm held its 2022 Analyst & Investor Day on September 21, 2022 and refer to the transcript for statements made during that conference.  Defendants further admit that the FDA issued a Form 483 to iRhythm on August 12, 2022 and refer to that document for its contents.  Defendants further admit iRhythm responded to the FDA's August 12, 2022 Form 483 on September 1, 2022 and refer to that document for its contents.  The Court's MTD Order dismissed allegations pertaining to Devine, Bobzien, Day, Patterson, and Turakhia.  Thus, no response is required to the allegations in Paragraph 186 pertaining to Devine, Bobzien, Day, Patterson, and Turakhia.  To the extent a response is

required, Defendants admit that Devine, Bobzien, Day, Patterson, and Turakhia spoke at iRhythm's 2022 Analyst & Investor Day on September 21, 2022 and refer to the transcript for its contents. Defendants otherwise deny that the allegations in Paragraph 186 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 186.

187.    Defendants admit that Blackford spoke at iRhythm's 2022 Analyst & Investor Day on September 21, 2022 and refer to the transcript for its contents. The Court's MTD Order dismissed allegations pertaining to Patterson and Turakhia. Thus, no response is required to the allegations in Paragraph 187 pertaining to Patterson and Turakhia. To the extent a response is required, Defendants admit that Patterson and Turakhia spoke at iRhythm's 2022 Analyst & Investor Day on September 21, 2022 and refer to the transcript for its contents. Defendants otherwise deny that the allegations in Paragraph 187 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 187.

188.    The Court's MTD Order dismissed allegations pertaining to Day. Thus, no response is required to the allegations in Paragraph 188. To the extent a response is required, Defendants admit that Day was iRhythm's Chief Technology Officer from March 2022 to April 2024 and that Day spoke at iRhythm's 2022 Analyst & Investor Day on September 21, 2022, and Defendants refer to the transcript for its contents. Defendants otherwise deny that the allegations in Paragraph 188 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 188.

189.    The Court's MTD Order dismissed allegations pertaining to Devine, Bobzien, Day, Patterson, and Turakhia. Thus, no response is required to Paragraph 189. To the extent a response is required, Defendants admit that Blackford, Devine, Bobzien, Day, Patterson, and Turakhia were present for iRhythm's 2022 Analyst & Investor Day on September 21, 2022. Defendants otherwise deny the allegations in Paragraph 189.

190.    Defendants admit that iRhythm filed its Form 10-Q for the third quarter of 2022 with the SEC on November 4, 2022 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 190 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 190.

191.    Defendants that Blackford spoke with Nasdaq's *Behind the Bell* on November 14, 2022 and refer to the video of that discussion for its contents.  Defendants otherwise deny that the allegations in Paragraph 191 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 191.

192.    Defendants admit that iRhythm filed its 2022 Form 10-K with the SEC on February 23, 2023 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 192 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 192.

193.    Defendants admit that iRhythm filed its 2022 Form 10-K with the SEC on February 23, 2023 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 193 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 193.

194.    Defendants admit that iRhythm filed its 2022 Form 10-K with the SEC on February 23, 2023 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 194 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 194.

195.    Defendants admit that Blackford spoke at the William Blair Growth Stock Conference on June 7, 2023 and refer to the transcript for its contents.   Defendants otherwise deny that the allegations in Paragraph 195 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 195.

196.    Defendants admit that iRhythm filed its Form 10-Q for the third quarter of 2023 with the SEC on November 2, 2023 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 196 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 196.

197.    Defendants admit that iRhythm filed its 2023 Form 10-K with the SEC on February 22, 2024 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 197 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 197.

198.    Defendants admit that iRhythm filed its Form 10-Q for the first quarter of 2024 with the SEC on May 2, 2024 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 198 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 198.

199.    Defendants admit that iRhythm filed its Form 10-Q for the second quarter of 2024 with the SEC on August 1, 2024 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 199 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 199.

200.    Paragraph 200 contains Plaintiff's legal argument and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 200.

201.    Paragraph 201 contains Plaintiff's legal argument and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 201.

202.    Paragraph 202 contains Plaintiff's legal argument and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 202.

B.      **False Statements Concerning The Zio AT's Use For A "High-Risk" And "At Risk" Patient Population**

203.    The Court's MTD Order dismissed Plaintiff's claims pertaining to allegations before July 25, 2022.  Thus, to the extent the allegations in Paragraph 203 refer to events prior to July 25, 2022, a response is not required.  To the extent a response is required, Defendants admit that iRhythm filed its Form 10-Q for the third quarter of 2021 with the SEC on November 5, 2021 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 203 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 203.

204.    The Court's MTD Order dismissed Plaintiff's claims pertaining to allegations before July 25, 2022.  Thus, to the extent the allegations in Paragraph 204 refer to events prior to July 25, 2022, a response is not required.  To the extent a response is required, Defendants admit that iRhythm filed its 2021 Form 10-K with the SEC on February 28, 2022 and refer to that document for its contents. Defendants otherwise deny that the allegations in Paragraph 204 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 204.

205.    The Court's MTD Order dismissed Plaintiff's claims pertaining to allegations before July 25, 2022.  Thus, to the extent the allegations in Paragraph 205 refer to events prior to July 25, 2022, a response is not required.  To the extent a response is required, Defendants admit that iRhythm filed its Form 10-Q for the first quarter of 2022 with the SEC on May 6, 2022 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 205 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 205.

206.    The Court's MTD Order dismissed Plaintiff's claims pertaining to allegations before July 25, 2022.  Thus, to the extent the allegations in Paragraph 206 refer to events prior to July 25, 2022, a response is not required.  To the extent a response is required, Defendants admit that Blackford spoke at the William Blair Growth Stock Conference on June 8, 2022.  Defendants refer to the transcript of that

conference for Blackford's statements and to the presentation for its contents. Defendants otherwise deny that the allegations in Paragraph 206 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 206.

207.    The Court's MTD Order dismissed allegations pertaining to Devine. Thus, no response is required to Paragraph 207. To the extent a response is required, Defendants admit that Devine spoke at the Canaccord Growth Conference on August 11, 2022 and refer to the presentation for its contents. Defendants otherwise deny that the allegations in Paragraph 207 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 207.

208.    The Court's MTD Order dismissed allegations pertaining to statements regarding the Zio "spectrum of care." Thus, no response is required to Paragraph 208. To the extent a response is required, Defendants deny the allegations in Paragraph 208.

209.    The Court's MTD Order dismissed allegations pertaining to statements regarding the Zio "spectrum of care," and further dismissed Blackford, Devine, Bobzien, Day, Patterson, and Turahkia from the case. Thus, no response is required to Paragraph 209. To the extent a response is required, Defendants admit that iRhythm held its 2022 Analyst & Investor Day on September 21, 2022 and refer to that presentation for its contents and that transcript for who made statements. Defendants otherwise deny that the allegations in Paragraph 209 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 209.

210.    Defendants admit that Blackford spoke at the J.P. Morgan Healthcare Conference on January 10, 2023 and refer to the transcript for its contents. Defendants otherwise deny that the allegations in Paragraph 210 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 210.

211.    Defendants admit that iRhythm filed its 2022 Form 10-K with the SEC on February 23, 2023 and refer to that document for its contents. Defendants otherwise deny that the allegations in

Paragraph 211 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 211.

212.    Paragraph 212 contains Plaintiff's legal argument and does not require a response.  To the extent a response is required, Defendants deny that the allegations in Paragraph 212.

C.    **False Statements Concerning The Zio AT's Status As A "Mobile Cardiac Telemetry" Monitor**

213.    The Court's MTD Order dismissed Plaintiff's claims pertaining to allegations before July 25, 2022.  Thus, to the extent the allegations in Paragraph 213 refer to events prior to July 25, 2022, a response is not required.  To the extent a response is required, Defendants admit that iRhythm filed its Form 10-Q for the third quarter of 2021 on November 5, 2021 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 213 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 213.

214.    The Court's MTD Order dismissed Plaintiff's claims pertaining to allegations before July 25, 2022.  Thus, to the extent the allegations in Paragraph 214 refer to events prior to July 25, 2022, a response is not required.  To the extent a response is required, Defendants admit that iRhythm held an earnings call on February 23, 2022 and refer to the transcript for the contents of that call.  Defendants otherwise deny that the allegations in Paragraph 214 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 214.

215.    The Court's MTD Order dismissed Plaintiff's claims pertaining to allegations before July 25, 2022.  Thus, to the extent the allegations in Paragraph 215 refer to events prior to July 25, 2022, a response is not required.  To the extent a response is required, Defendants admit that iRhythm filed its 2021 Form 10-K on February 28, 2022 and refer to that document for its contents.  Defendants otherwise deny that the allegations in Paragraph 215 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 215.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

216.    The Court's MTD Order dismissed Plaintiff's claims pertaining to allegations before July 25, 2022.  Thus, to the extent the allegations in Paragraph 216 refer to events prior to July 25, 2022, a response is not required.  To the extent a response is required, Defendants admit that iRhythm filed its Form 10-Q for the first quarter of 2022 on May 6, 2022 and refer to that document for its contents. Defendants otherwise deny that the allegations in Paragraph 216 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 216.

217.    The Court's MTD Order dismissed Plaintiff's claims pertaining to allegations before July 25, 2022.  Thus, to the extent the allegations in Paragraph 217 refer to events prior to July 25, 2022, a response is not required.  To the extent a response is required, Defendants admit that Blackford spoke at the William Blair Growth Stock Conference on June 8, 2022 and refer to the transcript for its contents. Defendants otherwise deny that the allegations in Paragraph 217 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 217.

218.    The Court's MTD Order dismissed allegations pertaining to MCT.  Thus, to the extent the allegations in Paragraph 218 refer to MCT, a response is not required.  To the extent a response is required, Defendants admit that iRhythm held an earnings call on August 4, 2022 and refer to the transcript for its contents.  Defendants otherwise deny that the allegations in Paragraph 218 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 218.

219.    The Court's MTD Order dismissed allegations pertaining to Devine and allegations pertaining to MCT.  Thus, to the extent the allegations in Paragraph 219 refer to Devine and/or MCT, a response is not required.  To the extent a response is required, admit that Devine spoke at the Canaccord Growth Conference on August 11, 2022 and refer to the presentation for its contents.  Defendants otherwise deny that the allegations in Paragraph 219 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 219.

220.    The Court's MTD Order dismissed allegations pertaining to MCT.  Thus, to the extent the allegations in Paragraph 220 refer to MCT, a response is not required.  To the extent a response is required, Defendants admit that iRhythm held an earnings call on November 1, 2022 and refer to the transcript for its contents.  Defendants otherwise deny that the allegations in Paragraph 220 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 220.

221.    The Court's MTD Order dismissed allegations pertaining to MCT.  Thus, to the extent the allegations in Paragraph 221 refer to MCT, a response is not required.  To the extent a response is required, Defendants admit that Blackford spoke at the J.P. Morgan Healthcare Conference on January 10, 2023 and refer to the transcript its contents.  Defendants otherwise deny that the allegations in Paragraph 221 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 221.

222.    The Court's MTD Order dismissed allegations pertaining to MCT.  Thus, to the extent the allegations in Paragraph 222 refer to MCT, a response is not required.  To the extent a response is required, Defendants deny the allegations in Paragraph 222.

223.    The Court's MTD Order dismissed allegations pertaining to MCT.  Further, Paragraph 223 contains Plaintiff's legal argument. Thus, no response is required to Paragraph 223.   To the extent a response is required, Defendants deny the allegations in Paragraph 212.

**D.    False Statements Concerning The Accuracy Of The Zio AT**

224.    The Court's MTD Order dismissed Plaintiff's claims pertaining to allegations before July 25, 2022.  Thus, to the extent the allegations in Paragraph 224 refer to events prior to July 25, 2022, a response is not required.  To the extent a response is required, Defendants admit that iRhythm filed its 2021 Form 10-K on February 28, 2022 and refer to that document for its contents.  Defendants otherwise

deny that the allegations in Paragraph 224 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 224.

225.    The Court's MTD Order dismissed allegations pertaining to Devine.  Thus, to the extent the allegations in Paragraph 225 refer to Devine, a response is not required.  To the extent a response is required, Defendants admit that Devine spoke at the Canaccord Growth Conference on August 11, 2022 and refer to the transcript for its contents.  Defendants otherwise deny that the allegations in Paragraph 225 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 225.

226.    Defendants admit that iRhythm held its 2022 Analyst & Investor Day on September 21, 2022 and refer to that presentation for its contents.  Defendants otherwise deny that the allegations in Paragraph 226 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 226.

227.    Defendants admit that iRhythm held an earnings call on February 23, 2023 and refer to that transcript for its contents.  Defendants otherwise deny that the allegations in Paragraph 227 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 227.

228.    Defendants admit that iRhythm issued a report titled 2022 Environmental, Social and Governance Report on April 12, 2023 and refer to that report for its contents.  Defendants otherwise deny that the allegations in Paragraph 228 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 228.

229.    Defendants admit that iRhythm held an earnings call on May 4, 2023 and refer to the transcript of that call for its contents.  Defendants otherwise deny that the allegations in Paragraph 229 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 229.

230.     Defendants admit that iRhythm held an earnings call on February 22, 2024 and refer to the transcript of that call for its contents.  Defendants otherwise deny that the allegations in Paragraph 230 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 230.

231.     Defendants admit that iRhythm held an earnings call on May 2, 2024 and refer to the transcript of that call for its contents.  Defendants otherwise deny that the allegations in Paragraph 231 accurately and/or completely depict the subject matter contained therein and therefore deny the allegations in Paragraph 231.

232.     Paragraph 232 contains Plaintiff's legal argument and does not require a response.  To the extent a response is required, Defendants deny that the allegations in Paragraph 232.

## VIII.   LOSS CAUSATION

233.     Paragraph 233 contains Plaintiff's legal argument and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 233.

## IX.     THE INAPPLICABILITY OF THE STATUTORY SAFE HARBOR

234.     Paragraph 234 contains Plaintiff's legal argument and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 234.

235.     Paragraph 235 contains Plaintiff's legal argument and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 235.

## X.      THE PRESUMPTION OF RELIANCE

236.     Paragraph 236 contains Plaintiff's legal argument and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 236.

237.     Paragraph 237 contains Plaintiff's legal argument and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 237.

238.     Paragraph 238 contains Plaintiff's legal argument and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 238.

## XI. CLASS ACTION ALLEGATIONS

239. Paragraph 239 contains Plaintiff's legal argument and does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 239.

240. Paragraph 240 contains Plaintiff's legal argument and does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 240.

241. Paragraph 241 contains Plaintiff's legal argument and does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 241.

242. Paragraph 242 contains Plaintiff's legal argument and does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 242.

243. Paragraph 243 contains Plaintiff's legal argument and does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 243.

244. Paragraph 244 contains Plaintiff's legal argument and does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 244.

## XII. CLAIMS FOR RELIEF

### COUNT I

### For Violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5
### (Against All Defendants)

245. Defendants repeat and incorporate by reference each of their responses to the paragraphs above as if set forth fully herein and further deny the allegations of Paragraph 245.

246. Paragraph 246 asserts legal conclusions and does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 246.

247. Paragraph 247 asserts legal conclusions and does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 247.

248. Paragraph 248 asserts legal conclusions and does not require a response. To the extent a response is required, Defendants deny the allegations in Paragraph 248.

249.    Paragraph 249 asserts legal conclusions and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 249.

250.    Paragraph 250 asserts legal conclusions and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 250.

251.    Paragraph 251 asserts legal conclusions and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 251.

252.    Paragraph 252 asserts legal conclusions and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 252.

253.    Paragraph 253 asserts legal conclusions and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 253.

## COUNT II

### For Violations of Section 20(a) of the Exchange Act
### (Against the Officer Defendants)

254.    Defendants repeat and incorporate by reference each of their responses to the paragraphs above as if set forth fully herein and further deny the allegations of Paragraph 254.

255.    Paragraph 255 asserts legal conclusions and does not require a response.  To the extent a response is required, Defendants deny the allegations in Paragraph 255.

## XIII.   PRAYER FOR RELIEF

256.    Paragraph 256 contains Plaintiff's "Prayer for Relief" to which no response is required.  To the extent a response is required, Defendants deny the allegations therein, including but not limited to denying that Plaintiff is entitled to judgment and that Plaintiff is entitled to any relief whatsoever.

## XIV.   JURY DEMAND

257.    Paragraph 257 contains Plaintiff's jury demand to which no response is required.

## AFFIRMATIVE DEFENSES

Defendants offer the following Defenses in response to the allegations set forth in the Complaint. Defendants reserve the right to amend this Answer, to amend, modify and/or supplement their Defenses, and to plead and assert additional Defenses or Counterclaims as they become known and appropriate during the course of the litigation, including, without limitation, any Defenses that may arise as a result of any discovery, findings, conclusions, or other action taken. The statement of any Defense does not assume the burden of proof on any issue as to which applicable law places the burden on Plaintiff. To the extent that any Defense asserted herein or to be asserted in the future is mutually exclusive with another Defense asserted herein or to be asserted in the future, such Defense is asserted in the alternative to the other.

### FIRST DEFENSE

The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint fails to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(1), and otherwise fails to identify properly the alleged false or misleading statements of which Plaintiff complains and the alleged intent of Defendants.

### THIRD DEFENSE

The purported claims against Defendants, and the allegations upon which they are based, are improperly vague, ambiguous, and confusing. Defendants reserve the right to request a more definite statement.

### FOURTH DEFENSE

This action may not properly be maintained as a class action.

**FIFTH DEFENSE**

The putative class period is overbroad and, therefore, many of the purported putative class members are not entitled to any recovery.

**SIXTH DEFENSE**

Defendants are not liable because Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or repose, and/or the doctrines of estoppel, laches, or waiver.

**SEVENTH DEFENSE**

To the extent Plaintiff's claims, and/or the issues and alleged underlying misconduct raised by Plaintiff's claims have been previously litigated, Plaintiff's claims are barred, in whole or in part, from any recovery under the doctrines of res judicata and/or collateral estoppel. To the extent Plaintiff pursues any claims or theories that were dismissed by the Court's Motion to Dismiss Order (ECF No. 77), Plaintiff is barred from doing so.

**EIGHTH DEFENSE**

The Complaint fails to adequately plead any of the alleged underlying conduct that Plaintiff claims gives rise to liability under the securities laws.

**NINTH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent that they seek to impose disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws, including but not limited to the Securities Exchange Act of 1934, and the rules and regulations promulgated by the Securities and Exchange Commission.

**TENTH DEFENSE**

Defendants are not liable because they did not make a false or misleading statement of material fact or omission of material fact, and complied with all applicable disclosure requirements.

1

**ELEVENTH DEFENSE**

2

3

Defendants are not liable because the alleged misrepresentations and omissions on which Plaintiff bases its claims were immaterial puffery and/or otherwise not material.

4

**TWELFTH DEFENSE**

5

6

Defendants are not liable because Plaintiff's claims are barred, in whole or in part, because, assuming there was any untruth or omission as alleged in the Complaint (and Defendants deny there was any), Plaintiff knew or should have known of such untruth or omission.

7

8

9

**THIRTEENTH DEFENSE**

10

11

Defendants are not liable because some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions publicly were disclosed or were in the public domain and, as such, were available to Plaintiff and were at all times reflected in the market price of iRhythm securities.

12

13

14

**FOURTEENTH DEFENSE**

15

16

Defendants are not liable because certain alleged misstatements about which Plaintiff complains concern nonactionable matters of opinion or soft information, rather than matters of material fact.

17

**FIFTEENTH DEFENSE**

18

19

Defendants are not liable because Plaintiff's claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Complaint did not affect the market price of iRhythm securities.

20

21

**SIXTEENTH DEFENSE**

22

23

Plaintiff cannot recover against Defendants because Plaintiff is unable to establish that the purported misstatements and omissions alleged in the Complaint were the cause of Plaintiff's decisions to purchase iRhythm securities on the terms of its investments.

24

25

26

27

28

**SEVENTEENTH DEFENSE**

Some or all of Plaintiff's claims are barred because Plaintiff cannot establish a sufficient connection between existing statements and any alleged underlying wrongdoing sufficient to create a duty to disclose.

**EIGHTEENTH DEFENSE**

Defendants are not liable because any wrongdoing alleged in the Complaint lacks a sufficient connection to the purchase or sale of iRhythm securities.

**NINETEENTH DEFENSE**

Plaintiff cannot recover against Defendants because Defendants were under no duty to disclose the alleged underlying conduct.

**TWENTIETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own actions, omissions, and/or negligence.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims are barred because Plaintiff did not actually or reasonably rely on any of the purported misstatements or omissions alleged in the Complaint in deciding to purchase iRhythm securities.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred, in whole or part, because Defendants acted with due diligence and/or did not know, and in the exercise of reasonable care could not have known or had reasonable grounds to believe, that any misstatements or omissions of material fact existed in any of iRhythm's filings with the SEC or press releases or any statement issued in connection therewith or otherwise.

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part because Defendants at all times acted in good faith and in reasonable reliance upon the representations, reports, expert opinions, and advice of others. Defendants were entitled to, and did, rely upon representations, reports, expert opinions, and advice of others in authorizing allegedly misleading disclosures. They believed that those individuals upon whose representations, reports, expert opinions and advice they relied were, in fact, experts in their field and were competent to render the opinions they had provided. Defendants had no notice, and had no reasonable grounds to believe, that the representations, reports, expert opinions and advice provided were in any way inadequate, unfounded or incorrect.

**TWENTY-FOURTH DEFENSE**

Defendants are not liable because they, at all times, and with respect to all matters contained herein, acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

**TWENTY-FIFTH DEFENSE**

Defendants are not liable because they did not act knowingly or recklessly as to any alleged material misstatement or omission.

**TWENTY-SIXTH DEFENSE**

Plaintiff cannot recover against the Defendants, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and it is otherwise unable to establish that it relied upon the purported misstatements and omissions alleged in the Complaint.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claims are barred because the injuries and underlying wrongdoing alleged by Plaintiff, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated

1    to the alleged conduct of Defendants, by the conduct of third parties for whom Defendants were not

2    responsible, through forces in the marketplace over which Defendants have no control, or through acts or

3    omissions by Plaintiff.

4                                    **TWENTY-EIGHTH DEFENSE**

5        The claims asserted in the Complaint are contradicted by documentary evidence.

6                                    **TWENTY-NINTH DEFENSE**

7        Plaintiff is not entitled to any recovery from Defendants because one or more members of the

8    purported putative plaintiff class ratified the alleged wrongful acts and omissions alleged in the Complaint.

9

10                                        **THIRTIETH DEFENSE**

11       Plaintiff cannot recover against Defendants because the losses, if any, sustained by Plaintiff were

12   not actually or proximately caused by the acts and occurrences alleged in the Complaint.

13                                     **THIRTY-FIRST DEFENSE**

14       Defendants are not liable because Plaintiff has not pled the required connection between the

15   challenged statements and the alleged loss, and/or any losses suffered by Plaintiff were causally related

16   to the purported misstatements or omissions alleged by Plaintiff.

17

18                                    **THIRTY-SECOND DEFENSE**

19       Plaintiff's claims against Defendants are barred in whole or in part because of the lack of loss

20   causation and because Defendants did not cause any losses.  Plaintiff has not suffered any injury or harm

21   as a result of the actions of Defendants alleged in the Complaint.

22

23                                     **THIRTY-THIRD DEFENSE**

24       The Complaint fails to adequately plead transaction causation, and in fact, Plaintiff cannot prove

25   transaction causation.

26

27

28

### THIRTY-FOURTH DEFENSE

No act or omission of the Defendants was malicious, willful, wanton, or reckless, and, therefore, Plaintiff is not entitled to any award of punitive damages.

### THIRTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has incurred no legally cognizable injury or damages.

### THIRTY-SIXTH DEFENSE

Defendants are not liable because to the extent that Plaintiff has been damaged, if at all, its failure to mitigate its damages bars recovery.

### THIRTY-SEVENTH DEFENSE

To the extent Plaintiff suffered damages, if at all, such damages must be offset by Plaintiff's gains.

### THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Private Securities Litigation Reform Act, common law or any other applicable statute, rule or regulation.

### THIRTY-NINTH DEFENSE

Plaintiff cannot recover against Defendants, in whole or in part, because Defendants are entitled to proper offsets for any settlements Plaintiff enters into, or any amounts Plaintiff otherwise receives from any source, in connection with Plaintiff's alleged losses.

### FORTIETH DEFENSE

Defendants deny that Plaintiff is entitled to recover of attorneys' fees, costs, or expenses.

### <u>JURY TRIAL DEMANDED</u>

Defendants hereby demand a trial by jury.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. Dismissing the entire action with prejudice;

2. Granting Defendants' their reasonable costs, expenses, and attorneys' fees; and

3. Awarding Defendants such other, further, and different relief as the Court deems just and
   proper.

1  DATED: July 16, 2025

2                                    By: */s/ Christopher Porter*

3                                    **QUINN EMANUEL URQUHART &**
                                     **SULLIVAN, LLP**
4                                    Kristin Tahler (Bar No. 261908)
                                     kristintahler@quinnemanuel.com
5                                    865 S. Figueroa Street, 10th Floor
                                     Los Angeles, CA 90017
6                                    Telephone: (213) 443-3000

7                                    Christopher Porter (*pro hac vice*)
8                                    chrisporter@quinnemanuel.com
                                     700 Louisiana Street, Suite 3900
9                                    Houston, TX 77002
                                     Telephone: (713) 221-7000
10

11                                   Jesse Bernstein (*pro hac vice*)
                                     Brenna Nelinson (*pro hac vice*)
12                                   Amy Shehan (*pro hac vice*)
                                     jessebernstein@quinnemanuel.com
13                                   brennanelinson@quinnemanuel.com
                                     amyshehan@quinnemanuel.com
14                                   295 5th Avenue
                                     New York, NY 10016
15                                   Telephone: (212) 849-7000

16                                   *Attorneys for Defendants*

17

18

19

20

21

22

23

24

25

26

27

28