QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
Kristin Tahler (Bar No. 261908)
kristintahler@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Christopher Porter (*pro hac vice*)
chrisporter@quinnemanuel.com
700 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: (713) 221-7000

Jesse Bernstein (*pro hac vice*)
Brenna Nelinson (*pro hac vice*)
Amy Shehan (*pro hac vice*)
jessebernstein@quinnemanuel.com
brennanelinson@quinnemanuel.com
amyshehan@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GLAZING EMPLOYERS AND GLAZIERS' UNION LOCAL #27 PENSION AND RETIREMENT FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IRHYTHM TECHNOLOGIES, INC., and QUENTIN BLACKFORD,<br><br>Defendants. | Case No. 3:24-cv-706-JSC<br><br>**DEFENDANTS' MOTION FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: September 18, 2025<br>Time: 10:00 a.m.<br>Location: Courtroom 8, 19th Floor<br>Before: Hon. Jacqueline Scott Corley |

Defendants iRhythm Technologies, Inc. ("iRhythm") and Quentin Blackford ("Mr. Blackford" and collectively, "Defendants") respectfully request that the Court either incorporate by reference or take judicial notice of Exhibits 1-8 when considering Defendants' Rule 12(c) Motion for Judgment on the Pleadings. All exhibits are attached to the Declaration of Kristin Tahler filed concurrently herewith.

## I.    LEGAL STANDARD

In resolving a Rule 12(c) motion for judgment on the pleadings, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. *Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007); *see also Tolbert v. Antioch Police Dep't*, 2023 WL 2959989, at *2 (N.D. Cal. Apr. 14, 2023) (Corley, J.) ("In considering a Rule 12(c) motion, a court must limit its review to facts that are contained in materials of which the court may take judicial notice." (quotation marks omitted)); *Rice v. Ralphs Foods*, 2010 WL 5017118, at *3 (N.D. Ca. Dec. 3, 2010) (similar). A "document is incorporated when its contents are described and the document is integral to the complaint." *Tunac v. United States*, 897 F.3d 1197, 1207 n. 8 (9th Cir. 2018) (cleaned up). And "[t]he court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

## II.    ARGUMENT

The Court should either incorporate by reference or take judicial notice of Exhibits 1-8 because each may be properly considered by the Court in ruling on Defendants' Rule 12(c) Motion, and each provides the Court with important context to assess what information was available to the market and whether Plaintiff has adequately alleged a securities fraud claim.

### A.    Exhibits 1-4

Defendants request that the Court take judicial notice of Exhibits 1, 2, 3, and 4 which are versions 8, 9, 10, and 11 of iRhythm's Zio AT Clinical Reference Manual ("CRM"). This Court previously took judicial notice of version 1 (Dkt. 51-18) and version 7 (Dkt. 51-20) of the CRM. *See* Dkt. 77 at 9 ("The CRMs are also judicially noticeable."). The same result is appropriate here.

*First*, given that the Zio AT label is comprised of the CRM and Important Information Pamphlet,[1] the CRMs in place during the Class Period are critical in assessing what information was available to the market. *See, e.g.*, *In re Dermtech, Inc. Sec. Litig.*, 2024 WL 4941026, at *2 (S.D. Cal. 2024) (taking judicial notice of an exhibit because it provides "appropriate context for assessing Plaintiff's allegations"); *Chi. & Vicinity Laborers' Dist. Council Pension Fund v. Amplitude, Inc.*, 2025 WL 82206, at *1 (N.D. Cal. 2025) (judicial notice is appropriate "for the purpose of determining what information was available to the market").

*Second*, judges in this District routinely take judicial notice of product labels. *See, e.g.*, *Husain v. Campbell Soup Co.*, 747 F. Supp. 3d 1265, 1272 n.1 (N.D. Cal. 2024) (taking judicial notice of the "entirety of the Product's labeling because it is incorporated by reference and relied upon in the amended complaint"); *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) ("packaging labels" for twelve products were "appropriate for judicial notice"); *Jones v. Medtronic Inc.*, 411 F. Supp. 3d 521, 533 (D. Ariz. 2019) (taking judicial notice of a medical device's label), *aff'd*, 830 F. App'x 925 (9th Cir. 2020).

**B.    Exhibit 5**

Defendants request that the Court incorporate Exhibit 5—the transcript of iRhythm's Q3 2022 earnings call that took place on November 1, 2022—by reference. Plaintiff's Second Amended Complaint (the "Complaint") relies on this November 1, 2022 earnings call to plead loss causation and scienter. *See, e.g.*, Dkt. 43 ¶¶ 124, 128.

Specifically, Plaintiff alleges that "iRhythm held a conference call with analysts and investors to discuss the Company's financial results" and "[d]uring that call, Blackford explained that the Company reduced revenue outlook for the full year in part because it had 'voluntarily issued a Customer Advisory Notice to [its] Zio AT customers' and thus 'ha[s] seen reduced growth with Zio AT within the fourth quarter to-date.'" ¶ 124 (alterations in original). Plaintiff further alleges that Mr. Blackford "announced that '[w]ith the Customer Advisory Notice' the Company 'adjusted [its] Zio AT forecast for the quarter

---

[1] *See* Dkt. 51-7 at 2 (explaining that the "Zio AT System labeling" includes the "Zio AT System Clinical Reference Manual" and the "Important Information Pamphlet for Zio AT System"); Dkt. 51-3 at 68 (similar). *See also* Dkt. 77 at 8 (incorporating by reference Dkts. 51-3 and 51-7).

to grow closer to approximately 20%, which is a step down from the upper 40% growth [it] had seen through the first nine months of the year." *Id.* (alterations in original). Plaintiff then incorrectly asserts that "Defendants did not disclose . . . the cause or substance of the customer advisory notice that it had issued." *Id.*[2] Plaintiff further alleges that, "[d]uring the November 1, 2022 conference call, Defendant Blackford assured investors that the slower growth was only 'more of a near-term impact . . . on the Zio AT side,' because 'once we get the [Zio AT] packaging updated, the labeling updated, the field action notice starts to subside, I don't think it becomes nearly as big of a headwind.'" ¶ 128. Plaintiff contends "[t]he Company tried to quiet investor concerns," but that "the Company knew that the issues it faced with Zio AT's transmission limit were not a 'near-term' headwind that merely involved updates to 'packaging' and 'labeling.'" *Id.*

The standard for incorporation by reference is thus satisfied here: the Complaint describes the November 1, 2022 earnings call and Plaintiff relies on the contents of that call in pleading scienter and loss causation. This Court previously incorporated an earnings call transcript by reference, *see* Dkt. 77 at 7-8, and the same rationale applies here.

Alternatively, if the Court does not find that Exhibit 5 is incorporated by reference into the Complaint, Defendants request that the Court take judicial notice of Exhibit 5. Courts in this District routinely take judicial notice of transcripts of earnings calls. *See, e.g.*, *Sneed v. AcelRx Pharm., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) ("transcripts of earnings calls . . . are proper subjects of judicial notice"); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1058 (N.D. Cal. 2012) (similar); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (similar).

## C.    Exhibits 6-7

Defendants request that the Court take judicial notice of Exhibits 6 and 7, which are November 1, 2022 analyst reports concerning iRhythm from Truist and Wolfe Research, respectively. These analyst

---

[2] Contrary to Plaintiff's assertion, during the call, Mr. Blackford told investors and analysts the substance of the Customer Advisory Notice: "[W]e voluntarily issued a customer advisory notice to our Zio AT customers. We have updated language related to the precautions in the Zio AT clinical reference manual and important information pamphlet as it relates to the Zio AT patient registration process in Zio AT patients and auto trigger transmission limits." Ex. 5 at 4.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE & INCORPORATION BY REFERENCE

reports show that the market knew about the transmission limit on November 1, 2022.  In particular, the Truist analyst report states that iRhythm "issued a voluntary Customer Advisory Notice to ZioAT [sic] customers, updating language related to precautions in the Zio AT Clinical Reference Manual and Important Information pamphlet, relating to patient registration process and patient- and auto-triggered transmission limits—this resulted in slower growth within the qtr. and is expected to continue into Q4." *See* Ex. 6.  Similarly, the Wolfe Research analyst report states, "Early 4Q a voluntary 'Customer Advisory Notice' sent to Zio AT customers updating precautionary language focused on patient registration process and patient and auto-triggered transmission limits."  *See* Ex. 7.

"[C]ourts routinely take judicial notice of analyst reports . . . to determine what may or may not have been disclosed to the public." *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011); *see also, e.g.*, *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) ("Analyst reports are subject to judicial notice . . . to determine the information available to the market."); *Okla. Firefighters Pension & Ret. Sys., v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Ca. 2014) (taking judicial notice of multiple analyst reports); *Patel v. Parnes*, 253 F.R.D. 531, 548 (C.D. Cal. 2008) (taking judicial notice of analyst reports because it is "appropriate" to consider analyst reports to show whether and when information was provided to the market); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Ca. 2004) (analyst reports are the "proper subject[s] of judicial notice"). Defendants ask that the Court do the same here.

**D.    Exhibit 8**

Defendants request that the Court take judicial notice of Exhibit 4, which is the FDA's webpage regarding iRhythm's Customer Advisory Notice.  This Court previously took judicial notice of an FDA webpage.  *See* Dkt. 77 at 8 ("[B]ecause websites and their contents may be judicially noticed, the Court notices . . . the FDA website[.]" (quotation marks omitted) (citation omitted)).  The same conclusion should be reached here consistent with the practice of the Ninth Circuit and this District taking judicial notice of government websites.  *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (courts may take judicial notice of information made publicly available by government entities); *Eidemann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) ("Documents published on government-run websites are proper for judicial notice given their reliability."); *Gustavson* , 961 F. Supp.

2d at 1113 n.1 ("The Court may take judicial notice of materials available on government agency websites.").

## III.    <u>CONCLUSION</u>

In light of the above, Defendants respectfully request that the Court grant Defendants' motion for judicial notice and incorporation by reference as to Exhibits 1-8.

| Ex. | Document | Basis for Consideration |
|---|---|---|
| 1 | iRhythm's Clinical Reference Manual (Version 8) | Judicial Notice of CRM |
| 2 | iRhythm's Clinical Reference Manual (Version 9) | Judicial Notice of CRM |
| 3 | iRhythm's Clinical Reference Manual (Version 10) | Judicial Notice of CRM |
| 4 | iRhythm's Clinical Reference Manual (Version 11) | Judicial Notice of CRM |
| 5 | Transcript of iRhythm's Q3 2022 Earnings Call, dated November 1, 2022 | Incorporation by Reference (*e.g.*, ¶¶ 124, 128); Judicial Notice of Earnings Call Transcript |
| 6 | Truist Analyst Report, dated November 1, 2022 | Judicial Notice of Analyst Report |
| 7 | Wolfe Research Analyst Report, dated November 1, 2022 | Judicial Notice of Analyst Report |
| 8 | FDA Webpage About iRhythm's Customer Advisory Notice | Judicial Notice of Government Website |

DATED: July 18, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Kristin Tahler*

Kristin Tahler (Bar No. 261908)
kristintahler@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Christopher Porter (*pro hac vice*)
chrisporter@quinnemanuel.com
700 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: (713) 221-7000

Jesse Bernstein (*pro hac vice*)
Brenna Nelinson (*pro hac vice*)
Amy Shehan (*pro hac vice*)
jessebernstein@quinnemanuel.com
brennanelinson@quinnemanuel.com
amyshehan@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

*Attorneys for Defendants*

Case No. 3:24-cv-706-JSC

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE & INCORPORATION BY REFERENCE