UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jacqueline Scott Corley, District Judge

GLAZING EMPLOYERS AND          )
GLAZIERS UNION LOCAL #27        )
PENSION AND RETIREMENT FUND,    )
                               )
          Plaintiff,            )
                               )
vs.                             )   No. C 24-00706-JSC
                               )
IRHYTHM TECHNOLOGIES, INC,      )
et al.,                         )
                               )
          Defendants.           )
_____)


                                San Francisco, California
                                Wednesday, July 9, 2025

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
         RECORDING 2:29 - 2:42 - 13 MINUTES


APPEARANCES:

For Plaintiff:
                          Bernstein Litowitz Berger and
                            Grossmann LLP
                          1251 Avenue of the Americas
                          New York, New York 10020
                      BY: KATHERINE SINDERSON, ESQ.
                          THOMAS SPERBER, ESQ.
For Defendants:
                          Quinn Emanuel Urquhart &
                            Sullivan LLP
                          295 5th Avenue
                          New York, New York 10016
                      BY: BRENNA D. NELINSON, ESQ.
                          AMY E. SHEHAN, ESQ.

          (APPEARANCES CONTINUED ON THE NEXT PAGE.)

2

For Defendants:
                              Quinn Emanuel Urquhart &
                                Sullivan LLP
                              700 Louisiana Street
                              Suite 3900
                              Houston, Texas 77002
                         BY:  CHRISTOPHER D. PORTER, ESQ.

Transcribed by:               Echo Reporting, Inc.
                              Contracted Court Reporter/
                              Transcriber
                              echoreporting@yahoo.com

3

Wednesday, July 9, 2025                                2:29 p.m.

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK:  Calling civil action C240706, Glazing Employers and Glaziers Union Local 27 Pension versus iRhythm Technologies.

Counsel, starting with Plaintiff, will you please state your appearance for the record?

MS. SINDERSON (via Zoom):  Good afternoon, your Honor.  Katie Sinderson for the Plaintiffs, from Bernstein Litowitz Berger and Grossmann, joined by my colleague, Thomas Sperber.

THE COURT:  Good afternoon.

Oh, Mr. Porter, we can't hear you.

MR. PORTER (via Zoom):  Let me try again.

THE COURT:  Now we can hear you.

MR. PORTER:  Can you -- okay.  Perfect.  Apologies for the technical difficulties, your Honor.

Good afternoon.  Chris Porter with Quinn Emanuel on behalf of the Defendants.  With me today are my colleagues, Ms. Brenna Nelinson and Ms. Amy Shehan.

THE COURT:  All right.  Good afternoon.

Okay.  So we need to come up with a schedule, and I think I was a little bit -- a little -- took a little from here and a little from there, but let's sort of start at the

4

end.   So I was going to schedule trial for February 22nd, 2027, with the pre-trial February 4th.   That's 2027.   The last day to hear dispositive motions was November 12, 2027, and with the filing date of dispositive motions of July 31st.   The fact discovery cutoff of April 17th, 2026.   So, basically, I sort of adopted Defendants' schedule through experts, but Plaintiff's schedule for dispositive motions, because that's really what you care about, and use that -- those dates.   So I'll issue an order with those.   But substantial completion document production, December 19.   That was Defendants' proposal.   So I kind of did it both that way, to move it along.   Obviously, sometimes with class certification, that may blow it up.   Maybe not.   It's a PSLRA case.   Class certification a different animal in these cases.

     No motion for judgment on the pleadings has been filed, so discovery is not stayed.   I'm not convinced, having looked at it, that I would automatically stay it, but I would give the Defendant the opportunity to argue it, and I think it would have to be a motion for -- I don't know how to do it.   I think just present it to me in a -- if you --

     Well, let me ask you, Mr. Porter, what are going to be the grounds of a motion for judgment on the pleadings that would not be in motion for reconsideration?

          MR. PORTER:   Well, your Honor, there's some

5

certain -- there are certain information -- first of all, I would like to say we appreciate the Court's order and really clarifying and narrowing the issues that are in dispute here.  And because of that, we were -- there were some questions, frankly, that the Court raised, and we have some answers for the question that we think could further clarify this issue to that --

THE COURT:  But when you say "further clarify," do you mean knock the case out of court or narrow it further?

MR. PORTER:  Well, your Honor, we believe that this could knock the case out.

THE COURT:  Okay.

MR. PORTER:  However, at the very least, we think that it would further narrow the scope of the case.

THE COURT:  Okay.

MR. PORTER:  And I'm happy -- and I could speak further on this, but I would like to turn this over to my colleague, Ms. Nelinson, to give a little bit more of an explanation.

THE COURT:  Sure, because the Plaintiffs are all ears.  This is what they were waiting for.

MS. NELINSON:  Yeah.  So, your Honor, in our motion to dismiss, we argued -- we made several arguments, and the class period that we were arguing on in the complaint began, I believe, in 2020, and then your Honor's

6

order denying, in part, the motion to dismiss, you cut the class period off prior to July 25th, 2022, because your Honor found that there was no scienter prior to that time. And in your Honor's order, you noted that while we submitted the operative label at the beginning of the then class period -- so that was in 2020 -- we had not submitted the further labels, the further (indiscernible) labels, and so you said that your Honor didn't have the benefit of the knowledge of what was disclosed in those labels throughout the class period.  So we pulled those labels.  And as it turns out, the transmission limit and lots of details on the transmission limit is disclosed in a label that the company updated in September -- at the very end of September 2022, which is only two months following the class period, and prior to the time the company disclosed on its third quarter 2022 investor call to analysts, investors, and the public. We updated our label, we issued a customer advisory notice. So the primary basis, among others, of our 12(c) motion for judgment on the pleadings is that, in light of the company's disclosure, very explicit and detailed disclosure of the transmission limit itself, the concealment of which is the basis of Plaintiff's complaint, there can --

THE COURT:  One basis.  There were other bases.

MS. NELINSON:  The other basis, your Honor, is on statements related to the accuracy of the reports in the --

THE COURT:  Well, no, I don't think so.  If I recall, there were also employees.  They have employees or former employees saying that they didn't have people reading them at nights or on the weekends, that they would be separate and apart from the transmission limit.

MS. NELINSON:  That's right, your Honor.  And we have arguments that we're bringing in our Rule 12(c) motion. I'm happy to go through each of the arguments --

THE COURT:  No, but to -- for it not to be a motion for reconsideration, you're going to have to show why you could not have made those arguments before, right?

MS. NELINSON:  I don't think that's right, your Honor.  There's plenty of case law --

THE COURT:  Okay.  So you think you can just bring it as a 12(c).  Got it.  Okay.  All right.  I understand.

MS. NELINSON:  And, your Honor, I just -- I want to be clear, we appreciate, understand, and have read closely your Honor's order.  The issues that we plan to bring in our Rule 12(c) motion are not reconsideration issues, and we have studied carefully the case law addressing what in 12(c) is and isn't appropriate.  And we have found not a single requirement that these have to be arguments that we could not have raised.  And, in fact, that would negate the purpose of a 12(c).

THE COURT:  That's actually -- that's probably

8

true, actually.

Okay.  All right.  Got that.  All right.  But -- so you're going to bring it whenever you bring it.  But if you're going to refuse to comply with discovery on the grounds, and you're bringing it, then I want a discovery letter, because I've read those cases that you cited in them, and I think that the same legal standard applies is not persuasive to me, and I think actually timing is everything.

MS. NELINSON:  So we're happy to follow --

Oh, sorry, your Honor.  I didn't mean to cut you off.

THE COURT:  No.  So -- and there's no appellate case law on it, so -- right?

MS. NELINSON:  That's right.

THE COURT:  Yeah.  So the fact that lots of district courts have done it is not -- it's only the reasoning that matters.  So I'm just going to be looking at it anew.  I just want you to know, I'm going to be looking at it and seeing if it actually makes sense, because a motion for judgment of pleadings is not a motion to dismiss by its plain language.  And Congress could have said, "If you bring a Rule 12 motion, discovery is stayed."  It didn't say that.  So anyway -- but -- so I just want -- because I know there's a lot of case law that you cited and I read that holds otherwise, but I just want to let you know I'm an

9

open book on that one.

MS. NELINSON: We appreciate it, your Honor, and we're certainly happy to follow whatever procedure, you know, your Honor would like us to follow. We have no plans to engage in self help. We have not filed our 12(c) motion yet. We are planning on filing it, and we're hoping to get it on file next week.

In the meantime, our responses and objections to Plaintiff's request for production of documents are due. Our responses and objections to their interrogatories are due. We plan to serve those items and continue on with our negotiations while, you know, we finalize and file our Rule 12(c). To that end, I do hope we can convince you on the stay. However, if your Honor decides that that's not appropriate here, we will proceed with just discovery while the Rule 12(c) is pending. We're in a situation here, your Honor, where discovery hasn't yet started, which I think is, you know, important. And so while a 12(c) is not, on its face, the exact same thing as a 12(b)(6), the purpose behind the -- and the logic behind the PSLRA discovery stay applies equally here in our view. And we can, of course, explain this in a discovery letter.

So that, I guess, leads me to my next question. Is your preferred process that we file alongside our 12(c) a short letter that explains our position on the

10

stay --

THE COURT:  Well, I think we should -- I think we should follow, like, my -- I don't want to do it as a 35-day notice briefing because I don't want it -- I don't want it to drag out that long.  So just know, you know, you provide -- it's really you asking for a protective order, I think, because I -- on its face, the automatic stay doesn't apply because it's not a motion to dismiss, but you have arguments as to why it does, but I think, given that, the burden really would be on iRhythm.  So you provide the Plaintiff with your portion of the letter brief, the Plaintiff respond, and then you file it together with whatever reply. A lot of it has already been done in the CMC statement, so I think -- you know, I can make it 10 -- usually, it's five pages.  We can make it 10 instead.  But it's a letter, so it's single spaced, even.  I don't even think you need that much.  But let's just do it formally that way, because I want to write a decision on it, because it's, frankly, a pretty interesting question.

MS. NELINSON:  It is.

THE COURT:  Yeah.  Aren't you just -- yeah -- shocked how often questions come up that there's no appellate authority?  It's shocking.

MR. PORTER:  And, your Honor, I think -- I do think one thing that may weigh in favor -- again, as I

11

stated at the beginning, with the benefit of the Court's order, the case was trimmed and narrowed and gave a lot of guidance for us.  So there were -- there -- some of the requests that the Plaintiffs may have otherwise asked for, frankly, are now different considering the Court's order and because we do believe quite strongly in our 12(c) that, you know, we think it should negate the entire case.  Nevertheless, we, at the very least, think it will further narrow, at the very least, the class period.  And so that could -- that would further trim the request.  But, you know, we will have an opportunity to brief this, and we can have the -- we could certainly have the discussion at the appropriate time.  But like my colleague said, we're going to continue on until the Court says otherwise.

THE COURT:  All right.

Ms. Sinderson, did you wish to say something?

MS. SINDERSON:  I don't need to add much more.  I think your Honor and counsel for Defendants have covered a lot of this, but we look for -- we appreciate the Court's guidance on the schedule and on briefing this issue, which obviously the parties have very different views on.

THE COURT:  Yeah, yeah.  And I think we all appreciate that you chose to stand on the complaint and to move forward that -- you know -- as -- Mr. Porter especially.  But, yeah, that speeds things up as well.

12

Okay. So I will issue this order with these deadlines. Let's see. Why -- I'm going to set a further CMC for September 16th at 2:00 p.m. via Zoom video with an updated statement a week before, but we'll see. If you file your motion for judgment on the pleadings, you may work out a briefing schedule. We'll probably just consolidate that with that -- whatever the hearing date is, but let's just put something on the calendar now, in the event you go back and you reconsider your motion. I'm just joking. I know you're not going to, but, you know -- I don't want you to feel like you have to file it.

MS. SINDERSON: We can hope.

THE COURT: Okay. All right.

MS. SINDERSON: Thank you very much, your Honor.

THE COURT: And I will issue this, and thank you.

MR. PORTER: And, your Honor, one final -- very small thing.

THE COURT: Sure.

MR. PORTER: In the -- I realized yesterday in preparing -- in the statement, that it said that the parties jointly request the jury trial. Just to be factually accurate, the Plaintiffs requested --

THE COURT: Oh.

MR. PORTER: -- the Plaintiff requested the jury trial. We haven't answered yet, so I don't -- I just want

13

to note --

THE COURT:  Oh.

MR. PORTER:  -- for the record that that -- it's not -- and I -- not Ms. Sinderson just -- you know -- and I'm not suggesting anything at all on their part because we certainly --

THE COURT:  Yeah.

MR. PORTER:  -- had a lot of back and forth on this.  And so it's just something that I noticed yesterday, but I do want to clarify that for the record.

THE COURT:  Great.  Okay.  I think you can always take back a jury demand.  You just can't always get it, right?  That's the problem.

MR. PORTER:  That's true, your Honor.

THE COURT:  All right.  Okay.  Thank you.

MR. PORTER:  Thank you --

MS. SINDERSON:  Your Honor.

(Proceedings adjourned at 2:42 p.m.)

14

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Thursday, July 24, 2025

*Echo Reporting, Inc.*