k

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLAZING EMPLOYERS AND GLAZIERS UNION LOCAL #27 PENSION AND RETIREMENT FUND,<br><br>Plaintiff,<br><br>v.<br><br>IRHYTHM TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 24-cv-00706-JSC<br><br>**ORDER RE: DISPUTE ABOUT PSLRA AUTOMATIC STAY**<br><br>Re: Dkt. No. 94 |

Pending before the Court is the parties' joint discovery dispute letter regarding Defendants' insistence the Private Securities Litigation (PSLRA) automatic stay applies to stay discovery while their motion for judgment on the pleadings is pending. (Dkt. No. 94.)[1] After considering the parties' written submission (Dkt. No. 94), the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and determines the PSLRA automatic stay provision for motions to dismiss does not apply to a motion for judgment on the pleadings.

**PROCEDURAL HISTORY**

Plaintiff initiated this PSLRA action in February 2024. (Dkt. No. 1.) After several stipulated extensions of time, Plaintiff filed a Second Amended Complaint ("SAC") which Defendants moved to dismiss. (Dkt. Nos. 13, 30, 36.) Based on a stipulated briefing schedule, oral argument on the motion to dismiss was heard in May 2025. (Dkt. No. 73.) On June 3, 2025 the Court granted in part and denied in part motion to dismiss. (Dkt. No. 77.) Plaintiff declined to further amend its complaint, and on July 9, 2025, following the initial case management conference, the Court set a pretrial schedule. (Dkt. Nos. 85, 86.) Defendants answered the SAC

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

on July 16, 2025.  (Dkt. No. 87.)  Two days later they filed a motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c).  (Dkt. No. 88.)

**DISCUSSION**

Under the heading "Stay of discovery" the PSLRA provides:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u–4(b)(3)(B).  Stays of discovery under this PSLRA provision are "automatic." *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 383 (2014).  Consistent with this statute, discovery in this action was stayed while Defendants' motion to dismiss was pending.  But, after the Court denied the motion in part and Plaintiff declined to amend, the Court held a case management conference, entered a pretrial scheduling order, and discovery commenced.  (Dkt. Nos. 77, 85, 86.)  Defendants nonetheless contend they can unilaterally halt discovery and upend the scheduling order merely by filing a motion for judgment on the pleadings.  The Court disagrees.

"The first step in construing the meaning of a statute is to determine whether the language at issue has a plain meaning." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 864 (9th Cir. 2014) (cleaned up).  When "the statute's language is plain" courts do not consider "the legislative history or any other extrinsic material." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1042 (9th Cir. 2013) (en banc) (cleaned up).  So, the Court's "inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *Republic of Ecuador*, 742 F.3d at 865 (cleaned up).

The statute's language here is plain: the automatic stay applies to "motions to dismiss," that is, motions brought pursuant to Federal Rules of Civil Procedure 12(b). 15 U.S.C. § 78u–4(b)(3)(B); *see e.g.*, *Chandler v. State Farm Mut. Auto. Ins. Co.,* 598 F.3d 1115, 1121 (9th Cir. 2010) (calling a motion brought under 12(b)(1) for lack of subject matter jurisdiction a "motion to dismiss"); *Swartz v. KPMG LLP,* 476 F.3d 756, 766 (9th Cir. 2007) (characterizing a motion brought under 12(b)(2) for lack of personal jurisdiction a motion brought at the "motion to dismiss stage" of litigation); *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir. 1996) (referring

2

to "a Rule 12(b)(3) motion to dismiss for improper venue"); *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 763 (9th Cir. 2023)(noting a motion brought pursuant to 12(b)(6) for failure to state a claim is a "motion to dismiss").   A Rule 12(c) motion for judgment on the pleadings is not a motion to dismiss.  *See Honey v. Distelrath,* 195 F.3d 531, 532 (9th Cir. 1999) (referring to a Rule 12(c) motion as a "motion for judgment on the pleadings").  So, under the statute's plain meaning, the automatic stay does not apply to Defendants' Rule 12(c) motion for judgment on the pleadings. *See In re Facebook, Inc. Sec. Litig.*, No. 18-cv-01725-EJD, 2025 WL 556282, at *1 (N.D. Cal. Feb. 19, 2025) ("By its terms, the PSLRA discovery stay does not apply when there is a post-answer motion for judgment on the pleadings under Rule 12(c).").

This conclusion is consistent with the purpose of a PSLRA stay. *See Republic of Ecuador*, 742 F.3d at 864 ("When interpreting a statute, words and phrases must not be read in isolation, but with an eye toward the purpose and context of the statute") (cleaned up).  The Senate Banking Committee Report explained:

> [P]laintiffs sometimes file frivolous lawsuits in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint. Accordingly, the Committee has determined that discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint. clearly contemplates that 'discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint.

S. Rep. No. 104–98, at 14 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 679, 693; *see also Petrie v. Elec. Game Card, Inc.,* 761 F.3d 959, 968 (9th Cir. 2014) (reaffirming that under the PSLRA "no discovery may proceed until the court has sustained the legal sufficiency of a complaint") (cleaned up).  The Court already sustained the legal sufficiency of the complaint as to the two remaining defendants in this action, so the stay provision's purpose has been fulfilled.  (Dkt. No. 77.)

Further, Defendants' interpretation of "motion to dismiss" as including a "motion for judgment on the pleadings" creates an inconsistency between Rule 12(c) and the PSLRA stay. Rule 12(c ) provides: "After the pleadings are closed—**but early enough not to delay trial**—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c) (emphasis added).  But applying the automatic stay to a Rule 12(c) motion will almost always result in a trial delay.  Take

3

1   this case for example.  After sustaining the sufficiency of the SAC, the Court issued a carefully
2   calibrated scheduling order setting a certain amount of time for fact discovery, then expert
3   discovery, then resolution of dispositive motions and finally trial.  (Dkt. No. 86.)  If fact discovery
4   is automatically stayed by the filing of Defendants' motion for judgment on the pleadings, the
5   Court will have to amend the pretrial schedule and delay trial.  But, if the motion for judgment on
6   the pleadings will cause a trial delay, it cannot be brought.  *See, e.g.*, *San Diego Unified Port Dist.
7   v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 15-cv-01401-BEN-MDD, 2018 WL
8   11423864, at *3 (S.D. Cal. Dec. 6, 2018) (denying motion for judgment on the pleadings because
9   it was brought "very late in the proceedings" and would delay trial); *In re Hubbard*, No. 12-cv-
10  1975-L-WMC, 2012 WL 5354933, at *2 (S.D. Cal. Oct. 29, 2012) (denying leave to file a motion
11  for judgment on the pleadings because "it is too late to permit Respondent to file a Rule 12(c)
12  motion because such a motion would very likely delay trial."); *Kidd v. Mayorkas*, 343 F.R.D. 428,
13  436 (C.D. Cal. 2023) (holding in a prior order that it "struck the Motion [for judgment on the
14  pleadings], reasoning that it was brought too late to avoid delaying the trial.").  Interpreting the
15  PSLRA stay language according to its plain meaning avoids this contradiction.  Also, as the stay
16  applies to discovery and "other proceedings", under Defendants' interpretation they can
17  unilaterally halt all court-ordered proceedings, not just discovery.  So, for example, on the eve of a
18  court-ordered magistrate judge settlement conference, a defendant could file a motion for
19  judgment on the pleadings and thus unilaterally require that the court-ordered conference be
20  postponed.  The PSLRA does not give defendants such case management power.
21      Defendants' contention that in *Petrie* the Ninth Circuit "strongly suggested" the PSLRA
22  automatic stay applies to motions for judgment on the pleadings is not persuasive.  In *Petrie*, the
23  plaintiff did not argue that that the stay did not apply to a Rule 12(c) motion so the Ninth Circuit
24  assumed, without deciding, that it did.  *Petrie*, 761 F.3d at 968 n.11.  The court did not have to
25  resolve the motion to dismiss versus motion for judgment on the pleadings question to rule in the
26  plaintiffs' favor, which it did.  *Id.* at 970. And while the court observed that "[w]hen an amended
27  complaint is filed after an earlier complaint has been upheld (at least in part), the bulk of district
28  courts have ruled that filing a motion to dismiss the amended complaint also triggers a stay of any

4

discovery," *id.* at 968 (citations omitted), the PSLRA stay provision's plain language governs such scenario as it applies to pending "motion[s] to dismiss."  15 U.S.C. § 78u–4(b)(3)(B).

Finally, Defendants argue "motions to dismiss under Rule 12(b) and motions for judgment on the pleadings are functionally identical, as both test the sufficiency of a plaintiff's allegations using the same standard of review and only differ with respect to the time of filing." (Dkt. No. 94 at 2 (citation omitted).)  But timing is everything.  There is nothing in the statute's language or legislative history that suggests Congress gave defendants the unilateral power to stop further proceedings in their tracks once the pleadings have closed and the court has found the complaint sufficient under the PSLRA's heightened pleading standards.

## CONCLUSION

So, for all the above reasons, there is no stay of discovery while Defendants' motion for judgment on the pleadings is pending.

This Order disposes of Docket No. 94.

**IT IS SO ORDERED.**

Dated: August 6, 2025

JACQUELINE SCOTT CORLEY
United States District Judge