1  QUINN EMANUEL URQUHART
      & SULLIVAN, LLP
2  Kristin Tahler (Bar No. 261908)
   kristintahler@quinnemanuel.com
3  865 S. Figueroa Street, 10th Floor
   Los Angeles, CA 90017
4  Telephone: (213) 443-3000

5  Christopher Porter (*pro hac vice*)
   chrisporter@quinnemanuel.com
6  700 Louisiana Street, Suite 3900
   Houston, TX 77002
7  Telephone: (713) 221-7000

Jesse Bernstein (*pro hac vice*)
Brenna Nelinson (*pro hac vice*)
Amy Shehan (*pro hac vice*)
jessebernstein@quinnemanuel.com
brennanelinson@quinnemanuel.com
amyshehan@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GLAZING EMPLOYERS AND GLAZIERS' UNION LOCAL #27 PENSION AND RETIREMENT FUND, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IRHYTHM TECHNOLOGIES, INC., and QUENTIN BLACKFORD,<br><br>Defendants. | Case No. 3:24-cv-706-JSC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S "UNOPPOSED MOTION" TO MODIFY HEARING FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: October 9, 2025<br>Time: 10:00 a.m.<br>Location: Courtroom 8, 19th Floor<br>Before: Hon. Jacqueline Scott Corley |

On September 4, 2025, Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Plaintiff") submitted what it styled as an "unopposed motion" to conduct this Court's October 9, 2025 hearing on Defendants' Rule 12(c) Motion for Judgment on the Pleadings by videoconference. *See* ECF No. 97 ("Motion" or "Mot."). Plaintiff's Motion makes several blatant misrepresentations to this Court. To start, Defendants **never** agreed to the submission of an "unopposed motion," nor did Defendants have **any** opportunity to even review the motion before Plaintiff filed it. Had Plaintiff provided its "unopposed motion" to Defendants as is routine before filing an unopposed request for relief, Defendants would have objected. Below, Defendants respond to Plaintiff's other intentional misrepresentations.

***First***, in an apparent attempt to frame Plaintiff's own scheduling conflict as an issue Defendants created, Plaintiff's Motion egregiously mischaracterizes the Parties' discussions regarding the hearing date. On July 28, 2025, this Court set an in-person hearing date of October 9, 2025 for Defendants' Rule 12(c) Motion. *See* 7/28/2025 docket entry text. One month later—on August 29, 2025—Plaintiff reached out to Defendants to ask if Defendants would agree to move the October 9 hearing to October 16 because Plaintiff has "an unavoidable conflict" on October 9. Ex. A at 6.[1] Defendants responded that they have a "strong preference to move forward with the hearing on October 9 . . . but if absolutely necessary . . . [would] consider moving up the hearing to September 25 subject to Judge Corley's schedule." *Id*. at 6. Defendants made clear that they are not willing to agree to delay the October 9 hearing but that they are "amenable to moving the hearing earlier" and asked that Plaintiff "propose dates prior to October 9." *Id*. at 5. In response, Plaintiff claimed to be unavailable for the entire month of September and declined to propose alternative earlier dates. *Id*. at 4.

Defendants also made clear to Plaintiff that they would not enter into a joint stipulation agreeing to conduct the hearing via Zoom given Defendants' strong preference that the Rule 12(c) Motion be heard in-person and Defendants' related concern that they not signal to this Court that such an important motion is necessarily suitable to be heard remotely. Ex. B at 1. In the interest of compromise, however, Defendants agreed not to oppose Plaintiff's motion to conduct the hearing via Zoom, with the understanding that Plaintiff would still need to justify its request to this Court. *Id*. at 1 ("We agreed not

---

[1] Exhibits ("Ex. _") are attached to the Declaration of Kristin Tahler filed simultaneously herewith.

to oppose Plaintiff's request that the hearing be held via zoom as a professional courtesy and to the extent the Court agrees a virtual hearing is a viable solution to Plaintiff's apparent conflict, **but that does not absolve Plaintiff of its burden** to seek its desired relief from the court." (emphasis added)).  Plaintiff never responded, and instead filed the present Motion styled as "unopposed."  But Defendants do in fact oppose this Motion for the same reasons Defendants would not enter into a joint stipulation requesting that the hearing be conducted via Zoom.  Specifically, Defendants would not, and cannot, represent to this Court that good cause exists to change the format of the hearing, or to move the date entirely, given the absence of any information from Plaintiff justifying its apparent inability to appear in person on October 9.  Plaintiff's characterization of its Motion as "unopposed" and one "to accommodate Defendants' preference" is thus an extreme misrepresentation.  Mot. at 2.

*Second*, Plaintiff does not have an actual conflict with the hearing.  As reflected in the Parties' correspondence, Defendants asked about the nature of Plaintiff's apparent conflict given that Plaintiff never raised any issue with the October 9 date when this Court calendared it or in the entire month thereafter.  *See, e.g.*, ECF No. 96 at 1 (Plaintiff's Opposition to Defendants' Rule 12(c) Motion listed October 9, 2025 as the hearing date).  In particular, Defendants asked Plaintiff "what immovable conflict has arisen given that the hearing was scheduled on July 28 and you did not raise any issue with the October 9 date." Ex. A at 5.  Defendants also informed Plaintiff that because Defendants had already made travel arrangements and planned other deadlines around the hearing, "[i]f we are going to consent to changes to the format or date of the hearing at this stage, we need to understand why you are making this request." *Id.* at 4.  Plaintiff's response revealed that—***contrary to its representation*** in its initial outreach—it does ***not*** have an "unavoidable conflict" on October 9, *id.* at 6, rather that its "conflict is with the travel required for the in-person hearing on the 9th," *id.* at 4.  Defendants then asked Plaintiff to "explain when your conflict first arose" so that Defendants could evaluate the position they would take on the administrative motion Plaintiff indicated it would file. *Id.* at 3.  Plaintiff ignored that question too.

*Third*, this Court mandates that all civil motion hearings be held in person, and that requests or stipulations for a Zoom hearing may be denied "unless good cause is shown."  *See* Civil Standing Order For District Judge Jacqueline Scott Corley at 1.  Plaintiff's request for relief from this Court ***does not***

substantiate its assertion that there is "good cause" to move the hearing date based on Plaintiff's "irreconcilable conflict." Mot. at 2. For example:

- Plaintiff misrepresented to Defendants that it has "an immovable conflict" on October 9;

- Plaintiff has not stated when the purported mediation conflict arose, suggesting that it was scheduled after this Court scheduled the October 9 hearing;

- Plaintiff has not explained why it treats a mediation that is not court-ordered as immovable but this Court's scheduled hearing as movable;

- Plaintiff has not explained why the mediation cannot be conducted via Zoom if there is a concern that it will result in travel that conflicts with the October 9 hearing;

- Plaintiff has not explained why both partners who have entered appearances in this case must be present at the mediation instead of honoring this Court's hearing date;

- Plaintiff has not explained why it cannot arrange to travel for the October 9 hearing when the mediation concludes on October 8 or, to the extent the mediation has not concluded, why it cannot resume the mediation after this Court's October 9 hearing; and

- Plaintiff has not explained why it would represent to this Court that its Motion is unopposed when the parties' correspondence (which Defendants attach for the Court, but Plaintiff did not) clearly shows it is anything but.

*Finally*, Plaintiff waited thirty-two days to communicate this "unavoidable conflict" to Defendants. There are several options Plaintiff could pursue to "make themselves available" for the October 9 hearing that are not "impracticable" as Plaintiff suggests: (1) book an evening flight from New York City to San Francisco on October 8; (2) reschedule the mediation; (3) conduct the mediation by videoconference; or (4) have one of the other two attorneys who have appeared in this case but will not be at the mediation attend the October 9 hearing. Other than the Motion, Defendants are unaware of *any* efforts Plaintiff has taken to accommodate and respect this Court's schedule.

\*   \*   \*

Defendants understand Plaintiff's desire to delay this Court's hearing on Defendants' Rule 12(c) Motion given that it has potential to materially limit Plaintiff's remaining case, if not eliminate it entirely. To that end, Plaintiff has a vested interest in delaying the hearing for as long as possible. But Plaintiff's

scheduling gamesmanship, egregious misrepresentations, and inability to corroborate its assertion that it has an "irreconcilable conflict" should not be countenanced. A different result would encourage Plaintiff to continue creating its own scheduling conflicts whenever it seeks to avoid a Court-ordered hearing date, while Defendants are prejudiced by Plaintiff's delay.

For the forgoing reasons, Defendants do not believe that Plaintiff has demonstrated the necessary good cause to move the hearing from in-person to Zoom. Indeed, Plaintiff should not be rewarded for its gamesmanship. Nevertheless, to the extent the Court disagrees, then Defendants will not oppose a Zoom hearing on October 9. However, Defendants do oppose any attempt by Plaintiff to move the hearing beyond October 9 because Plaintiff has not established good cause for moving that date entirely, and Plaintiff's Motion should be denied to the extent it seeks to move the hearing to a later date.

DATED: September 5, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Kristin Tahler*

Kristin Tahler (Bar No. 261908)
kristintahler@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Christopher Porter (*pro hac vice*)
chrisporter@quinnemanuel.com
700 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: (713) 221-7000

Jesse Bernstein (*pro hac vice*)
Brenna Nelinson (*pro hac vice*)
Amy Shehan (*pro hac vice*)
jessebernstein@quinnemanuel.com
brennanelinson@quinnemanuel.com
amyshehan@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

*Attorneys for Defendants*