QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
Kristin Tahler (Bar No. 261908)
kristintahler@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Christopher Porter (*pro hac vice*)
chrisporter@quinnemanuel.com
700 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: (713) 221-7000

Jesse Bernstein (*pro hac vice*)
Brenna Nelinson (*pro hac vice*)
Amy Shehan (*pro hac vice*)
jessebernstein@quinnemanuel.com
brennanelinson@quinnemanuel.com
amyshehan@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

GLAZING EMPLOYERS AND GLAZIERS'
UNION LOCAL #27 PENSION AND
RETIREMENT FUND, on behalf of itself and all
others similarly situated,

Plaintiff,

v.

IRHYTHM TECHNOLOGIES, INC., and
QUENTIN BLACKFORD,

Defendants.

Case No. 3:24-cv-706-JSC

**DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR JUDICIAL
NOTICE AND INCORPORATION BY
REFERENCE IN SUPPORT OF THEIR
MOTION FOR JUDGMENT ON THE
PLEADINGS**

Date: October 9, 2025
Time: 10:00 a.m.
Location: Courtroom 8, 19th Floor
Before: Hon. Jacqueline Scott Corley

Case No. 3:24-cv-706-JSC

DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY
REFERENCE IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

## I. **INTRODUCTION**

Plaintiff's Opposition (Dkt. 96 at 17-18) ("Opp.") to Defendants' Request for Judicial Notice and Incorporation by Reference in Support of Defendants' Motion for Judgment on the Pleadings (Dkt. 89) ("RJN") confirms that the Court should grant Defendants' RJN in its entirety.  In connection with their Rule 12(c) Motion (Dkt. 88), Defendants seek judicial notice of eight documents:  the operative versions of the Zio AT label throughout the Class Period (Dkts. 88-3, 88-4, 88-5, 88-6); an iRhythm earnings call transcript from November 1, 2022 (Dkt. 88-7); two analyst reports (Dkts. 88-8, 88-9); and an FDA webpage (Dkt. 88-10).  This request is uncontroversial.  Each of these documents may be properly considered by the Court in connection with Defendants' Rule 12(c) Motion under well-established law in this Circuit governing judicial notice and incorporation by reference.

*First*, Plaintiff concedes that Exhibit 5 (the transcript of iRhythm's Q3 2022 earnings call that took place on November 1, 2022) is incorporated by reference into Plaintiff's Complaint and agrees it is appropriate for the Court to consider Exhibit 5.  Opp. at 17 n.2.  Accordingly, Defendants' request should be granted as to Exhibit 5.  *See* RJN at 3-4.

*Second*, Plaintiff does not dispute that the Court can take judicial notice of Exhibits 1-4 and Exhibits 6-8 to determine what information was disclosed.  Opp. at 17.  But Plaintiff argues that Defendants submit Exhibits 1-4 and 6-8 for the "truth of their contents."  *Id.*  That is wrong.  Defendants submit Exhibits 1-4 and 6-8 to show what information was disclosed to the market.  Each exhibit provides the Court with important context to assess what information was disclosed and whether Plaintiff has adequately alleged a securities fraud claim.  *See, e.g.*, *Chi. & Vicinity Laborers' Dist. Council Pension Fund v. Amplitude, Inc.*, 2025 WL 82206, at *1 (N.D. Cal. 2025) (judicial notice is appropriate "for the purpose of determining what information was available to the market"); *In re Dermtech, Inc. Sec. Litig.*, 2024 WL 4941026, at *2 (S.D. Cal. 2024) (taking judicial notice of an exhibit because it provides "appropriate context for assessing Plaintiff's allegations"); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("We take judicial notice that the market was aware of the information contained in the news articles submitted by the defendants.").

Defendants' RJN should be granted in full.

Case No. 3:24-cv-706-JSC

DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY
INTEREST IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

## II.  **ARGUMENT**

The Court should take judicial notice of Exhibits 1-4 and 6-8 for the reasons set forth in the RJN. Plaintiff does not dispute that judicial notice of these exhibits is appropriate. Rather, Plaintiff's only argument in opposition is that Defendants are purportedly offering these exhibits for the "truth." Not so.[1]

**Exhibits 1-4.** Exhibits 1-4 are versions 8, 9, 10, and 11 of iRhythm's Zio AT Clinical Reference Manual ("CRM"), which is a significant part of the Zio AT label. *See* Dkts. 88-3, 88-4, 88-5, 88-6. This Court already found that the CRMs were "publicly distributed," "widely available," and "judicially noticeable" when it previously took judicial notice of version 1 (Dkt. 51-18) and version 7 (Dkt. 51-20) of the CRM. Dkt. 77 at 9. The same result is appropriate here. Given that the Zio AT label is comprised of the CRM and Important Information Pamphlet,[2] the CRM is a critical document in assessing "the information available to the market." *See id.* (quoting *Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023)). The Court need not take judicial notice that the information is in fact true to properly take notice of the fact that the transmission limit was disclosed in the Zio AT CRMs. *E.g.*, *McGovney v. Aerohive Networks, Inc.*, 2019 WL 8137143, at *7 (N.D. Cal. 2019) ("[T]he Court may take judicial notice of publications introduced to indicate what was in the public realm at the time, but [] the Court may not take judicial notice as to whether the contents of those articles were in fact true." (quotation marks omitted)).

**Exhibits 6-7.** Exhibits 6-7 are analyst reports concerning iRhythm from Truist and Wolfe Research, dated November 1, 2022. *See* Dkts. 88-8, 88-9. "Analyst reports are subject to judicial notice . . . to determine the information available to the market." *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. 2020). As such, courts routinely take judicial notice of analyst reports. *See, e.g.*, *Par Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 n.1 (9th Cir. 2017) (granting

---

[1] It is for this reason that *In re Doximity, Inc. Sec. Litig.*, 2025 WL 1449598, at *2 (N.D. Cal. 2025) is distinguishable. Opp. at 17. The *Doximity* defendants requested judicial notice of exhibits to establish what "investors understood," which is "subject to varying interpretations." 2025 WL 1449598, at *2. Meanwhile, here, Defendants submit Exhibits 1-8 simply to show what information was disclosed, which is not subject to any interpretation—much less varying interpretations.

[2] *See* Dkt. 51-7 at 2 (referring to the "Zio AT System Clinical Reference Manual" and "Important Information Pamphlet for Zio AT System" as the "Zio AT System labeling precautions").

defendant's request for judicial notice of analyst reports); *In re Century Aluminum Secs. Litig.,* 2011 WL 830174, at \*9 (N.D. Cal. 2011) (courts in securities actions "routinely take judicial notice of analyst reports . . . in order to determine what may or may not have been disclosed to the public."). As is clear from Defendants' Rule 12(c) Motion, Defendants submit Exhibits 6-7 not for their truth, but rather to show what information was disclosed at the time the alleged misstatements were made.

*Exhibit 8.* Exhibit 8 is the FDA's webpage regarding iRhythm's Customer Advisory Notice. *See* Dkt. 88-10. The Court has already found that "websites and their contents may be judicially noticed" and previously took judicial notice of an FDA webpage. Dkt. 77 at 8 (citing *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020)). The same result is appropriate here. *E.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (courts may take judicial notice of information made publicly available by government entities); *Eidemann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) ("Documents published on government-run websites are proper for judicial notice given their reliability.").

## III.     CONCLUSION

The Court should incorporate by reference Exhibit 5 into the Complaint, take judicial notice of Exhibits 1-4 and 6-8, and consider Exhibits 1-8 when ruling on Defendants' Motion for Judgment on the Pleadings. Defendants respectfully request that the Court grant Defendants' RJN in its entirety.

DATED: September 5, 2025

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Christopher Porter*

Kristin Tahler (Bar No. 261908)
kristintahler@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Christopher Porter (*pro hac vice*)
chrisporter@quinnemanuel.com
700 Louisiana Street, Suite 3900
Houston, TX 77002
Telephone: (713) 221-7000

Jesse Bernstein (*pro hac vice*)
Brenna Nelinson (*pro hac vice*)
Amy Shehan (*pro hac vice*)
jessebernstein@quinnemanuel.com
brennanelinson@quinnemanuel.com
amyshehan@quinnemanuel.com
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

***Attorneys for Defendants***

DEFENDANTS' REPLY IN SUPPORT OF THEIR REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS