**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

*Counsel for Lead Plaintiff Oklahoma*
*Firefighters Pension and Retirement System*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLAZING EMPLOYERS AND GLAZIERS' UNION LOCAL #27 PENSION AND RETIREMENT FUND, on behalf of itself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>IRHYTHM TECHNOLOGIES, INC., et al.,<br><br>                    Defendants. | Case No. 3:24-cv-706-JSC<br><br>**JOINT DECLARATION OF KATHERINE M. SINDERSON AND CHRISTOPHER PORTER IN SUPPORT OF STIPULATED PROTECTIVE ORDER**<br><br>Judge: Honorable Jacqueline Scott Corley |

JOINT DECLARATION ISO STIPULATED PROTECTIVE ORDER
CASE NO. 3:24-CV-706-JSC

We, Christopher Porter and Katherine M. Sinderson, declare as follows:

1.    I, Christopher Porter, am an attorney licensed to practice law in the State of Texas, and I am admitted *pro hac vice* before this Court.  I am a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP, and I am counsel of record for Defendants iRhythm Technologies, Inc. ("iRhythm") and Mr. Quentin Blackford (collectively, "Defendants").

2.    I, Katherine M. Sinderson, am an attorney licensed to practice law in the State of New York and I am admitted *pro hac vice* before this Court. I am a partner in the law firm of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"), who is Lead Counsel for Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Lead Plaintiff").

3.    Pursuant to the Civil Standing Order for District Judge Jacqueline Scott Corley (Revised January 21, 2025), the parties submit this proposed protective order (the "Protective Order").

4.    The parties anticipate the majority of the documents implicating confidentiality concerns will be produced by Defendants. Defendants' position is that due to the complexity of the case and the likely exchange of confidential *and* highly confidential material and information, the model order is not practical.  Although the parties initially based the Protective Order on the model order, the parties made substantial changes to conform the Protective Order to the needs of the case while preserving the spirit of the model order.  For example, universal edits were implemented throughout the Protective Order to include an additional designation of "HIGHLY CONFIDENTIAL" and to give the Parties additional time to designate testimony for protection.  The Protective Order provides additional protections to the Parties that are not included in the model order.  The Parties engaged in productive, good faith negotiations to come to an agreement on the Protective Order.

We declare under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2025.

*/s/ Katherine M. Sinderson*
Katherine M. Sinderson

*/s/ Christopher Porter*
Christopher Porter

JOINT DECLARATION ISO STIPULATED PROTECTIVE ORDER                                                     1
CASE NO. 3:24-CV-706-JSC