# EXHIBIT 5

# Premarket Notification 510(k)

**Send Medical Device eSTAR and eCopy Premarket Submissions Online**

**October 3, 2022** - The FDA is announcing that you may now send electronic copy (eCopy) or electronic Submission Template And Resource (eSTAR) premarket submissions online through the CDRH Customer Collaboration Portal ("CDRH Portal").

Building on the progress tracker for 510(k) submissions launched in 2021 and the trial process of electronic uploads launched in July 2022, the CDRH Portal now allows anyone to register for a CDRH Portal account to send CDRH eCopy or eSTAR premarket submissions online (/medical-devices/industry-medical-devices/send-and-track-medical-device-premarket-submissions-online-cdrh-portal).

Starting October 1, **2023**, all 510(k) submissions, unless exempted*, must be submitted as electronic submissions using eSTAR.

Feedback

- Introduction

- What is Substantial Equivalence

- Who is Required to Submit a 510(k)

- When a 510(k) is Required

- When a 510(k) is not Required

- Preamendment Devices

- Third Party Review Program

Please note: **FDA charges a fee for review of Premarket Notifications [510(k)] (/medical-devices/premarket-submissions-selecting-and-preparing-correct-submission/medical-device-user-fees)**

# Introduction

Each person who wants to market in the U.S., a Class I, II, and III device intended for human use, for which a Premarket Approval application (PMA) is not required, must submit a 510(k) to FDA (/medical-devices/industry-medical-devices/send-and-track-medical-device-premarket-submissions-online-cdrh-portal) unless the device is exempt from 510(k) requirements of the Federal Food, Drug, and Cosmetic Act (the FD&C Act) and does not exceed the limitations of exemptions in .9 of the device classification regulation chapters (e.g., 21 CFR 862.9, 21 CFR 864.9). There is no 510(k) form; however, 21 CFR 807 (http://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfcfr/CFRSearch.cfm?CFRPart=807&showFR=1&subpartNode=21:8.0.1.1.5.5) Subpart E describes requirements for a 510(k) submission. Before marketing a device, each submitter must receive an order, in the form of a letter, from FDA which finds the device to be substantially equivalent (SE) and states that the device can be marketed in the U.S. This order "clears" the device for commercial distribution (see The 510(k) Program Guidance (/regulatory-information/search-fda-guidance-documents/510k-program-evaluating-substantial-equivalence-premarket-notifications-510k)).

A 510(k) is a premarket submission made to FDA to demonstrate that the device to be marketed is as safe and effective, that is, substantially equivalent, to a legally marketed device (section 513(i)(1)(A) FD&C Act). Submitters must compare their device to one or more similar legally marketed devices and make and support their substantial equivalence claims. A legally marketed device is a device that was legally marketed prior to May 28, 1976 (preamendments device), or a device which has been reclassified from Class III to Class II or I, a device which has been found SE through the 510(k) process, or a device that was granted marketing authorization via the De Novo classification process under section 513(f)(2) of the FD&C Act that is not exempt from premarket notification requirements. The legally marketed device(s) to which equivalence is drawn is commonly known as the "predicate." Although devices recently cleared under 510(k) are often selected as the predicate to which equivalence is claimed, any legally marketed device may be used as a predicate. Legally marketed also means that the predicate cannot be one that is in violation of the FD&C Act.

Until the submitter receives an order declaring a device SE, the submitter may not proceed to market the device. Once the device is determined to be SE, it can then be marketed in the U.S. The SE determination is usually made within 90 days and is made based on the information submitted by the submitter.

Please note that FDA does not typically perform 510(k) pre-clearance facility inspections. The submitter may market the device immediately after 510(k) clearance is granted. The manufacturer should be prepared for an FDA quality system (21 CFR 820) inspection at any

time after 510(k) clearance.

# What is Substantial Equivalence

A 510(k) requires demonstration of substantial equivalence to another legally U.S. marketed device.

A device is substantially equivalent if, in comparison to a predicate it:

- has the same intended use as the predicate; **and**

- has the same technological characteristics as the predicate; **or**

- has the same intended use as the predicate; **and**

- has different technological characteristics and does not raise different questions of safety and effectiveness; **and**

- the information submitted to FDA demonstrates that the device is as safe and effective as the legally marketed device.

A claim of substantial equivalence does not mean the new and predicate devices needs to be identical. FDA first establishes that the new and predicate devices have the same intended use and any differences in technological characteristics do not raise different questions of safety and effectiveness. FDA then determines whether the device is as safe and effective as the predicate device by reviewing the scientific methods used to evaluate differences in technological characteristics and performance data. This performance data can include clinical data and non-clinical bench performance data, including engineering performance testing, sterility, electromagnetic compatibility, software validation, biocompatibility evaluation, among other data.

A device may not be marketed in the U.S. until the submitter receives a letter finding the device substantially equivalent. If FDA determines that a device is **not** substantially equivalent, the applicant may:

- resubmit another 510(k) with new data,

- request a Class I or II designation through the De Novo Classification (/medical-devices/premarket-submissions-selecting-and-preparing-correct-submission/de-novo-classification-request) process

- file a reclassification petition (http://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfcfr/CFRSearch.cfm?CFRPart=860&showFR=1&subpartNode=21:8.0.1.1.15.3), or

- submit a premarket approval application (PMA).

# Who is Required to Submit a 510(k)

The FD&C Act and the 510(k) regulation (21 CFR 807) do not specify who must submit a 510(k). Instead, they specify which actions, such as introducing a device to the U.S. market, require a 510(k) submission.

The following four categories of parties must submit a 510(k) to the FDA:

1. Domestic manufacturers introducing a device to the U.S. market;

   Finished device manufacturers must submit a 510(k) if they manufacture a device according to their own specifications and market it in the U.S. Accessories to finished devices that are sold to the end user are also considered finished devices. However, manufacturers of device components are not required to submit a 510(k) unless such components are promoted for sale to an end user as replacement parts. Contract manufacturers, those firms that manufacture devices under contract according to someone else's specifications, are not required to submit a 510(k).

2. Specification developers introducing a device to the U.S. market;

   A specification developer develops the specifications for a finished device, but has the device manufactured under contract by another firm or entity. The specification developer submits the 510(k), not the contract manufacturer.

3. Repackers or relabelers who make labeling changes or whose operations significantly affect the device.

   Repackagers or relabelers may be required to submit a 510(k) if they significantly change the labeling or otherwise affect any condition of the device. Significant labeling changes may include modification of manuals, such as adding a new intended use, deleting or adding warnings, contraindications, etc. Operations, such as sterilization, could alter the condition of the device. However, most repackagers or relabelers are not required to submit a 510(k).

4. Foreign manufacturers/exporters or U.S. representatives of foreign manufacturers/exporters introducing a device to the U.S. market.

Please note that all manufacturers (including specification developers) of Class II and III devices and select Class I devices are required to follow design controls (21 CFR 820.30) during the development of their device. The holder of a 510(k) must have design control documentation available for FDA review during a site inspection. In addition, any changes to the device specifications or manufacturing processes must be made in accordance with the Quality System regulation (21 CFR 820) and may be subject to a new 510(k). Additional information is found on the webpage "Is a new 510(k) required for a modification to the device? (/medical-devices/premarket-notification-510k/new-510k-required-modification-device)"

# When a 510(k) is Required

A 510(k) is required when:

1. Unless exempt, introducing a device into commercial distribution (marketing) for the first time. After May 28, 1976 (effective date of the Medical Device Amendments to the Act), anyone who wants to sell a device in the U.S. is required to make a 510(k) submission at least 90 days prior to offering the device for sale, even though it may have been under development or clinical investigation before that date. If your device was not marketed by your firm before May 28, 1976, a 510(k) is required.

2. There is a change or modification to a legally marketed device and that change could significantly affect its safety or effectiveness. The burden is on the 510(k) holder to decide whether or not a modification could significantly affect safety or effectiveness of the device. Any modifications must be made in accordance with the Quality System regulation, 21 CFR 820, and recorded in the device master record and change control records. It is recommended that the justification for submitting or not submitting a new 510(k) be recorded in the change control records.

   A new 510(k) submission is required for changes or modifications to an existing device, where the modifications could significantly affect the safety or effectiveness of the device or the device is to be marketed for a new or different intended use. See Is a new 510(k) required for a modification to the device? (/medical-devices/premarket-notification-510k/new-510k-required-modification-device) for additional information.

# When a 510(k) is Not Required

The following are examples of when a 510(k) is not required.

1. You sell unfinished devices to another firm for further processing or sell components to be used in the assembling of devices by other firms. However, if your components are to be

sold directly to end users as replacement parts, a 510(k) is required.

2. Your device is not being marketed or commercially distributed. You do not need a 510(k) to develop, evaluate, or test a device. This includes clinical evaluation. Please note that if you perform clinical trials with your device, you are subject to the Investigational Device Exemption (/medical-devices/premarket-submissions-selecting-and-preparing-correct-submission/investigational-device-exemption-ide) (IDE) regulation (21 CFR 812).

3. You distribute another firm's domestically manufactured device. You may place a label on the device, "Distributed by ABC Firm" or "Manufactured for ABC Firm," (21 CFR 801.1 (http://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfcfr/CFRSearch.cfm?fr=801.1)) and sell it to end users without submission of a 510(k).

4. In most cases, if you are a repackager or a relabeler and the existing labeling or condition of the device is not significantly changed. The labeling should be consistent with the labeling submitted in the 510(k) with the same indications for use and warnings and contraindications.

5. Your device was legally in commercial distribution before May 28, 1976 and has not been significantly changed or modified in design, components, method of manufacture, or intended use. These devices are "grandfathered" and you have Preamendment Status (/medical-devices/quality-and-compliance-medical-devices/preamendment-status) documentation to prove this.

6. The device is made outside the U.S. and you are an importer of the foreign made medical device. A 510(k) is not required if a 510(k) has been submitted by the foreign manufacturer and received marketing clearance. Once the foreign manufacturer has received 510(k) clearance for the device, the foreign manufacturer may export his device to any U.S. importer.

7. Your device is exempted from 510(k) by regulation (21 CFR 862-892). That is, certain Class I or II devices can be marketed for the first time without having to submit a 510(k). A list of the Class I and II exempted devices can be found on Medical Device Exemptions 510(k) and GMP Requirements (http://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfpcd/315.cfm). However, if the device exceeds the limitations of exemptions in .9 of the device classification regulation chapters (e.g., 21 CFR 862.9, 21 CFR 864.9), such as the device has a different intended use or operates using a different fundamental scientific technology than a legally marketed device in that generic type of device, or the device is a reprocessed single-use device, then a 510(k) must be submitted to market the new device.

# Preamendment Devices

The term "preamendments device" refers to devices legally marketed in the U.S. by a firm before May 28, 1976 **and** which have not been:

- significantly changed or modified since then; **and**

- for which a regulation requiring a PMA application has not been published by FDA.

Devices meeting the above criteria are "grandfathered" devices and do not require a 510(k). The device must have the same intended use as that marketed before May 28, 1976. If the device is labeled for a different intended use, then the device is considered a new device and a 510(k) must be submitted to FDA for marketing clearance.

Please note that you must be the **owner** of the device on the market before May 28, 1976, for the device to be grandfathered. If your device is similar to a grandfathered device and marketed **after** May 28, 1976, then your device does NOT meet the requirements of being grandfathered and you must submit a 510(k). In order for a firm to claim that it has a preamendments device, it must demonstrate that its device was labeled, promoted, and distributed in interstate commerce for a specific intended use and that intended use has not changed. See Preamendment Status (/medical-devices/quality-and-compliance-medical-devices/preamendment-status) for information on documentation requirements.

# Third Party Review Program

The Center for Devices and Radiological Health (CDRH) has implemented a Third Party Review Program. This program provides an option to manufacturers of certain devices of submitting their 510(k) to private parties (Recognized Third Parties) identified by FDA for review instead of submitting directly to CDRH. For more information on the program, eligible devices and a list of Recognized Third Parties go to Third Party Review Program Information (/medical-devices/premarket-submissions-selecting-and-preparing-correct-submission/510k-third-party-review-program) page.

# Additional Information

- Send and Track Medical Device Premarket Submissions Online: CDRH Portal (/medical-devices/industry-medical-devices/send-and-track-medical-device-premarket-submissions-online-cdrh-portal)

- CDRH Learn Module: 510(k) Program (http://fda.yorkcast.com/webcast/Play/d91af554691c4260b5eca0b2a28e636b1d) ⧉ ∧ (http://www.fda.gov/about-fda/website-policies/website-disclaimer)

- 510(k) Frequently Asked Questions (/medical-devices/premarket-notification-510k/510k-frequently-asked-questions)

- De Novo Classification Process (Evaluation of Automatic Class III Designation) - Guidance for Industry and Food and Drug Administration Staff (/regulatory-information/search-fda-guidance-documents/de-novo-classification-process-evaluation-automatic-class-iii-designation)

- 510(k) Decision-Making Flowchart (/media/82395/download?attachment)

- The 510(k) Program: Evaluating Substantial Equivalence in Premarket Notifications [510(k)] - Guidance for Industry and Food and Drug Administration Staff (/regulatory-information/search-fda-guidance-documents/510k-program-evaluating-substantial-equivalence-premarket-notifications-510k)

- Deciding When to Submit a 510(k) for a Change to an Existing Device (/regulatory-information/search-fda-guidance-documents/deciding-when-submit-510k-change-existing-device)

- Deciding When to Submit a 510(k) for a Software Change to an Existing Device (/regulatory-information/search-fda-guidance-documents/deciding-when-submit-510k-software-change-existing-device)

- 510(k) Clearances (/medical-devices/device-approvals-and-clearances/510k-clearances)

# Contact FDA

1 (800) 638-2041

(301) 796-7100

DICE@fda.hhs.gov (mailto:DICE@fda.hhs.gov)

Information-Medical Devices / Radiation Products
Division of Industry and Consumer Education (/dice)
CDRH-Center for Devices and Radiological Health
Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993