**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
JONATHAN D. USLANER (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3470

*Counsel for Lead Plaintiff Oklahoma*
*Firefighters Pension and Retirement System*

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLAZING EMPLOYERS AND GLAZIERS' UNION LOCAL #27 PENSION AND RETIREMENT FUND, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> IRHYTHM TECHNOLOGIES, INC., et al., <br><br> Defendants. | Case No. 3:24-cv-706-JSC <br><br> **LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** <br><br> Judge: Honorable Jacqueline Scott Corley |

Lead Plaintiff Oklahoma Firefighters Pension and Retirement System ("Plaintiff") opposes Defendants' Motion for Leave to File a Sur-Reply (the "Motion"), ECF No. 130.

Plaintiff regrets that Defendants have burdened the Court with a needless dispute. Even though a sur-reply is unwarranted here, Plaintiff agreed not to oppose Defendants' request. Plaintiff simply asked that the parties request that the Court not disturb the February 26, 2026 date for the Court's hearing on Plaintiff's Motion for Class Certification and that Plaintiff be permitted a short response to Defendants' submission. *See* ECF No. 130-1 at 1. Defendants refused.

The Motion contends that Plaintiff's Reply "introduces new arguments and evidence" related to price impact, including by Dr. Cain, which supposedly entitles Defendants to a sur-reply. Mot. at 1. Defendants further claim Plaintiff's request for a 5-page response is not "appropriate" because "Defendants bear the burden" on the issue of price impact. *Id.* Defendants are wrong.

*First*, Plaintiff was under no burden to present positive proof of price impact on its opening submission on class certification. It was Defendants' burden to disprove price impact on opposition. Plaintiff's procedurally proper response to Defendants' price impact arguments, which included fact and expert evidence, demonstrated that Defendants failed to meet their burden.

*Second*, Defendants' burden required them to present on opposition evidence of a ***complete*** lack of price impact on the "front-end," which in a securities class action necessarily requires an analysis of whether Defendants' misstatements artificially "maintained" iRhythm's stock price. Defendants have been on notice of evidence of front-end price impact Plaintiff intended to rely on for years, yet did not address it. Defendants should not get a do-over.

*Third*, there are no "new arguments" in Plaintiff's reply, and Plaintiff's reliance on a rebuttal expert report and discovery material does not justify further briefing. Courts regularly deny leave to file sur-replies in further opposition to class certification to address price impact.

*Last*, the Motion would deprive Plaintiff of the 5-page response allowed by Civil Local Rule 7-3(d)(1).

The Motion should be denied or, at minimum, Plaintiff should be permitted the last word on their motion. In any event, Plaintiff respectfully requests that the February 26 date for the class certification hearing be maintained.

## I.    RELEVANT PROCEDURAL HISTORY

On October 11, 2024, Plaintiff filed the Second Amended Class Action Complaint. (ECF No. 43). Therein, Plaintiff set forth allegations relevant to the price impact of the alleged misstatements. For example, Plaintiff alleged in detail that iRhythm trumpeted the Zio AT as a "near-real time" device appropriate for "high risk" patients for years prior to the start of the Class Period. *See, e.g.*, ¶45. Plaintiff also alleged that analysts quoted directly from these misstatements in their pre-Class Period reports and identified the Zio AT's purported capabilities as a boon for iRhythm's performance. ¶¶47-50. The Court cited these same allegations in its order denying Defendants' motion to dismiss. (ECF No. 77, at 2-3 (citing ¶¶44-45)).

On November 3, 2025, Plaintiff filed its Motion for Class Certification. ECF No. 114. This Motion was accompanied by the Expert Report of Dr. Matthew Cain, addressing market efficiency and damages methodology. ECF No. 114-3. On January 5, 2026, Defendants filed their Opposition to Plaintiff's Motion for Class Certification, accompanied by the Expert Report of Dr. Douglas Skinner, which challenged price impact and Plaintiff's proposed damages methodology. ECF Nos. 120, 120-2. While Defendants acknowledged the existence of the price maintenance theory, neither they nor Dr. Skinner's report challenged the price impact of pre-Class Period misstatements. *See, e.g.*, ECF No. 120 at 12-13 (arguing that Plaintiff cannot invoke price maintenance theory solely because of a supposed "mismatch" between statements and disclosures, not because the theory is not viable). On February 9, 2026, Plaintiff filed its Reply in Further Support of Class Certification ("Reply"), accompanied by supporting exhibits, including discovery material, and the Expert Reply Report of Dr. Cain ("Cain Reply Report"). ECF Nos. 129, 129-2.

The Court is scheduled to hear the Motion for Class Certification on February 26, 2026.

## II.    ARGUMENT

### A.    Legal Standards

"Parties do not have the right to file sur-replies and . . . the Court generally view[s] motions for leave to file a sur-reply with disfavor. *Van Hees v. BAM Trading Servs., Inc.*, 2025 WL 3026497, at *1 (N.D. Cal. Oct. 29, 2025) (citing *Garcia v. Biter*, 195 F.Supp.3d 1131, 1133 (E.D. Cal. July 18, 2016)). In this District, the rules otherwise provide the parties with the opportunity

to respond to any new evidence submitted on reply. *See* Civil Local Rule 7-3(d)(1).

### B.  A Sur-Reply Is Not Warranted

Defendants' arguments for allowing a sur-reply are meritless.

***First,*** Defendants misunderstand the burden-shifting framework under *Goldman*. *See* Mot. at 2. Plaintiff was not required to address price impact in their opening brief. Plaintiff needed only to establish market efficiency to invoke the *Basic* presumption, which Defendants concede it did. The burden of production and persuasion then shifted to Defendants to rebut that presumption, *i.e.*, proving a complete lack of price impact. *Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 594 U.S. 113, 126 (2021). After Defendants attempted (but failed) to carry their burdens of production and persuasion (ECF No. 120 ("Opp.")), Plaintiff properly identified that failure in its Reply. This is the normal sequence of proof, and granting a sur-reply on this basis would make a sur-reply automatic in virtually every case relying on the *Basic* presumption.

***Second,*** Defendants' burden of production required them to introduce evidence capable of proving a complete lack of price impact, which necessarily includes evidence rebutting "front-end" price impact of misstatements, and "back-end" price impact of the corrective disclosures. *Homyk v. ChemoCentryx, Inc.*, 2024 WL 1146199, at *4 (N.D. Cal. Mar. 6, 2024). Under the "price maintenance" theory, class period misstatements maintain already existing artificial inflation to similar misrepresentations made before the class period. Thus, it is necessary to analyze the pre-class period introduction of artificial inflation into the stock price to disprove front-end price impact. *See In re CenturyLink Sales Pracs. & Sec. Litig.*, 337 F.R.D. 193, 209-10 (D. Minn. 2020) (rejecting price impact challenge in price maintenance case where defendants did not produce evidence of lack of front-end price impact); Cain Reply Report ¶¶24-28. It was Defendants' obligation to establish a lack of "front-end" price impact in their Opposition—not on sur-reply after Plaintiff pointed out that Defendants failed to meet their burden.

Defendants were on notice of such evidence long before briefing on class certification began. The Complaint directly quoted pre-Class Period examples of Defendants highlighting the Zio AT's "real time" transmission, along with analyst reports repeating that same language in recommending Zio AT stock (and thus demonstrating the price impact of those statements).

Defendants' expert admitted during his deposition that while he reviewed the Complaint, and relied on hundreds of analyst reports covering iRhythm, he chose to review only a handful of pre-class period analyst reports—and not the ones quoted in the Complaint. *See* ECF No. 129-17 at 131:18-134:21. Defendants have already made two unsuccessful attempts to dismiss Plaintiff's claims on the pleadings, (*see* ECF No. 118 at 10), and thus have no excuse for missing their opportunity to address such evidence in their opposition. Defendants and their expert made a tactical decision to ignore the price maintenance theory of artificial inflation almost entirely, despite their burden of production and the Complaint's allegations. Such tactics do not entitle Defendants to a sur-reply. *See, e.g., Doria v. Yavapai Coll. Dist. Governing Bd.* 2025 WL 2411051, at *2-3 (D. Ariz. Aug. 20, 2025) (denying sur-reply request; "sur-reply is not justified to reemphasize arguments that were or could have been raised in a response").

*Third*, the Reply does not raise "new arguments" (Mot. at 2)—it responds to arguments Defendants raised for the first time in their Opposition. Plaintiff had no obligation to preemptively address arguments Defendants had yet to make. *See Markson v. CRST Int'l, Inc.*, 2022 WL 790960, at *1 n.1 (C.D. Cal. Feb. 24, 2022) (denying sur-reply at class certification where reply was "directly responsive" to opposition). Nor are the Cain Reply Report and other exhibits "new evidence" (Mot. at 4): they directly respond to Defendants' Opposition and expert reports. "Evidence is not 'new' . . . if it is submitted in direct response to proof adduced in opposition to a motion." *Ehrlich v. Hartford Life & Accident Ins. Co.*, 2021 WL 4472844, at *1 n.1 (N.D. Cal. July 19, 2021); *see also Laub v. Horbaczewski*, 2020 WL 5092452, at *1 (C.D. Cal. June 24, 2020). Defendants submitted a 98-page expert report in support of their price impact arguments. Plaintiff was entitled to respond with its expert's rebuttal analysis.

*Fourth*, courts have repeatedly reject defendants' sur-reply requests under identical circumstances. *See, e.g., SEB Inv. Mgmt. AB v. Symantec Corp.*, 335 F.R.D. 276, 287 (N.D. Cal. 2020) (denying request for sur-reply on price impact); *In re Teva Sec. Litig.*, Case No. 17-cv-00558, ECF No. 606 (D. Conn. Nov. 23, 2020) (same); *Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634, 643-44 (S.D. Ohio 2017) (same); *see also In re Anadarko Petrol. Corp. Sec. Litig.*, 2022 WL 950892, at *1 (S.D. Tex. Mar. 25, 2022) (denying defendants' request for sur-reply on price

impact, even though plaintiff submitted an event study on reply). The logic animating these decisions is all the more applicable here as Civil Local Rule 7-3(d)(1) already permits Defendants to dispute any new reply evidence.

Judge Alsup's decision in *Symantec* is instructive. There, as here, defendants raised a "price impact" challenge for the first time in their opposition to class certification. 335 F.R.D. at 287. The *Symantec* defendants supported their "price impact" challenge with extensive legal arguments, evidence, and an expert report from Dr. Skinner. *See Symantec*, No. 3:18-cv-02902, ECF Nos. 207-08 (N.D. Cal. Feb. 14, 2020). The plaintiff responded in its reply brief with its own extensive argument, evidence, and expert analysis on "price impact." *Id.* at ECF No. 219 (N.D. Cal. Mar. 13, 2020). As in this case, the defendants argued that the court should permit them to file a sur-reply to address "the issue of price impact." *Id.* at ECF No. 221 (N.D. Cal. Mar. 20, 2020). The Court rejected defendants' sur-reply request, finding "no good cause shown" and explaining that "Defendants will have an opportunity to rehash their arguments in the proper frame—loss causation—on summary judgment or at trial." *Symantec,* 335 F.R.D. at 287.

***Last***, granting the Motion would prejudice Plaintiff by depriving it of the 5-page response allowed by Civil Local Rule 7-3(d)(1). *See, e.g.*, *Di Donato v. Insys Therapeutics, Inc.*, 333 F.R.D. 427, 434 (D. Ariz. 2019) (no "prejudice or unfairness" where plaintiff permitted to respond to "substance" of sur-reply).

## III.    CONCLUSION

As set forth above, Plaintiff respectfully requests that the Court deny Defendants' Motion. In the alternative, should the Court grant Defendants' Motion, Plaintiff asks that the Court permit it a brief response, consistent with Civil Local Rule 7-3(d)(1), which allows Plaintiff to respond to any new evidence Defendants may seek to introduce. In any event, Plaintiff respectfully requests the Court maintain the February 26, 2026 hearing date for class certification.

DATED:    February 11, 2026                Respectfully submitted,


                                           */s/ Katherine M. Sinderson*
                                           **BERNSTEIN LITOWITZ BERGER
                                             & GROSSMANN LLP**
                                           JOHN J. RIZIO-HAMILTON (*pro hac vice*)
                                           (johnr@blbglaw.com)
                                           KATHERINE M. SINDERSON (*pro hac
                                           vice*)
                                           (katiem@blbglaw.com)
                                           ALEC T. COQUIN (*pro hac vice* forthcoming)
                                           (alec.coquin@blbglaw.com)
                                           THOMAS Z. SPERBER (*pro hac vice*)
                                           (thomas.sperber@blbglaw.com)
                                           ABYGAIL KRITTA (*pro hac vice*)
                                           (abygail.kritta@blbglaw.com)
                                           1251 Avenue of the Americas
                                           New York, NY 10020
                                           Tel: (212) 554-1400

                                           JONATHAN D. USLANER (Bar No. 256898)
                                           jonathanu@blbglaw.com
                                           2121 Avenue of the Stars, Suite 2575
                                           Los Angeles, CA 90067
                                           Tel: (310) 819-3470

                                           *Counsel for Lead Plaintiff Oklahoma
                                           Firefighters Pension and Retirement System*

LEAD PLAINTIFF'S OPPOSITION TO                                          6
DEFENDANTS' MOTION FOR SUR-REPLY
CASE NO. 3:24-cv-706-JSC