# Exhibit A

**Exhibit A – Excerpts from a March 7, 2026 email chain from Emily Erickson, counsel for Defendants, to Katie M. Sinderson, counsel for Plaintiff.**

(the email chain has been modified to remove certain signature blocks and to correct formatting)

**From:** Emily Erickson <emilyerickson@quinnemanuel.com>
**Sent:** Saturday, March 7, 2026 7:49 AM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Nathan Morgan <nathanmorgan@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund <caramund@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta <Abygail.Kritta@blbglaw.com>
**Subject:** RE: Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

Yes, if Plaintiff moves the Court on a moot discovery issue, we are ready to address it.  Defendants reserve all rights, including fee shifting, particularly where we've already undertaken a search to confirm that the documents you seek don't exist.  Notwithstanding, we will endeavor to provide our portion of the joint statement by Wednesday if we receive your portion by Monday.  But we can't commit to that timeline until we see what exactly we are responding to. In any event, we will provide our portion by no later than Friday.

Thanks,
Emily

**Emily Erickson**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Friday, March 6, 2026 7:01 PM
**To:** Emily Erickson <emilyerickson@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Nathan Morgan <nathanmorgan@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund <caramund@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta <Abygail.Kritta@blbglaw.com>
**Subject:** Re: Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

Thanks Emily. When you say "timely," are you agreeing to provide your response on Wednesday as we have repeatedly requested?  Please let us know tonight so that we may plan for a Monday filing if appropriate.

Best,
Katie

**From:** Emily Erickson <emilyerickson@quinnemanuel.com>
**Sent:** Friday, March 6, 2026 6:13:02 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Nathan Morgan <nathanmorgan@quinnemanuel.com>; Christopher Porter

<chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund <caramund@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta <Abygail.Kritta@blbglaw.com>
**Subject:** RE: Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

---

Thanks, Katie.  After weeks of correspondence, we appreciate Plaintiff providing this important clarification on March 5.

*First*, Plaintiff's purported justification for belated discovery fails.  Specifically, your assertion that Defendants have "repeatedly suggested" that the subpoena dealt only with "unrelated matters" is belied by the record before the Court and the parties' correspondence.  In fact, Defendants have directly acknowledged that there was overlap between certain subpoena requests and Plaintiff's allegations.  *E.g.*, ECF No. 103 at 8-9 ("*Although some of the documents produced to the DOJ may be relevant*, a production of eight years of documents that overlaps with the Class Period for less than one year will necessarily include a large swath of irrelevant material.").  The only contrary example you've provided is Defendants' class certification opposition, which you misrepresent.  Defendants' brief clearly stated that the disclosure of the subpoena and the motion to enforce could not establish price impact for Plaintiff's "Transmission Claims" because (1) the transmission limit had already been disclosed publicly, and (2) any purported "lag time" was not "disclosed" through the subpoena or motion to enforce.  ECF No. 120 at 15, 18.  Defendants did not argue anything broader.  *Id.*  The point that the investigation was "industry wide," *see id.* at 6, had nothing to do with what the subpoena sought.

*Second*, even taking Plaintiff's purported justification at face value, Plaintiff **already has** the subpoena and motion to enforce, which plainly "demonstrate what the DOJ investigation actually focused on."

*Finally*, notwithstanding Plaintiff's failure to articulate relevance, Defendants have been working in good faith to resolve this issue.  To that end, after a reasonable search, Defendants confirm there are no documents between Quinn Emanuel and the DOJ that reflect the basis of the DOJ investigation. Defendants maintain that even if such documents existed, they would still be irrelevant to the issues in dispute here as pled by Plaintiff.  We trust this resolves this issue.

To the extent Plaintiff still feels it has a basis to burden the Court with this apparent issue, as we already made clear, we will provide a timely addition to Plaintiff's letter.

**Emily Erickson**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

---

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Thursday, March 5, 2026 6:14 PM
**To:** Brenna Nelinson <brennanelinson@quinnemanuel.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Nathan Morgan <nathanmorgan@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund <caramund@quinnemanuel.com>; Emily Erickson <emilyerickson@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta <Abygail.Kritta@blbglaw.com>
**Subject:** RE: Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

---

Brenna,

The role of the DOJ correspondence in this litigation is straightforward and was fully discussed during our meet and confer: if Defendants intend to argue that the DOJ investigation disclosures on May 4, 2023 and July 1, 2024 are not related to the misstatements alleged in this case, the DOJ correspondence is directly relevant to, among other things, loss causation.

The correspondence would help demonstrate what the DOJ investigation actually focused on—whether it concerned the Zio AT transmission limits and timing issues central to our claims, or unrelated matters as Defendants have repeatedly suggested.  For example, Defendants' recent opposition to class certification specifically argued that the DOJ subpoena was too broad and "industry-wide" rather than targeted to iRhythm's specific conduct, and that it did not implicate issues like "lag time." The DOJ correspondence would directly test these assertions.

Your demand for additional "specificity" and "justification" is a transparent attempt to impose burdens not required under the discovery rules and to delay submission of this dispute to the Court. We have been more than clear about what we seek, including our prior correspondence and our discussion during our meet and confer, and why it is relevant.

If you are unwilling to provide a constructive response, please confirm your agreement to submit this dispute to the Court via joint letter brief.  If you refuse to work with us on submitting a joint statement as the Court prefers, we will submit our statement separately and explain why to the Court.

Katie

**From:** Brenna Nelinson <brennanelinson@quinnemanuel.com>
**Sent:** Thursday, March 5, 2026 5:45 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Nathan Morgan <nathanmorgan@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund <caramund@quinnemanuel.com>; Emily Erickson <emilyerickson@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta <Abygail.Kritta@blbglaw.com>
**Subject:** RE: Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

Thanks, Katie.  So that the record is clear, we understand that Plaintiff is seeking all documents between Quinn Emanuel and the DOJ regarding the investigation prior to the 2023 subpoena and related 2024 enforcement action.  As you know, Plaintiff already has a copy of the subpoena and enforcement action.  We also understand that Plaintiff is not willing to articulate any specific subject matter within that broad category.

While we have Tom's February 17 email (which was repeated on the conferral) with a vague reference to class certification briefing that is now closed, we also understand that Plaintiff refuses to put in writing any justification for its request.

Please let us know if that is correct.  We are endeavoring to provide a "constructive response" that might move this issue forward, but that requires Plaintiff to articulate with specificity what it is looking for and how it's relevant.  Given that Plaintiff will have to provide this explanation to the Court in support of any motion to compel, we do not understand why you refuse to provide it to us now—particularly when doing so may help resolve, or at least narrow, the dispute.

Thanks
Brenna

**Brenna Nelinson**

Quinn Emanuel Urquhart & Sullivan, LLP

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Wednesday, March 4, 2026 10:08 PM
**To:** Brenna Nelinson <brennanelinson@quinnemanuel.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Nathan Morgan <nathanmorgan@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund <caramund@quinnemanuel.com>; Emily Erickson <emilyerickson@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta

<Abygail.Kritta@blbglaw.com>
**Subject:** RE: Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

---

Brenna, we have been clear that we seek the correspondence with the DOJ regarding the DOJ's investigation of iRhythm as manifested (at least in part) by the subpoena to the Company in the spring of 2023 and then subsequently in the subpoena enforcement action filed in 2024. We have explained the relevance of this correspondence repeatedly. I refer you to our past correspondence and meet and confer.

Is the below Defendants' response to Plaintiff's request, or are you expecting to provide a constructive response before the end of the week as you indicated last night? Please just let us know for our planning purposes.

Assuming Defendants are not altering their position as your email below indicates, please confirm whether Defendants agree to submit a joint submission to the Court next week to be filed on Thursday as we requested. If Defendants refuse to do so, we will make a submission consistent with the Court's rules.

Thank you,
Katie

**From:** Brenna Nelinson <brennanelinson@quinnemanuel.com>
**Sent:** Wednesday, March 4, 2026 9:59 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Nathan Morgan <nathanmorgan@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund <caramund@quinnemanuel.com>; Emily Erickson <emilyerickson@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta <Abygail.Kritta@blbglaw.com>
**Subject:** RE: Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

**[This message is from an external sender]**

---

Katie,

The record on this issue speaks for itself, including as it relates to delay.

While we disagree with Plaintiff's position, we remain willing to explore options for resolving this issue. As a gating issue, Plaintiff must identify the specific subject matter it is seeking discovery on and explain the relevance of those documents to Plaintiff's claims. Your request for "all communications with the DOJ related to its investigation from the files of iRhythm, Quinn Emanuel, or any other third party under iRhythm's control" is facially overbroad and does not identify any specific subject matter or how those documents are relevant here. After Plaintiff provides the requested information, we're happy to confer.

Note further that Plaintiff's vague reference to Defendants' class certification opposition does not suffice. As a threshold matter, Plaintiff *chose* to raise this issue more than 5 months late and *after* class certification briefing was fully submitted. It cannot now point to closed briefing to attempt to justify belated discovery. Further, Plaintiff already has the DOJ subpoena and—contrary to Plaintiff's assertion and misleading citation—Defendants did not make any representation about that subpoena in their opposition to class certification.

Finally, if Plaintiff files a motion notwithstanding Defendants' offer to consider the issue further, we will of course address it with the Court with a timely addition to your joint letter, or—if necessary—file separately to address Plaintiff's unilateral motion.

Thanks

**Brenna Nelinson**

Quinn Emanuel Urquhart & Sullivan, LLP

---

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Tuesday, March 3, 2026 10:11 PM
**To:** Brenna Nelinson <brennanelinson@quinnemanuel.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Nathan Morgan <nathanmorgan@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund <caramund@quinnemanuel.com>; Emily Erickson <emilyerickson@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta <Abygail.Kritta@blbglaw.com>
**Subject:** Re: Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

---

Brenna, we disagree with your assertions, and we believe that over two weeks is more than adequate time for Defendants to arrive at a conclusion regarding your position as to a single document and a single category of discovery. Moreover, Defendants' absolutist position during our meet and confer does not give us any hope that you are willing to compromise in a manner that would enable the parties to resolve this informally.

Assuming that Defendants do not meaningfully alter their position when you provide it by the end of this week, please confirm that you will provide your portion of a joint statement next Wednesday if we get you our portion on Monday (to be filed on Thursday).   Otherwise, we can only assume that Defendants are delaying providing their position in hopes of delaying Court review.

Best,
Katie

---

**From:** Brenna Nelinson <brennanelinson@quinnemanuel.com>
**Sent:** Tuesday, March 3, 2026 9:44:01 PM
**To:** Katie M. Sinderson <KatieM@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Nathan Morgan <nathanmorgan@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund <caramund@quinnemanuel.com>; Emily Erickson <emilyerickson@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta <Abygail.Kritta@blbglaw.com>
**Subject:** RE: Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

---

Thanks, Katie.  Plaintiff's email misstates the parties' conferral.  We did not agree to Plaintiff's arbitrary and inadequate two-day deadline.  As you can appreciate, our client also needs time to consider these issues.

We believe the Court would appreciate the Parties working in good faith to narrow the dispute, and we are trying to achieve that despite this purported emergency that is entirely of Plaintiff's own making.  Indeed, your representation that this issue is suddenly urgent given "upcoming depositions" (that begin on March 26) is belied by Plaintiff's decision not to raise it for the last five months.

We will complete our clawback review as planned and are aiming to provide a further response by the end of the week.

Separately, please advise as to when you anticipate providing responses on the deficiencies in Plaintiff's privilege log that we discussed during last week's meet and confer.

Thanks

**Brenna Nelinson**

**From:** Katie M. Sinderson <KatieM@blbglaw.com>
**Sent:** Tuesday, March 3, 2026 7:40 PM
**To:** Brenna Nelinson <brennanelinson@quinnemanuel.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Nathan Morgan <nathanmorgan@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund <caramund@quinnemanuel.com>; Emily Erickson <emilyerickson@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta <Abygail.Kritta@blbglaw.com>
**Subject:** Re: Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

Brenna, we asked that you provide your suggestion last Wednesday, a request that you seemed amenable to during our call. We did not hear from you.  If you have suggestions to provide tomorrow, we are open to hearing them. Otherwise, we view the parties as at an impasse.

Please also provide your "follow up" regarding the clawback issue the parties discussed over a week ago—during which call we asked for any changes to your position by the next day, at which point we did not hear from you.

While we did not hear from you last week as discussed, we are open to hearing your proposals tomorrow.  We will not wait to get resolution from the Court indefinitely, particularly given the upcoming depositions.

We look forward to hearing from you.

Best,
Katie

**From:** Brenna Nelinson <brennanelinson@quinnemanuel.com>
**Sent:** Tuesday, March 3, 2026 7:32:05 PM
**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Nathan Morgan <nathanmorgan@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund <caramund@quinnemanuel.com>; Emily Erickson <emilyerickson@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta <Abygail.Kritta@blbglaw.com>
**Subject:** RE: Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

**[This message is from an external sender]**

Tom,

Thanks for your email.  The parties are not at an impasse.

As we have previously emphasized, communications with the DOJ are irrelevant to Plaintiff's case.  We suspect you know this given that you stopped pursuing this issue in September 2025 and have only now belatedly resurrected it in response to an inadvertently produced document.  Your response to that point—that Plaintiff has actually returned to this stale issue as a result of arguments made in Defendants' class certification opposition brief—is belied by the fact that Plaintiff waited until a month and a half after Defendants filed their brief, and after Plaintiff filed its reply, to raise this issue.

We are nonetheless considering whether there are alternate ways of getting you the information you seek about the DOJ investigation that do not involve searching our privileged files.  You'll recall that during our meet and confer on this issue, Katie suggested you would accept this information in another form and were open to suggestions.  Plaintiff has turned this issue into a persistent sideshow that now threatens to not only be a drain on Defendants but also on the Court.  As such, Defendants are eager to put this issue to bed once and for all.

6

Separately, we will be in touch this week regarding the clawback issues we have corresponded about, and suggest the parties meet and confer about all of these issues after you have that follow up.

Thanks
Brenna

**Brenna Nelinson**

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Tuesday, March 3, 2026 3:28 PM
**To:** Nathan Morgan <nathanmorgan@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund <caramund@quinnemanuel.com>; Emily Erickson <emilyerickson@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta <Abygail.Kritta@blbglaw.com>
**Subject:** RE: Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

Nathan,

As established during our meet and confer on these topics and Defendants' failure to follow up, we are at an impasse on the disputes as to (i) your refusal to produce iRhythm's communications with the DOJ and (ii) your improper clawback of iRhythm00322760. Accordingly, we intend to submit a joint discovery dispute letter to the Court requesting that it (i) compel Defendants to produce communications between iRhythm (or its counsel) and the DOJ from any custodial sources that iRhythm has control over (including Quinn's files), and (ii) revert Defendants' clawback of iRhythm00322760.

We intend to send you a draft with our portion by end-of-day Thursday, March 5. Please confirm that you will send the joint statement back with your position filled in by Noon EST Tuesday, March 10. We will file the joint statement by end-of-day Wednesday, March 11.

Best,
Tom

**From:** Nathan Morgan <nathanmorgan@quinnemanuel.com>
**Sent:** Monday, February 23, 2026 2:50 PM
**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund <caramund@quinnemanuel.com>; Emily Erickson <emilyerickson@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta <Abygail.Kritta@blbglaw.com>
**Subject:** RE: Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

Tom,

Plaintiff's attempt to capitalize on the inadvertent production of an irrelevant and facially privileged document is disappointing.

iRhythm00322760 is a privileged communication between iRhythm and its counsel made during the course of counsel's representation of iRhythm and for the purpose of rendering legal advice. *See, e.g.*, *Goldberg v. Ruano*, 2024 WL 4406805, at *4 (C.D. Cal. Mar. 25, 2024) (information conveyed "to inform the client of the nature or amount of work occurring in connection with a pending legal issue – [] lies in the heartland of the attorney-client privilege."). And because the last email in the chain is

7

privileged, the **entire** document is privileged. *See Dawe v. Corr. USA,* 263 F.R.D. 613, 621 (E.D. Cal. 2009) ("the current weight of authority favors examination of the most recent communication as the means for characterizing the entire e-mail string."); *Cont'l Cas. Co. v. St. Paul Surplus Lines Ins. Co.,* 265 F.R.D. 510, 517 (E.D. Cal. 2010) ("whether the text repeated in an email string remains privileged is determined by analysis of the most recent email"); *Muro v. Target Corp.*, 250 F.R.D. 350, 363 (N.D. Ill. 2007), aff'd, 580 F.3d 485 (7th Cir. 2009) ("even though one e-mail is not privileged, a second e-mail which forwards that prior e-mail to counsel might be privileged in its entirety. In this respect, the forwarded material is similar to prior conversations or documents that are quoted verbatim in a letter to a party's attorney."). Plaintiff's citation to *U.S. v. City of Hesperia*, 2021 WL 5034381, at *6 (C.D. Cal. 2021) is inapposite, as that case addressed whether **attachments** to privileged emails are independently privileged, not whether, as here, the communication itself is privileged.

That is because—as you know—it is uncontroversial that the transfer of information between lawyer and client is protected from disclosure, especially communications between a corporation and outside counsel. *See, e.g., Chrimar Sys. Inc v. Cisco Sys. Inc*, 2016 WL 1595785, at *3 (N.D. Cal. Apr. 21, 2016) ("communications between a corporation and its outside counsel are presumed to be made for the purpose of seeking legal advice."); *Rodriguez v. Seabreeze Jetlev LLC*, 620 F. Supp. 3d 1009, 1018 (N.D. Cal. 2022) ("correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege.") (citing *Clarke v. Am. Com. Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)); *Miniex v. Houston Hous. Auth.*, 2019 WL 2524918, at *6 (S.D. Tex. Mar. 1, 2019) (documents that "transmit information for the purposes of obtaining legal advice" will "easily satisfy the elements of the attorney-client privilege."). Even the topic and existence of a communication is privileged information. *See Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981) ("the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."); *Muro*, 250 F.R.D. at 363 (noting that a party can "legitimately withhold an entire e-mail forwarding prior materials to counsel" and that "[i]f the opposing party can ...discover the topic or contents of material forwarded to counsel, then a privileged communication has been revealed to that party."). Plaintiff has no legitimate basis to dispute that an email concerning communications in a matter for which Quinn was representing iRhythm was made for the purpose of rendering legal advice.

Despite that this document is facially privileged, you nonetheless attempt to use it to resurrect Plaintiff's stale request— abandoned months ago—that Defendants produce correspondence with the DOJ concerning the subpoena. As **Plaintiff** represented in the Parties' Second Joint Case Management Statement*, submitted to the Court over five months ago*, "the Standing Order governing Contents of Joint Case Management Statement for the Northern District of California requires that such statements include 'any identified discovery disputes.'" ECF No. 103 at 2. And Plaintiff's position on **September 10, 2025** was clear: "Defendants should produce to Plaintiff the documents produced to the DOJ and any corresponding transcripts, notes, or presentations concerning the DOJ's subpoena." *Id*. Plaintiff made **no mention** of "iRhythm's communications with the DOJ" to Defendants or the Court, including in the parties' later discussions regarding Plaintiff's improper request for clone discovery. *See Uschold v. Carriage Servs., Inc.*, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019 ("'[D]iscovery on discovery' is disfavored and, to be both relevant and proportional to the needs of the case, a party seeking it 'must show a specific deficiency in the other party's production.'"). That you now try to frame your revival of a previously-abandoned issue as "follow up" does not cure your failure to pursue it months ago.

During our meet and confer, please be prepared to discuss, at minimum, the relevance of this baseless request and the basis on which you believe it is appropriate to now request that iRhythm's present litigation counsel search its emails for communications with the DOJ when Plaintiff failed to raise it as an "identified discovery dispute" to both Defendants and the Court for the past five months.

Best,
Nathan

**Nathan Morgan**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

---

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Thursday, February 19, 2026 2:20 PM
**To:** Nathan Morgan <nathanmorgan@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund

<caramund@quinnemanuel.com>; Emily Erickson <emilyerickson@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta <Abygail.Kritta@blbglaw.com>
**Subject:** RE: Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

---

Nathan,

The document we identified is not privileged, as it contains only communications between adverse parties (iRhythm and the DOJ) and an email forward "that contained no attorney impressions or strategy, but merely transmitted [the DOJ communications] without any substantive comment." *See Muhler Company, Inc. v. State Farm Fire & Casualty Co.*, 2019 WL 2419016, at *6 (D.S.C. June 10, 2019); *Devries v. Advanced Am. Constr., Inc.*, 2014 WL 13145285, at *4 (D. Or. Sept. 1, 2014) ("transmittal emails ... devoid of any mental impressions or opinions" are not protected); *Lee on behalf of Symantec Corp. v. Clark*, 2019 WL 13412548, at *1 (N.D. Cal. July 3, 2019) (law firm transmittal of SEC comments to client not privileged). Counsel has already redacted the content of the communication between iRhythm's in-house counsel and Defendant Blackford, which Defendants claim was a provision of legal advice: the rest of the document was properly produced. *See U.S. v. City of Hesperia*, 2021 WL 5034381, at *6 (C.D. Cal. 2021) ("[A]s for emails forwarding or discussing privileged attorney-client communications, ***defendants must produce those emails with only the privileged portions redacted*** . . . Similarly, ***attachments to privileged emails are not themselves privileged simply by association***. Defendants must produce those attachments unless they claim they are privileged in their own right").

Nonetheless, while Defendants consider their privilege claim, we have sequestered iRhythm00322760 in accordance with Federal Rule 26(b)(5)(B). Please be prepared to discuss Defendants' claim on Monday's call at 3:30.

With respect to the DOJ correspondence, we disagree with each of your assertions. We are confused by your assertion that "document discovery is over"—nearly four months remain for fact discovery in this case. Plaintiff is not foreclosed from making follow-up requests for documents missing from Defendants' production or from even serving new document requests. And the issue of iRhythm's ***communications*** with the DOJ was never "put to bed." As we explained in our email, our agreement was limited to holding in abeyance our request for documents ***produced*** to the DOJ, while reserving all rights.

Defendants are also wrong about the relevance of the communications between the DOJ and iRhythm. Your arguments about the broad scope of the subpoena itself prove Plaintiff's point: to the extent subsequent negotiations between iRhythm and the DOJ reveal the intended focus of the DOJ's investigation (such as the transmission limit and lag time issues), only iRhythm's communications with the DOJ after the subpoena can demonstrate that.

As we explained in our email, and as you appear to concede in yours, Quinn's communications on iRhythm's behalf with the DOJ are within iRhythm's control. That "iRhythm's present litigation counsel" is also the party that appears to have exclusively communicated with the DOJ on iRhythm's behalf makes this abundantly clear.

Finally, your inappropriate and unprofessional accusation that Plaintiff is pursuing a "conspiracy theory" that the DOJ investigation focused on matters related to this Action is not well taken. The fact that Quinn Emanuel itself labeled the document discussed above on iRhythm's privilege log—which simply forwards DOJ correspondence related to its investigation—as relevant to "litigation regarding the FDA Warning Letter" undermines your criticism. You and your client clearly view the DOJ investigation as related to the Warning Letter (a critical event in this Action), not to any other amorphous topic. Plaintiff is entitled to test counsel's claims through discovery—and simply re-producing correspondence with the DOJ (which is presumably either filed or is easy to identify) is a basic and low-resource step toward doing so.

Please be prepared to discuss, at minimum, the basis for your clawback of iRhythm00322760 on Monday's 3:30 call. We are available to also discuss the DOJ correspondence point during that call and can extend the calendar invitation to 4:30, which should be plenty of time.

Best,
Tom

---

**From:** Nathan Morgan <nathanmorgan@quinnemanuel.com>
**Sent:** Wednesday, February 18, 2026 9:36 PM

**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund <caramund@quinnemanuel.com>; Emily Erickson <emilyerickson@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta <Abygail.Kritta@blbglaw.com>
**Subject:** RE: Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

---

Tom:

iRhythm00322760 is a privileged document that was produced inadvertently, and we are hereby clawing back that document in its entirety pursuant to Section X of the ESI Protocol and Section 11 of the Stipulated Protective Order.  Please immediately sequester the document from your database and destroy all copies of it that may be in your possession.  *See* Fed. R. Civ. P.  26(b)(5)(B); *U.S. ex rel. Bagley v. TRW, Inc*., 204 F.R.D. 170, 182 (C.D. Cal. 2001) (requiring return of inadvertently produced material and noting that "a party to whom privileged documents are produced inadvertently... has no inherent 'fairness' interest in keeping them").  The document is privileged on its face:  Quinn Emanuel forwarded their communications with the DOJ to in-house counsel at iRhythm at a time when Quinn Emanuel was actively working with its client to respond to the DOJ subpoena.

Setting aside the privileged nature of the document, as we made abundantly clear **months ago** when negotiating iRhythm's responses to Plaintiff's requests for production of documents, iRhythm will not produce communications between its lawyers and the DOJ.  The inadvertent production of a facially privileged document does not change that, and we reject Plaintiff's attempt to mitigate its failure to pursue this issue when it arose several months ago by capitalizing on an inadvertent production.  Document discovery is over.  It is disappointing that having received 35,000 documents and on the cusp of depositions, Plaintiff seeks to relitigate an issue that has long been put to bed.

As we repeatedly informed you during the parties' prior negotiations, the documents produced to DOJ in response to the subpoena and the related communications are not relevant to the issues in this litigation and Plaintiff is not entitled to their production.  The DOJ subpoena is broad, both as to the relevant time period (going back to 2015) and because it included 32 requests, many of which are completely unrelated to Plaintiff's allegations in this case (e.g., documents related to cybersecurity testing and documents concerning the Abrader Disc, a device intended to prep the skin before applying the patch).  Plaintiff knows this **because Plaintiff has the subpoena**.   iRhythm00322760 itself confirms the breadth of the subpoena, making clear that the DOJ sought "all documents and communications regarding Zio AT, Zio XT, and Zeus."  These differences in content and scope are among the reasons why Defendants never agreed to produce the related communications.  After discussing these points at length, Plaintiff dropped the issue, only to bring it up again now in response to a single document that was inadvertently produced.  But nothing has changed.

Note further that your current request that iRhythm's **present litigation counsel** search its emails for communications with the DOJ goes far beyond the scope of what is appropriate, especially since your only justification is your illusory need to understand the scope of the subpoena.  We have discussed the scope of the subpoena numerous times, including repeated representations that it did not have a particular focus, but instead broadly sought documents responsive to all 32 requests.  Plaintiff's refusal to believe our representations is not grounds for demanding access to Quinn's emails to try and prove your misguided conspiracy theories.  Similarly unavailing is your assertion that communications between iRhythm's counsel and DOJ could somehow shed light into subpoenas issued to **other** companies.  If Plaintiff is interested in that information, Plaintiff should subpoena those companies.  Suggesting an intrusive search into counsel's emails is an indefensible and inappropriate solution.

We are available to discuss.

Thanks

**Nathan Morgan**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
700 Louisiana St., Suite 3900
Houston, TX 77002

713-221-7029,Direct
713-221-7000 Main Office Number
713-221-7100 Fax
nathanmorgan@quinnemanuel.com
www.quinnemanuel.com

---

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Tuesday, February 17, 2026 7:11 PM
**To:** Brenna Nelinson <brennanelinson@quinnemanuel.com>; Christopher Porter <chrisporter@quinnemanuel.com>; Kristin Tahler <kristintahler@quinnemanuel.com>; Jesse Bernstein <jessebernstein@quinnemanuel.com>; Amy Shehan <amyshehan@quinnemanuel.com>; Cara Mund <caramund@quinnemanuel.com>; Nathan Morgan <nathanmorgan@quinnemanuel.com>; Emily Erickson <emilyerickson@quinnemanuel.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Katie M. Sinderson <KatieM@blbglaw.com>; Alec Coquin <Alec.Coquin@blbglaw.com>; Abby Kritta <Abygail.Kritta@blbglaw.com>
**Subject:** Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc. - DOJ Communications

---

Counsel,

We write to reiterate our request for Defendants to produce any communications between iRhythm (or its agents) and the Department of Justice with regard to iRhythm's response to and production of documents pursuant to the April 4, 2023 subpoena. We note that Plaintiff's agreement to hold in abeyance its request for the reproduction of the documents produced to the DOJ did not resolve Plaintiff's request for the production of communications with the DOJ.

Upon review of Defendants' productions, we have identified an email chain forwarded to Defendant Blackford between Quinn Emanuel and the DOJ concerning iRhythm's months-long negotiations with the DOJ about its document production in its criminal investigation. *See* iRhythm00322760. We have not identified any other correspondence with the DOJ.  Please promptly confirm whether you have searched Quinn's files for any additional relevant, non-privileged communications with third parties (including the DOJ).  Such documents are clearly within iRhythm's control, not privileged, and should be produced promptly.

The scope of the DOJ's criminal investigation—which the correspondence with the DOJ could help clarify—is highly relevant to this litigation. For example, Defendants highlighted analyst reactions to the May 4, 2023 disclosure that the April 2023 subpoena was not narrowly tailored to issues with the Zio AT, but was an industry-wide inquiry. ECF No. 120 at 6. And Defendants argued that the DOJ subpoena did not implicate the "lag time" issue. *Id*. at 18. iRhythm's communications with the DOJ concerning the subpoena are likely to confirm whether such subpoena was in fact targeted to iRhythm (which is consistent with the subpoena itself and document discovery to-date), as well as, inter alia, whether the "lag time" was a subject of the DOJ's inquiry.

Please confirm by this Friday whether you will produce all communications with the DOJ related to its investigation from the files of iRhythm, Quinn Emanuel, or any other third party under iRhythm's control.

Best,
Tom

Tom Sperber
BLB&G
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 554-1939